UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH W. ALLEN,

    Plaintiff,

v.                                      Case No. 4:22-cv-148-WS/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

**ORDER**

This matter is before this court on Plaintiff's first amended complaint. Doc. 6. Because Plaintiff's first amended complaint suffers from several defects, this court will strike the complaint and provide Plaintiff with one opportunity to supplement and clarify his allegations in a second amended complaint.

**I. BACKGROUND**

On May 4, 2022, Plaintiff, an inmate proceeding *pro se*, filed a first amended complaint. Doc. 6. Although unclear, it appears that he is suing eight defendants. *Id.* at 2-3. Plaintiff apparently asserts claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and several sections of article I of the Florida State Constitution. *Id.* at 9. As relief, Plaintiff requests

$100,000 and "to have Exrays/MRI, at Cat Scan or/and EEG of his brain and head." *Id.* (errors in original).

## II. STANDARD

Plaintiff is a prisoner, so the court must review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (same standard for *in forma pauperis* proceedings). Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) govern whether a complaint states a claim upon which relief can be granted. *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2019).

For a claim to survive dismissal, the "complaint must contain sufficient factual matter, accepted as true," to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Allegations that merely suggest the possibility that the defendant unlawfully are insufficient; the allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (reiterating that Federal Rule of Civil

Procedure 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Doe v. Samford Univ.*, 29 F.4th 675, 685-86 (11th Cir. 2022) (quotation omitted).

A court also should dismiss a complaint for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. DISCUSSION

Plaintiff's first amended complaint suffers from several defects, **only some of which are discussed below**.

**A.     Plaintiff's Complaint Violates the Federal Rules of Civil Procedure**

A civil complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2). The complaint also must contain "**numbered paragraphs, each limited as far as practicable to a single set of circumstances**." Fed. R. Civ. P. 10(b) (emphasis added). To promote clarity, "**each claim founded on a separate transaction or occurrence** . . . **must be stated in a separate count**." *Id.* (emphasis

added); *see Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("[S]eparate, discrete causes of action should be plead in separate counts.").

A so-called "shotgun pleading" is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleading **fails to separate into a different count each cause of action or claim for relief**. *Id.* at 1325 (citing *Weiland*, 792 F.3d at 1323). Another type "**assert[s] multiple claims against multiple defendants without specifying which of the defendants . . . the claim is brought against**." *Id.* (emphasis added) (citing *Weiland*, 792 F.3d at 1323).

Under the "Statement of Claims" section, Plaintiff simply lists federal and state constitutional provisions that Defendants presumably violated. Doc. 6 at 9. In doing so, Plaintiff fails (1) to separate each claim and (2) to identify against which defendant each claim is asserted. Additionally, Plaintiff fails to set forth his factual allegations in numbered paragraphs, each limited as far as practicable to a single set of circumstances. He instead uses one paragraph that spans four pages. *Id.* at 5-8. Thus, Plaintiff's first amended complaint is a shotgun pleading that violates Federal Rules of Civil Procedure 8(a)(2) and 10(b).[1]

---

[1] By failing to limit his paragraphs to a single set of circumstances, Plaintiff also violates the Local Rules of the United States District Court for the Northern District

If he elects to file a second amended complaint, Plaintiff must correct the deficiencies identified above. For example, if Plaintiff chooses to assert an equal-protection claim under the Fourteenth Amendment, he should use the following heading: "**Count One: Equal-Protection Claim Under the Fourteenth Amendment Against [list here the relevant defendants]**." Below that heading, Plaintiff then should list, in numbered paragraphs, all of the facts that are relevant to this claim, **and only those facts that are relevant to this claim**. He should do **this for each particular claim that he seeks to raise in this lawsuit**. Plaintiff should not **combine multiple claims under one heading**.

B.    **Plaintiff Fails to Allege Plausible Claims**

Plaintiff apparently asserts claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and several sections of article I of the Florida State Constitution. Doc. 6 at 9. The Amendments to the United States Constitution enumerate a broad spectrum of rights and give rise to separate and distinct claims. For example, the Fifth Amendment acknowledges the right to be charged with a serious crime only by indictment, the right to be free of double jeopardy, and the right against self-incrimination, among other rights. U.S. Const.

---

of Florida. As a *pro se* prisoner-plaintiff in a civil-rights case, Plaintiff is required to use the court-approved form. N.D. Fla. Loc. R. 5.7(A). The court-approved form requires that a plaintiff provide, among other things, "**a short and plain statement of the facts**" in "**short numbered paragraphs, limited as far as practicable to a single event or incident**," that show why he is entitled to relief.

amend. V. Likewise, the Eighth Amendment recognizes three distinct claims: "[p]risoners can challenge their conditions of confinement, the excessive use of force against them, and the deliberate indifference to their serious medical needs." *DeJesus v. Lewis*, 14 F.4th 1182, 1195 (11th Cir. 2021) (citing *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010)).

This court cannot determine from Plaintiff's first amended complaint which rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as which rights under the Florida State Constitution, Plaintiff is attempting to allege that Defendants violated. Instead, this court is forced to guess at the nature of Plaintiff's claims. Courts—not to mention defendants—should not have to make guesses of this nature. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("The trial and appellate courts should not have to guess at the nature of the claim asserted.").

If he elects to file a second amended complaint, Plaintiff **must specify the specific constitutional right—federal or state—that he believes Defendants violated**. For example, if he is asserting that Defendants violated his Fifth-Amendment right to be free of double jeopardy, he should state that plainly.

### IV. VOLUNTARY DISMISSAL OR AN AMENDED COMPLAINT

Plaintiff should carefully consider the defects in his first amended complaint. He also should weigh the likelihood of success and the consequences of not being a prevailing party.

The prevailing party in this action will be entitled to recover costs. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.[2] **If Defendants prevail in this action, for example, each defendant is entitled to recover from Plaintiff the costs of defending this lawsuit**. **A court can award costs to defendants even if a plaintiff is proceeding *pro se* or has no money**. *Smith v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 944, 953-54 (11th Cir. 2017) (affirming award of $5,371.13 in costs against indigent *pro se* plaintiff who did not prevail after a trial); *Smith v. Sec'y, Fla. Dep't of Corr.*, 598 F. App'x 738 (11th Cir. 2015) (affirming an award of $671.67 in costs against an indigent *pro se* plaintiff after corrections officer prevailed on summary judgment). It is important that litigants assess their likelihood of success and the consequences of a loss.

In light of the obvious defects in his first amended complaint, Plaintiff must ask himself: "Can I allege sufficient facts in an amended complaint to state a cause of action under the relevant law?" If Plaintiff does not have a good-faith belief that he can state a facially plausible claim, **he should file a notice of voluntary dismissal**.

---

[2] The costs that a court may award under Rule 54 are limited to those specified in 28 U.S.C. § 1920: costs for clerk and marshal fees; transcript fees; witness and copying fees; docket fees; and compensation for court-appointed experts and interpreters.

On the other hand, if Plaintiff chooses to proceed with this action, he must:

1. completely fill out a new civil-rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983;

2. mark the complaint as his "**Second Amended Complaint**";

3. address and remedy the defects identified above;

4. clearly identify each defendant he is suing by placing each defendant's name in the style of the case on the first page of the complaint form and listing each defendant's relevant information in the "Parties to this Complaint" section;

5. in the "Statement of Facts" section, clearly describe how each named defendant was involved in the alleged violation;

6. use **separately-numbered paragraphs** to set forth allegations as to each defendant named in the second amended complaint;

7. use headings to separate multiple claims (for example: "<u>**Count One: Equal-Protection Claim Under the Fourteenth Amendment Against [list here the relevant defendants]**</u>.)";

8. include specific dates and times of each defendant's alleged acts, if known;

9. delete or drop a defendant from his second amended complaint if Plaintiff cannot state exactly how that particular defendant harmed him;

10. in the section entitled "Statement of Claims," state what rights under the Constitution, laws of the United States, or laws of Florida have been violated, and provide support in the statement of facts for the claimed violations;

11. **type or clearly write** the text of the second amended complaint, as this court cannot consider allegations that the court cannot read; and

12. include in the demand for relief only what is permitted under the relevant law.

Plaintiff also is advised that the second amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended pleading are deemed to have been abandoned. N.D. Fla. Loc. R. 15.1; *see Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

## V. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. The clerk of the court shall strike Plaintiff's first amended complaint. Doc. 6.

2. **On or before September 8, 2022**, Plaintiff shall:

   a. file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i); **or**

    b. file an amended complaint in compliance with this order, which shall be **typed or clearly written** and marked as Plaintiff's "**Second Amended Complaint**."

  3. Failure to comply with the directions set forth above likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and failure to state a plausible claim for relief.

  **SO ORDERED** this <u>9th</u> day of August, 2022.

            /s/ *Michael J. Frank*
            **Michael J. Frank**
            **United States Magistrate Judge**