# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

"_Fifth Amendment._"

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## ~~28 U.S.C. § 1331 or § 1346 or~~ 42 U.S.C. § 1983

LEGAL MAIL
Provided to
Wakulla CI

DEC 28 2022

FOR MAILING    J.W.A.

_Joseph Wayne Allen_ ,

Inmate ID Number: _X35926_ ,

(_Write your full name and inmate ID number._)

**Case No.:** _4:22-cv-148-WS/MJF_
(_To be filled in by the Clerk's Office_)

v.

\*1) _Florida Department Of Corrections,_
_Secretary, Mr. Ricky Dixon; Two Unknown_
_Transportation Officers; Ofc. Mr. Jordan_;

_Centurion Medical Provider Of Florida_;

_APRN Ms. Williams et al._; ,

**Jury Trial Requested?**
☑ YES  ☐ NO

(_Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here._)

_____/

\*1) _Original Filing Listed Sec. Of F.D.O.C. As Mr. Mark Inch, Now This Is Mr. Ricky Dixon._

NDFL Pro Se 14 (Revised June 2022) Civil Rights Complaint Prisoner
Clerk-Admin/Official/Forms

FILED USDC
JAN 4 '23 AM 9:42

1

# I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: Joseph Wayne Allen                ID Number: X35926

List all other names by which you have been known: A.K.A. Cowboy.

_____

Current Institution: Wakulla Correctional Institution

Address: 110 Melaluece Drive

Crawfordville, Florida, 32327-4963

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: Mr. Ricky Dixon

   Official Position: Secretary Of Florida Department Of Corrections

   Employed at: Fla. Dept. Of Corr., Main Office

   *2) Or  Mailing Address: 501 South Calhoun Street

   Tallahassee, Florida, 32399

   ☑ Sued in Individual Capacity, And,    ☑ Sued in Official Capacity

   *2) E-File To: Office Of General Counsel D.O.C.:
   courtfilings@fdc.myflorida.com

2. Defendant's Name: _Two Unknown Transportation Officer's Working On, 11/16/2021 Both Men 6 Ft. Tall Or Better, One White Ofc. Between 45-55 Years Old. The Bus Driver Was A Black Man Between_

Official Position: _55-65 Years Old, Both Men Were Over 250 Lbs., Transportation Ofc's Who Worked For A-C-I., On 11/16/2021, And, Delivered 42 Inmates From Blackwater River To Apalachee C.I._

Employed at: _Apalachee Correctional Institution_

Mailing Address: _35 Apalachee Drive_

_Sneads, Florida, 32460_

_Both Officers,_   _Inmate Could Not Read Their Name Tag._   ☑ Sued in Individual Capacity      ☐ Sued in Official Capacity

3. Defendant's Name: _Officer Mr. Jordon_

Official Position: _Transportation Officer For F.D.O.C. On Feb. 22nd., 2022._

Employed at: _Apalachee Correctional Institution_

Mailing Address: _35 Apalachee Drive_

_Sneads, Florida, 32460_

☑ Sued in Individual Capacity      ☐ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*) _See Page 3 a._

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

4. Defendant's Name :  Centurion Medical Provider Of Florida Inc.,
   Official Position :  Medical Provider Of All Florida State Run, D.O.C. Prisons.
   Employed  At :  Apalachee C.I., 35 Apalachee Drive, Sneads, Florida, 32460
   Mailing Address : Home Address; 3200 S.W. 34th, Ave.,
                     Ocala, Florida, 34474

   [  ]  Sued In Individual Capacity        [✓]  Sued In Official Capacity

5. Defendant's Name :  Ms. Williams
   Official Position :  Nurse Practitioner, (ARPN)
   Employed  At : Apalachee C.I., For Centurion Medical Prov. Of Florida Inc.,
   Mailing Address : 35 Apalachee Drive
                     Sneads, Florida, 32460

   [✓]  Sued In Individual Capacity        [  ]  Sued In Official Capacity

## Standard Of Review

Pro Se Litigant's Pleadings Are To Be Liberally Construed, And Held To Less Stringent Standard Than Those Of An Attorney Citing, Haines Vs. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972) ; Garron Vs. State, 528 So 2d 353 (Fla. 1988) And; Aron Vs. United States, 291 F.3d 708 (11th. Cir. 2002).

Pleadings Must Be Liberally Construed, Citing, Fernandez Vs. United States, 941 F.2d 1488 (11th. Cir. 1991); Courts Should Not Erect Unnecessary Boundaries Which Prisoners Will Have Difficulty Surrounding In Pleadings, Citing, Kilgo Vs. Ricks, 983 F.2d 189 (11th. Cir. 1993). And A Individual Has A Constitutional Right To Represent Himself, See, Faretta Vs. California, 422 U.S. 806, 95 S.Ct. 2525 (1975) Respectfully.

Where There Is Retaliation/Reprisal Exhaustion Not Necessary, Citing, O'Sullivan Vs. Boerckel, 119 S.Ct. 1728 (1999) ; Hollis Vs. Davis, 941 F.2d 1471 (11th. Cir. 1991) And Smith Vs. Jones, 256 F.3d 1135 (11th. Cir. 2001), Exhaustion Of Administrative Procedures Is Futile, Citing, McCarthy Vs. Madigan, 503 U.S. 140, 117 L.Ed. 2d 291, 112 S.Ct. 1081 (1992).

Respectfully  Submitted
This U.S.C. § 1983, 1-308 Without Prejudice

Executed This ___ Day Of December Month, 2022 Year Of Our Lord.

Joseph Wayne Allen, DC. # Y35924, Persona Non Grata
E I N # 404130027

3a

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee    ☐ Civilly Committed Detainee

☑ Convicted State Prisoner    ☐ Convicted Federal Prisoner

☐ Immigration Detainee    ☐ Other (*explain below*):

N/A

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

The Complaint Will Count As Part Of Your Page Limitation. Therefore, Do Not Attach Irrelevant Or Unnecessary Exhibits. Facts Not Related To This Same Incident Or Issue Must Be Addressed In A Seperate Civil Rights Complaint.

<u>Preliminary Statement</u> :

Herein Plaintiff/Inmate Will Be Referred To As (Allen), And All Other By First And Last Initials. eg. Ricky Dixon (RD) And The Two Unknown Named Transportation Officers As (Unknown). Officer Jordan As (OJ) And Centurion Medical Provider Of Florida Inc. As (Centurion) And APRN, Ms. Williams As (APRN.W) Respectfully. RD Will Be Held To "Respondeat Superior". Due To Wide Spread Known Unconstitutional Practices Exercised Daily By His Directions To Fla. D.O.C. Employees Under Color Of Federal And State Law.

## <u>Count One</u> :

> Allen Claims His 8th. Amendment Of The United States Of Cruel And Unusual Punishment Inflicted Upon Him With A Deliberate Indifference Criterion Upon Him By RD And Two Unknown Named Transportation Officers, Under The Color Of Law, Shackling Him With A Black Box Under Medical Care, And Denying His Restrictions By Making Him To Abandon His Legal Work Or Carry These Bags That Weighed 100's Of Pounds.

(1) On Nov. 16th., 2021 Allen Was Transported From Blackwater River Correctional And Rehabilitation Facility (BRCRF) Back In To Florida Dept. Of Corr. Custody Due To Allen Filing Abuse Alligations Against Two (2) Officers. Allen Was Transported To Apalachee Corr. Inst. By A.C.I. Transportation Officers Who's Identification Was Not Visible. This Transportation Has Been Repeatedly Done Several Times Without Incident, By Widely Known Practiced In Transporting Inmates To Make Them Carry Excessive Legal Documents Or Abandon Them. But Never Has Allen Been Denied For Other Inmates To Help Him, Load And Unload, Boxes Or Bags Of Access Legal Storage Until Nov. 16th. 2021. When Transport Officers Arrived Allen Showed Both Officers His Current Issued Medical Passes Listing His Restrictions Due To A Past Back Surgery And Claimed Current Back Problems And Right Knee Issue Along With Medical Restrictions Of : "<u>No Lifting, Pushing, Pulling Over 20 lbs</u>. Along With Other Restrictions. To Add Insult To Injury There Was An Inmate Who Worked For (BRCRF) Property Room Who Volunteered To Help Carry Some Of My Property, But These Ofc.'s Refused To Allow Me Help. This Clearly Constitutes Violations Outlined In The 8th. Amendment Of The United States Of Cruel And Unusual Punishment Inflicted Upon Inmate Allen And The Act Of Deliberate Indifference Claim, Citing, <u>Estelle Vs. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285 (1976) ; <u>Mandel Vs. Doe</u>, 888 F.2d 783 (11th. Cir. 1989) Also To See How Under Color Of Federal Law, See, Violations Outlined In Deliberate Indifference To My Serious Medical Needs, <u>DeJesus Vs. Lewis</u>, 14 F. 4th. 1182, 1195 (11th. Cir. 2021) Also See ;

(2) <u>Thomas Vs. Bryant</u>, 614 F.3d 1288, 1303-04 (11th. Cir. 2010) This Does Constitute A 8th. Amendment Claim When Claim Of Deliberate Indifference To A Serious Medical Need Allen Claims : 1) He Had A Serious Medical Need And (He Told Ofc.'s Of His Back Injury). 2) That Allen Suffered From Severe Pain, And Allen Showed Ofc.'s His Medical Passes. And, 3) Causation Between The Defendant's (Allen's) Indifference And My Injury. ( Due To Me Being Made To Carry Over Hundreds Of Pounds Of Legal Documents While Shackled) I Fell Backwards Off Of The Bus And Re-Injured My Back More Severely. These Officers Committed Act's Equivalent Of Recklessly Disregarding A Substantial Risk Of A Serious Harm To Another Individual Whom Was Under Your Care And Custody See, <u>Cottrell Vs. Caldwell</u>, 85 F. 3d 1480, 1491 (11th. Cir. 1996) And <u>Rules Of Conduct</u> F.A.C. 33-208.002, Sub. Sec. (3)(a), (8) , (24) These Are Your Rules That Govern Your Conduct On And Off Duty, Sub. Sec. I.d (8) Coincides With The U.S. 8th. Amendment And Allen Claims All Of His Complaint Falls Under Procedural Law With The Substantive Law Element Of Right, Moral e Conduct, And All Based Upon Fundamental Law. Allen Claims This Count One Consist See (Appendix A - M)

Of, Occurrence, Or Series Of Transactions Or Occurences That RD, And Unknown Officers Are Interlinked By <u>Supervisors' Liability</u>, And/Or Known As "<u>Respondeat Superior</u>" When One Or More Of The Following Conditions Are Found To Exist. <u>1. First</u>, If They Actually Participated In The Act Or Omission, <u>"Or That Person Had Actual Knowledge Of The Situation Which Gave Rise To And Constitutes The Violation And Failed To Take Preventative Or Corrective Action."</u> (This Last Half And Sec. 2. Allen Claims).

<u>2". The Supervisor Or Superior Can Also Be Held Accountable For The Acts Or Omissions Of The Perpetrator If That Supervisor Had Constructive Knowledge Of The Conduct Forming The Basis Of The Violation."</u> (Yes RD Is Guilty Of Both Of These). He Was Guilty Of Knowledge And Consent. See <u>Fed. R. Civ. Proc. 20 (a) (2) (A)</u>.

(3) On Nov. 16th. 2021 Inmate Allen Stressed To The Two Unknown Transport Ofc.'s The Importance Of His Medical Condition To Warrant "<u>No Lifting, Pulling Or Pushing Over 20 lbs.</u>," And Also To Have No Prolong Standing Over 20 Min., And No Rest Bending, Lower Bunk". These Officers Laughed At Allen And Ridiculed Me And Called Me Many Abusive Names And Repeatedly Told Me To Abandon My Legal Documents. (You Will Learn To Travel Light, Next Time We Will Make Sure Of It). See, <u>Richardson Vs. Johnson</u>, 598 F. 3d 734, 738 (11th. Cir. 2010) & <u>Bowen Vs. Superintendent Of Miami S. Beach Police Dept.</u>, 557, 862 (11th. Cir. 2014) Allen Did Provide This When He Showed The Transport Officers His Passes' And Restrictions The Black Bus Driver Said To The Big White Ofc., "This Inmate Has Passes That Say He Cannot Lift Over 20 lbs. And No Rest Bending And Stooping, Like We Give A Shit," And They Laughed. *

(4) While Allen Was Struggling, These Officers Said, "We Don't Give A Shit About Your Medical Passes Nor Your Medical Condition, If Your Taking Your Legal Work, <u>HURRY UP</u>"! " You Either Hury Up Boy And Carry Those Documents Or Abandon Them." I Was Rushing, Sweating And Straining And Breathing Hard. There Were Other Inmates Offering To Help But They Said, "<u>NO</u>"" It's His Property, He Carries It. When Allen Attempted To Climb The Makeshift Steps I Was Already Exhausted, I Almost Made It To The Top Step, But I Lost My Balance And The Restricted Movement Of The Shackled Black Box Stopped Me From Grabbing The Rail To Stop From Falling Backwards. See Security Video From <u>(BRCRF)</u> Preserved, Allen Is Requesting From A.C.I. The F.D.O.C. Employee Pictures[s] And Name[s] Of The Two Men, Transportation Officers, On <u>Nov. 16th, 2021</u> That Transported 42 Men From <u>(BRCRF) To A.C.I.</u>. Thank You. A Prison Official's Deliberate Indifference Claim To A Serious Medical Need Of A Prisoner Constitutes A Unnecessary And Wanton Infliction Of Pain Proscribed By The Eighth Amendment Citing, <u>Farrow Vs. West</u>, 320 F. 3d 1235, 1254 (11th. Cir. 2003) Id. Estelle.

(5) There Were Two Women Working At (BRCRF) From Classification Department Who Was Checking Us Inmate's Out Of Custody To Fla. Dept. Of Corr. Whom Seen The Whole Incident Of Me Falling Backwards Off Of The Bus Who Radioed For Medical Nurse To Come And Make Sure That I Was Okay, But The Nurse And The White Male Ofc. Were To Busy Laughing At Me Or Something Else And I Was Embarrassed So I Refused Medical Treatment But 30 Minute Later I Knew I Had Reinjured My Back, Head, Right Arm /Elbow And Right Leg/Knee. When I Arrived At A.C.I. The Director Of Nursing Sent Me To Medical For A Evaluation Concerning My Injury's.

<u>Where Fore In Count One</u> Allen Holds RD And Two Unknowned Named Transportation Officers Guilty Of Violating My 8th. Amendment Of The United States Constitution By Inflicting Cruel And Unusual Punishment With The Criterion Of Deliberate Indifference Under The Color Of Law And I Find All Three F.D.O.C. Employees Responsible For The Sum Of <u>$100,000.<sup>00</sup> For Compensatory And Punitive Damages,</u> For Pain And Suffering With No Counter Claim And Injunctive Relief From Transfer.

* Petitioner Seeks Full Name Of Both Transportation Officers Whom Drove And Delivered Us (40) Plus Inmates From Blackwater River Corr. Rehabilitation Facility To Apalachee C.I. On Nov. 16th. 2021.

See, (Appendix A - M)

## Count Two

> Allen Claims Herein, That His 5th. And 14th. Amendments Of The United States Constitution Clause Of Due Process Of The Law Rights Was Violated By Fla. Dept. Of Corr. RD And OJ. Transportation Ofc. At (A.C.I. When He Was Transferred On Feb. 22nd. 2022 Without His Stored Legal Documents And Treated With Malice Intent By Ofc. Jordan Under Color Of Law As Guaranteed In Our Constitution Within.

(6) Herein Count Two Allen's Claims Again, Supervisor's Liability, "Respondeat Superior" Responsibilities And Liability Under Color Of Law. And Again "Knowledge And Consent", By (RD) To And For (OJ) Treatment Of Allen. Multiple Defendants May Be Joined In The Same Action ONLY IF TWO Requirements Are Met. Citing, Vanover Vs. NCO Fin. Servs., 857 F. 3d 833, 839 (11th. Cir. 2017) First: "A Right To Relief Is Asserted Against The Defendants", Jointly, Severally, Or A Series Of Transactions Or Occurences. Fed. R. Civ. Proc. 20(a)(2)(A). Herein Allen Claims, "Or A Series Of Transactions Or Occurences." Yes Due To This Violation Of Reprisal/Retaliation Allen Was Transferred On Feb. 22nd. 2022 And (OJ) Was Used By F.D.O.C. To Fullfill This Transfer Without My Two (2) Legal Stored Boxes Of Legal Documents See Shipping Invoices Marked As (Appendix ~C-2~ 2Pgs). This Is In Direct Violation Of F.A.C. 33-103.017(1) And F.A.C. 33-208.002 (3)(c), (8), (24) Rules Of Conduct. Florida D.O.C. Is A Agency, And Agency Must Follow Its Own Rules Citing, White Vs. Moore, 789 So. 2d 1118-19 (Fla. 1st. D.C.A. 2001) & Payne Vs. Black, 714 F. 2d 1510-17 (11th. Cir. 1983), Reprisal/Retaliation Not Allowed Citing, Bridges Vs. Russell, 757 F. 2d 1155 (11th. Cir. 1985), Inmate Transfer Not Allowed Under 42 U.S.C. §1983, Adams Vs. Wainwright, 875 F. 2d 1537 (11th. Cir. 1989).

(7) Allen Claims (RD) And (OJ) Violated His Due Process Constitutions By Failing To Follow Florida Administrative Rules (F.A.C.) And The 5th. And 14th. Amendment OF The United States. The Responsibility Starts And Stops Within RD's Power To Give Instructions Pursuant To Due Process Of Law And Under Color Of Law, Thus RD Should Be Held Accountable. The 5th. And 14th. Amendment Due Process Clause Protects Against Deprivations Of, "Life, Liberty, Or Property, Without Due Process Of Law. J.R. Vs. Hansen, 803 F. 3d 1315, 1320 (11th. Cir. 2015) Herein Allen Claims Procedural Component And A Substantive Components, Both Are Being Relied On See, Hillcrest Prop., LLP Vs. Pasco Cnty., 915 F. 3d 1292, 1297 (11th. Cir. 2019), Maddox Vs. Stephens, 727 F. 3d 1109, 1118 (11th. Cir. 2013). The Procedural Component, "Guarantee[S] ... Fair Procedure." Id., J.R., 803 F. 3d at 1320 Also Quoting, Zinerman Vs. Burch, 494 U.S. 113, 125 (1990). And To Succeed On A Procedural Due-Process Claim, A Plaintiff Must Prove, "(1) A Deprivation OF A Constitutionally~Protected Liberty OR Property Interest; (2) State Action; And (3) Constitutionally~Inadequate Process." Citing, Catron Vs. City, OF St. Petersburg, 658 F. 3d 1260, 1266 (11th. Cir. 2011); Grayden Vs. Rhodes, 345 F. 3d 1225, 1232 (11th. Cir. 2003) And Id. J.R., 803 F. 3d at 1320. See (Appendix Id. C-2, 2Pgs). Shipping Invoice On Was Shiped On 8/17/22 (35) Lbs. The Second Box Shiping Invoice Received On 10/12/22, (50) Lbs. This Box Was 15 Lbs. Heavier Then The Other Box And Was Only Missing One Big Envelope Full Of Legal Documents. Allen Exhausted Administrative Procedures Begining On 2/23/2022 One Day After Arriving At Wakulla C.I., See Informal Marked As, (Appendix B- ) Which Clearly Shows These Due Process Violations, And Until After Allen Filed This 42 U.S.C. §1983 A.C.I. Kept On Denying Plausibility Of Even Having Allen's Legal Documents. Months Later, The First Box Showed Up Missing My Four Law Books And 4-5 Folders Of Legal Documents.

(8) Allen's Missing Law Books: (1) 2020 Blacks Law Dictionary 11th. Or 14th. Edition; (2) 2020 West Law Fla. Rules Of Court; (3) 2020 West Law Federal Rules Of Court; (4) 2020 Philip Padovano Fla, R. App. Proc. 2nd. Edition. These Books Allen Wants Replaced. On These Shiping Invoices It Shows From, (ACI) Property Room, To Wakulla C.I. Date Shiped And Weight Of Boxes And They Were Not Full Many Document's, Books, Missing. Herein In Count Two Allen Holds R.D. And O.J. Liable And Responsible For Failing To Apply Due Process Standards To Allens Property In The Unlawfull Transfer Of Him And Hold Them Liable For A Total Combined Of $25,000.00 For Cost Of Lost/Or Stolen Property.

See, (Appendix A-M)

<u>Claim Three</u>

9) Allen Claims In Count Three That The Secretary Of Dept. Of Corr., Ricky Dixon (RD) And Two (Un-Known) Named Transportation Officers And Transportation (Office Jordan) ALL Violated His <u>5th. And 14th. Amendment Of The United States</u>, Clause Of "<u>Equal Protection Of The Law</u>", As Guaranteed To All Under The <u>Color Of Law As Outlined Under Our United States Constitution</u> Herein.

(9) Multiple Defendants May Be Joined In The Same Action Only IF, Two Requirements Are Met. Citing, <u>Vanover Vs. NCO Fin. Servs.</u>, 857 F. 3d 833, 839 (11th. Cir. 2017). <u>First</u>: "A Right To Relief Is Asserted Against The Defendants, "<u>Jointly, Severally, Or In The Alternative With Respect To Or Arising Out Of The Same Transaction, Occurence, Or Series Of Transactions Or Occurences</u>". (Fed. R. Civ. Proc. 20(a)(2)(A)). <u>Second</u>: "There Is A, "Question Of Law Or Fact Common To All Defendants", In The Action. (Fed. R. Civ. Proc. 20(a)(2)(B)). Both, First, And Second, Are Applic-able To Allen's Claims. There Are A <u>Series Of Transactions Or Occurences</u>, And The Question Of Law[s], Proce-dural Laws, 5th. And 14th. Amend. Const. And Or <u>F.A.C. Chapter 33-103.017(1)</u> And <u>Id. 33-208.002, (3)(a), (8), (24)</u> All Of These Laws Were Violated.

(10) Question Can RD Be Held To The Same Standard As His Subordinates/Employees, Yes Allen Believes So Under, Supervisor Liability Or Better Known As "Respondeat Superior", When One Or More Of The Following Conditions Are Found To Exist: 1. First IF The Actually Participated In That Act Or Omission <u>OR</u> That Person Had Actual Knowledge Of The Situation Which Gave Rise To And Constitutes The Violation And Failed To Take Preventative Or Corrective Action."
   2. "The Supervisor Or Superior Can Also Be Held Accountable For The Acts Or Omissions Of The Perpetrator If The Supervisor Had Constructive Knowledge Of The Conduct Forming The Basis Of The Violation." <u>Allen Claims (RD) Had Constructive Knowledge And Consent</u>. The Reason Allen Claims This Is Due To The <u>Deliberate Malice Actions</u> By Five Seperate Employees. Allen Has Spent 19 Pluss Years Incarcer-ated And Never Been Consistently Treated Worse Than A Hated Animal By Fla. Dept. Of Corr. Employees, Not Counting Medical Staff. Allen, Prior To These Past Few Years Was Proud To Be A American. I Am Not Sure How I Fill, Now. I Am Stating (RD) Was Involved To The Point Of Consenting To This Malice Treatment, That Violates, "<u>Equal Protec-tion Of The Law</u>. The Fifth And Fourteenth Amendment Of Equal Protection, Analysis Is Identical, Citing, <u>Fraternal Order Of Police Vs. United States</u>, 152 F. 3d 998 (D.C. Cir. 1998) Herein Allen Claims He Was Not Suited Properly With No <u>Inmates With The Severe Medical Condition/Restrictions And Passes That Inmate Allen Had.</u>

(11) To Clarify All Claims In This Sec. (11) That The Two (<u>UnKnown</u>) Transportation Officers Failed To Provide Allen With The Equal Protection Clause Of The 14(1) Amendment Which States In Part, "No State Shall*... Deny To Any Person Within Its Jurisdiction The Equal Protection Of The Laws". See, <u>St. Joan Antide High Sch. Inc. Vs. Milwaukee Pub. Sch. Dist.</u>, 919 F. 3d 1003, 1008 (7th. Cir. 2019). This Means That Governmental Entities Must, "Treat Similarly Situated People Alike", <u>Campbell Vs. Rainbow City</u>, 434 F. 3d 1306, 1313 (11th. Cir. 2006) Allen Claims That He Was The Only Inmate On The Bus That Day With The Same Type Of Injuries With Medical Passes That He Showed To These Officers And Several Inmates Offer To Help Allen, With Objections From These Two <u>UnKnowned</u> Named Officers. And Allen Challenge's, The Equal Protection Claim That He Did Not Receive From The Individual State Actors Herein, Citing, <u>Ashaheed Vs. Currington</u>, 7 F. 4th. 1236, 1250 (10th. Cir. 2021). Allen Therefore Claims He Was Singled Out By These Two UnKnown Transport Ofc. With Malice Intent. (RD) Ordered Allens Transfer To Be "<u>Swift And Hard</u>" Deserving No Equal Protection Of The Law.

* Use Of Word "<u>Shall</u>" Means <u>Mandatory</u>, Citing, <u>Salahuddin Vs. Mead</u>, 174 F. 3d 271 (2 CA 1999).
   See, (Appendix A-M)

5d

(12) Allen Claims To Solidify His Argument Of "Diesel Therapy" By Transfers After Three Months. Allen Claims Officer Jordan (OJ) Also A Transport Officer Violated Allen's "Equal Protection Of The Law", Rights As Guaranteed In The United States 5th. And 14th. Amendment Under The Color Of Law By Transferring Him In Violations Outlined In Also The FAC. 33-103.017 () Reprisal And Retaliation Citing, Bridges Vs. Russell, 757 F.2d 1155 (11th. Cir. 1985); Adams Vs. Wainwright, 875 F.2d 1537 (11th. Cir. 1989) For Reff of Through U.S.C. §1983, State Officials May Be Held Accountable Under 42 U.S.C. §1983 See, Hafer Vs. Melo, 502 U.S. 21, 112 S. Ct. 358 (1991). To Prevail On A "Class Of One" Claim, A Plaintiff Ultimately Must Show That He Was "Singled Out By The Government" Without A "Rational Basis For The Difference In Treatment". See, Engquist Vs. Or Dep't Of Agric., 553 U.S. 591, 602 (2008); Vill. Of Willowbrook Vs. Olech, 528 U.S. 562, 564 (2000). A "Class Of One" Claim Has Two Elements :

(1) The Plaintiff Was "Intentionally Treated Differently From Others Who Were Similarly Situated", And

(2) "There Is No Rational Basis For The Difference In Treatment." Grider Vs. City Of Auburn, 618 F.3d 1240, 1263-64 (11th. Cir. 2010) ; (Supra, Vill. Of Willowbrook), Allen Was Requesting His Stored Legal Boxes, Two Boxes When Ofc. Jordan (OJ) Stated On A:M Hours Of 2/22/2022 : "Allen I Know Why You're In Here, And Allen Your A Piece Of Shit And IF It Was Up To Me You Would Not Get None Of Your Legal Documents". Thus Ofc. Jordan Violated FAC. 33-208.002 Sub. Sec. (3)(a), (8), (24), Where Regardless Of His Orders To Transfer Allen To Another Institution (OJ) Conduct Failed To Protect Allen Under Equal Protection Of The Law, Under Color Of Law.

    Herein Allen Holds All Four Defendants Responsible For Violations Listed To The Sum Of $25,000°° For Each Defendants 1) RD ; 2) Two Unknown Ofc.'s ; 3) OJ ; For Total Of $100,000°°.

<u>Count Four :</u>

> In Count Four Allen Claims Centurion Medical Provider Of Florida Inc., And APRN, Nurse Ms. Williams Has Continually <u>Violated His 8th. Amendment</u> Of The United States Constitution By Act's Outlined As <u>Deliberate Indifference And Cruel And Unusual Treatment</u> To Allen's Serious Medical Condition's Including Denial Of Testings And Medication Refills, Passes.

(13) Herein Count Four Allen Claims, <u>Supervisors Liability</u>, "<u>Respondeat Superior</u>", Due To (<u>Centurion</u>) <u>Can Also Be Held Accountable For The Acts Or Omissions Of The Perpetrator If The Supervisor Had Constructive Knowledge Of The Conduct Forming The Basis Of The Violations</u>, Not Only Does Centurion Have <u>Constructive Knowledge</u> But They Have <u>Consented</u> To The Violations Of Acts Of Deliberate Indifference, To Cruel And Unusual Punishment Of Pain Inflicted Upon Allen, Under Color Of Law. There Must Be Knowledge And Consent To Hold A Supervisor Liable. Allen Can Show Repeatedly Exhaustion Of Administrative Remedies. And As Of The Whole Year Of 2022 No MRI, No Brain Scan And Continually And Repeatedly (Centurion) And It's Employees Keep On Failing To Order Refill Medications And Failing To Give A Proper Examination And Diagnosis, And Quit Often Testing Is The Only Way To Diagnose Someone Medical Condition. First : Allen Must Must Layout A Foundation To Predicate (Centurion) Liability.

    Because (Centurion) Is Treated As A <u>Municipality</u>, (Powers Of Self Government) They Are Held At A Different Standard, And Under This Standard (Centurion) Can Only Be Held Liable Under 42 USC §1983 Pursuant To : "A Plaintiff Can Only Establish Municipal Liability Under <u>Monell</u> Liability Standard To A Private Entity That Contracted With A County To Provide Medical Services To Inmates"; Citing, Monell Vs. Dept. Of Soc. Servs., 436 U.S. 658, 690 (1978). Thus The Person Being Sued Must Have Acted Under The State's Authority. The Supreme Court Has Announced A Two-Part Test For Determining Whether A Defendant Has <u>Acted Under The Color Of State Law.</u>"

    <u>First</u> : The Claim Deprivation Must Be Caused By The Exercise <u>Of A Right Or Privilege Created Or Imposed By The State, Or Undertaken By A Person For Whom The State Is Responsible</u>, <u>Second</u>, The Defendant Must Be Fairly Characterized As A State Actor. See, Lugar Vs. Edmonson Oil Co., 457 U.S. 922, 937 (1982).

    See, (Appendix A-M)

6

(14) Under This Two Part Test, The Court(s) Has Provided At Least Three Categories Of Conduct That Satisfy §1983's "Under Color Of State Law" Requirement. The First Category (Allen Claims) Includes The, "[M]isuse Of Power, Possed By Virtue Of State Law And Made Possible Only Because The Wrongdoer Is Clothed With Authority Of State Law". Citing, West Vs. Atkins, 487 U.S. 42, 49-54 (1988) "Physician Acted Under Color Of State Law When Providing Medical Services To Prisoner Because Relationship With State Was Cooperative And Conduct "Fairly Attributable To The State"; The Second Category, An Action By A Defendant Who, "Has Acted Together With Or, Has Obtained Significant Aid From State Officials," (Though Not An Officer Of The State). Allen Cites, Nieto Vs. Kapoor, 268 F.3d 1208, 1216 (10th. Cir. 2001) (Medical Director Acted Under Color Of State Law When Supervising Employees Based On Contract ual Obligation To Provide Medical Care, Supervision, And Training At Hospital"). Allen Claims Centurion Was Liable Due To Their Obligation To Provide Medical Care Under The Color Of State Laws, As Actors. And Also Allen Claims; The Third Category Requires, An Action By A Private Person Who Is Authorized To Exercise State Authority. Supra West Vs. Atkins And Because §1983 Covers Legal As Well As Natural Persons, Local Governing Bodies May Be Sued Directly Under The Same Statute. See Monell Liability Standard. (Id. Monell Vs. Dep't Of Soc. Servs.). Thus Allen Claims Centurion Liable Under "Respondeat Superior" For Not Allowing Proper Testing For Proper Diagnosis From Their Employees.

(15) Allen Claims (Centurion) Is Liable For Not Only Constructive Knowledge But Consent To Violations Outlined In The 8th. Amendment Of The United States Constitution And The Only Logical Recourse Allen Has Is Pursuant To 42 USC §1983 Municipality Allen Will Identify ; (1) "An Official Policy." (He Cannot Do).
    (2) "An Official Custom Or Widespread Practice That Is So Permanent And Well Settled As To Constitute A Custom And Usage With Force Of Law," (Yes This Section Two Has Been Going On Since Centurion Has Taken Over), eg. Pain Medication (Pills); Muscle Rub (cream); Hemorrhoidal Medication (Ointment, Wipes); Written Passes ect., Testing (MRI, EKG, EEG) Brain/Head Scans. Viz, Naproxen 500 Mg. Says: "Take One Tablet By Mouth Twice Daily With Food As Needed. Your, Centurions Practice Is To Only Give (30 Pills To Last 90 Days). Directions Of Two A Day As Needed, Is Correctly Directed. But 15 Day I Am Out Of Pain Relief On The 16th. Day. That Leaves 75 Days With Nothing. Section (3) Is Also Applicable As See (2).
    (3) A Municipal Official With Final Policy Making Authority Whose Decisions Violated Plaintiff's Constitutional Right, See, Chabad Chayil Inc. Vs. Sch. Bd. Of Miami-Dade Cnty.; F. 4th. 2022 WL4100687, at *3 (11th. Cir. 2022) West Law F.D.O.C. Don't Have Access To.

(16) Allen Claims Nov. 16th. 2021 He Arrived At A.C.I. After Being Injured Severely After His Backward Fall Off The Back Of The Bus. Prior To This Fall Allen Had Taken No Medication (Pills) Since 2017 Over 4 Years. However Allen Took It Easy Due To His Weak Back And Weak Knee. Past Back Surgery. Then Allen Began His Rigorous Exhaustion Of Medical Help. (For Medical Neglect). Allen Claims Deliberate Indifference, And Violations Of The 8th. Amendment Of The United States Constitution, Under The Color Of State Law With Procedural And Substantive Law And Principles Applicable Herein. This Is Also Founded Under Fundamental Law Which Clearly Deprives From The Principles Our Nation Was Founded, And This Honorable Court Is Holding Allen To Prove And State All Listed Principles And Components. This Claim Is Also Against (APRN Williams), For Failure To Refill Allen's Medications For Unnecessary Pain Inflicted Repeatedly And Lying To Me Concerning Renewal Of My Medical Passes And Restrictions For Over Three Months Allen Was In Severe Pain Through-Out 2021 Holidays Of Christmas And Thanksgiving And Well Into The New Year Of 2022. Violations Outlined In, Greason Vs. Kemp, 891 F.2d 829 (11 Cir. 1990) ; Howell Vs. Evans, 922 F.2d 712 (11th. Cir. 1991). Allen Also Claims Unnecessary And Unrestrict- ed Infliction Of Pain Not Allowed, Citing, Youngblood Vs. Romeo, 457 U.S. 307, 102 S.Ct. 2452 (1983) ; Rhodes Vs. Chapman, 452 U.S. 337, 101 S.Ct. 2392 (1981). See Relief Sought. Wherefor Allen Is Seeking $25,000°° Each From (Centurion) And (APRN Williams) For Punitive And Compensatory Damages With Injunctive Relief Sought Of No Counter Suit And Medical Treatment Listed On Pages (7a-b-c-d). See Appendix A-Through M For Exhausted Admin. Remedy's.
    See, Attached, 3 Page (A.O.T.) And (Appendix A-5 Pages And Appendix C-2, 5 Pgs.)

6a

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

**Count One,** Is Secretary of FDOC, <u>Ricky Dixon</u> and <u>two unknown transport officers</u> for violating Allen's 8th United States Amendment of cruel and unusual punishment inflicted under the color of law; With, Deliberate Indifference.;

**Count Two,** Is Secretary of FDOC, <u>Ricky Dixon</u> and <u>two unknown transport officers</u> and officer Jordan for violations outlined in United States 5th. And 14th Amendment of due process guaranteed under the color of law;

**Count Three,** Is Secretary of FDOC, <u>Ricky Dixon</u> and <u>two unknown transport officers</u> and officer Jordan for violations outlined in United States 5th. And 14th. Amendment of equal protection of the law under the color of law.

**Count Four,** Is <u>Centurion Medical Provider of Florida, Inc.</u> and <u>((APRN)) Ms. Williams</u> for violations outlined in the United States 8th Amendment, under the color of law, (cruel and unusual punishment inflicted); With, Deliberate Indifference.

## VI. RELIEF REQUESTED ✱ See 7d

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes. If requesting money

damages (*either actual or punitive damages*), include the amount sought and explain the basis for the claims.

Herein, Petitioner Allen has many medical needs that has been neglected, nor not addressed appropriately. Thank you for any and all medical treatment given from Centurion staff and any mercy and compassion that Florida DOC and Mr. Ricky Dixon may order that also meets security procedures outlined in the United States Constitution and any and all Florida laws and rules applicable within control-custody-and, care for inmate as well as all staff. Thank you and God bless. (See page 7A for further relief requested).

Petitioner seeks to sue named and unknown parties in the **Individual Capacities** for $100,000 (one hundred thousand U.S. dollars) each, with the stipulation that there be no counter-suit by any of the parties.[1]

Further, Petitioner seeks medical treatment to <u>include diagnostic examinations such as MRI</u> for muscular-skeletal injuries, <u>EEG for head injuries, and EKG for cardiac issues</u> resulting from the cumulative effect of the Defendants' actions in light of the

---

[1] Sec. DOC & Centurion are being sued in their official capacity with stipulation of no counter suit.

Petitioner's age and general health conditions. In addition, <u>current medical treatment</u> shall include the <u>ongoing care and passes for current conditions, including chronic pain medication, hemorrhoid treatments, and all DOC medical passes.</u> None of these conditions should interfere with the continuing health care of these or any other conditions which may arise which are normally afforded to Petitioner as an inmate in the Department of Corrections custody, by department medical staff or any such providers or their staff as the Department may contract with.

Petitioner seeks injunction against further retaliation by any and all Department employees, staff, contractors, volunteers, or other agents of the State acting under color of law, especially such retaliation such as additional unnecessary transfers ("diesel therapy"), harassment, exclusions, or other acts directed to single out inmate Allen for attention or treatment by said Department representatives. And finally, Joseph Allen seeks the appointment of a "Special Master" pursuant to Rule 53, Fed. R. Civ. Proc., and/or 18 U.S.C. § 3626(g)(8) to supervise the settlement of this action to an equitable end. Respectfully.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes. If requesting money damages (*either actual or punitive damages*), include the amount sought and explain the basis for the claims.

Herein, Petitioner Allen has many medical needs that has been neglected, nor not addressed appropriately. Thank you for any and all medical treatment given from Centurion staff and any mercy and compassion that Florida DOC and Mr. Ricky Dixon may order that also meets security procedures outlined in the United States Constitution and any and all Florida laws and rules applicable within control-custody-and, care for inmate as well as all staff. Thank you and God bless. (See page 7A for further relief requested).

7d

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** ***If you did not exhaust available remedies prior to filing this case, this case may be dismissed.***  If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES   ☑ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

## VIII. PRIOR LITIGATION - Continuation :

The Petitioner has numerous state and some federal cases in the past, but none of his cases have been dismissed in federal courts for being "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" as contemplated by 28 U.S.C. § 1915(g). For some of the following, Petitioner's notes do not include the full case citation. Such information as is known, is provided.

1. *Joseph W. Allen v. Nasiruddin Siddiqui, et. al.*, 2010 U.S. Dist. LEXIS 46473, 3:07-cv-P261-H (W.D. Ky. May 12, 2010), issue: medical care

See Attached Page 11
For Follow Up

9

(*If necessary, list additional cases on an attached page*)

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing
with the same facts or issue involved in this case?

☑ YES ☐ NO  <u>Please See Attached Page II For All Parties</u>

If "Yes," identify the case number, parties, date filed, result (*if not still*
*pending*), name of judge, and court for each case (*if more than one*):

✱ 1. Case #: <u>22-754-SC</u>   Parties: <u>Joseph W. Allen Vs. The GEO Group Inc.</u>

Court: <u>Santa Rosa County Court</u> Judge: <u>Hon. Jose A. Giraud</u>

Date Filed: <u>3/17/2022</u> Dismissal Date (*if not pending*): <u>Still Pending</u>

Reason: <u>Employee Abuse OF J.A. And Disposal OF Personal Property</u>

2. Case #: <u>4:22-cv-00148-WS-MJF</u> Parties: <u>Joseph Wayne Allen Vs. Fla. D.O.C. Ricky</u>
<u>Dixon, Two(2) OFc.s And Centurion And Two Employees.</u>

Court: <u>United States District Court</u> Judge: <u>? Michael J. Frank</u>
<u>Northern Distr. OF Florida</u>

Date Filed: <u>11/  /2022</u> Dismissal Date (*if not pending*): <u>            </u>

Reason: <u>Employee Abuse Retaliation/Reprisal And Medical Neglect,(No Joiner).</u>
(*If necessary, list additional cases on an attached page*) <u>See Additional</u>
<u>Page</u>

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in
***state or federal court*** either challenging your conviction or relating to
the conditions of your confinement?

☑ YES  ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

✳ See Page 9 Please

2. *Joseph W. Allen v. Louisville Metro. Dept. of Corr.,et. al.*, 2009 U.S. Dist LEXIS 1145, 3:07-cv-P296-S (W.D. Ky. Jan. 6, 2009), issue: mistreatment of inmate

3. *Joseph W. Allen v. Aramark Corp.*, 2010 U.S. Dist. LEXIS 52471, 3:07-cv-P260-M (W.D. Ky. May 26, 2010), issue: improper diet

4. *Commonwealth v. Joseph W. Allen*, 2004-CR-1360 (Louisville/Jefferson County Court) filed 5/6/2004, PENDING

5. *Joseph W. Allen v. George Robinson, M.D., et. al.*, 8:09-cv-01519-SDM-TGW (M.D. Fla. 2010)

6. *Allen v. State (of Florida)*, 925 So.2d 1038 (Fla. 5th DCA 2005), direct criminal appeal denied PCA (without opinion)

7. *Allen v. State*, 95 So.3d 243 (Fla. 5th DCA 2012), denial of postconviction relief, Rule 3.850

8. *Allen v. State*, 185 So.3d 243 (Fla. 5th DCA 2016), denial of postconviction relief, Rule 3.850

9. *Allen v. State*, 283 So.3d 1274 (Fla. 5th DCA 2019)

10. *Allen v. State*, 306 So.3d 972 (Fla. 5th DCA 2020), denial of petition for writ of prohibition for failure of judge to recuse

11. *Allen v. State*, 310 So.3d 1130 (Fla. 5th DCA 2021), denial of petition for writ of prohibition, show cause why not deem frivolous inmate

12. *Allen v. State*, 2021 Fla. LEXIS 1043, SC21-274 (Fla. June 22, 2021) review denied

13. *Allen v. State*, 2021 Fla. LEXIS 585, SC21-392 (Fla. April 15, 2021) petition denied

✳ 14. *Allen v. The GEO Group, Inc.*, 2022-SC-00754, Santa Rosa County Court, First Judicial Circuit, filed Mar. 17, 2022, PENDING

15. &. Case #: 4-22-cv-00447-MW-MAF Parties: Joseph Wayne Allen Vs. Ricky Dixon, et al.,

Court: U.S.Dist.Court, Northern Dist., Judge: _____

Date Filed: Dec.15,2022 Dismissal Date (*if not pending*): Pending

Reason: Reprisal/Retaliation Per, 5th. 14th. And 8th. Amendment

(*Attach additional pages as necessary to list all cases.*)

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.


2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there

is any change to my mailing address and that my failure to do so may result

in a dismissal of the action.



Unnotorized Oath: Fla. Stat. § 92.525

Date: 12/28/2022 Plaintiff's Signature: _Joseph_____Allen_____

Printed Name of Plaintiff: _Joseph Wayne Allen, F.D.O.C #X35926_____

Correctional Institution: _Wakulla Correctional Institution_____

Address: _110 Melaleuca Drive_____

_Crawfordville, Florida, 32327-4963_____

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

**the prison's mail system for mailing on the** _28th_ **day of** _Dec._ **, 20**_22_ **.**

Pursuant To : Rule 9.420(a)(2) Fla.R.App.Proc..

Signature of Incarcerated Plaintiff: _Joseph W_____

ETN#404150027                    42.U.S.C.31983,1-308 Without Prejudice

_Joseph Wayne Allen, FDOC#X35926, Persona Non Grata_

# AFFIDAVIT OF TRUTH

Comes Now The Affiant <u>Joseph Wayne Allen</u>, Florida Dept. Of Corrections No.: X35926 Whom Is Being Unlawfully Detained Through Deceptive Practices, Intrinsic Fraud On The State (T.T.P<sub>g.</sub> 129) Fraud On The Court Which Deserves No Protection, And Due Process Requires That Every Opportunity To Expose Fraud Be Given. <u>State Vs. Glover</u>, 564 So. 2d 191 at 193 (Fla. 5th. DCA 199).

This Affidavit Of Truth Is Given In Truth Of A Incident That Occured On Nov. 16th. 2021 While Being Transferred From Blackwater River Correctional And Rehabilitation Facility (BRCRF), To Apalachee Correctional Institution (ACI). Affiant Claimed Employee Abuse Allegations Against Employees At (BRCRF) And A Claim Of Destruction Of His Legal Documents, So They Transfered Me And Florida Dept. Of Corr. Employees Decided To Show Me What They Do To Snitches.

When The Two (2)(ACI) Transportation Officers Arrived The Morning Of Nov. 16th. 2021, Affiant (Allen) Looked For Their Name Tags / I.D's But They Were Not Visible. Allen First Spoke To The Big Loud White Officer, And Showed Him My, Health Slip/Pass From (BRCRF) M. Nichols 4/20/21 - 4/20/22 See, (Appendix ~ A ~ 5 Pgs). "<u>No Push, Pull, Lift Over 20 Pounds, Low Bottom Bunk</u>". This White Officer Handed My Pass To The Black Officer Whom Seemed To Be In Charge, But The White Officer Said Why Did You Show Us Your Passes, Do You Think We Give A Shit About Your Passes Or Medical Issues, Well Your Wrong, We Are Not Carrying Your Property. I Said : "Sir I Need Help, Or If You Will Allow Me To Place My Property Work On The Bus, Prior To Placing The Shackles And Black Box I Would Be Gratefull, It Will Still Take Several Trips Sir." The White Ofc. Said : "This Is Your Property You Can Abandon It, Or Carry It, Because We Will Not Help You Or Wait On You Or Give You Special Help !" Another Inmate Who Worked For (BRCRF) Property Room Offered To Help. Then The Black Officers Said : "No You Won't Help This Inmate, He Will Carry His Own Shit Or Abandon His Property, And Boy You Will Hurry Up With Carrying Your Property Or Leave Your Shit, We Will Teach You A Lesson In Collecting Paper Work Boy, Live Light, You Never Know When You Will Transfer."

I Told The Black Officer, Sir This Is My Legal Work And I Am Fighting My Cases. He Began Cussing Me And The White Officer Joined In And I Was Having Trouble Carrying These Bags And Another Inmate Tried To Carry Some Of My Property, But One Of The Officers Said, Hey Boy You Had Better Mind Your Own Business, And Let This Inmate Carry His Own Property, This Move Will Be <u>Quick And Firm</u> And He Will Learn. To Lighten Up On Stock Pilling A Bunch Of Bull Shit And If We Allow This Dumb Ass Help He Will Not Learn. I Was Wondering Who These Men Where And What Was Going On. They Were Calling Me Names And Laughing And God Knows What Was Happening, I Was Sweating And Breathing Hard And Fast And Hurting So Bad, But I Could Not Understand What These Officers Where Doing To Me.

I Put One Load On The Bus, I Had Two More Loads, I Can Do This. I Was Going Up The Steps With The Second Load (When I Lost My Balance) I Tried To Grab The Rail To Keep From Falling Backwards But The Shackles And Black Box Restricted My Movement And Would Not Allow Me To Reach The Railing To Keep From Falling. I Fell Backwards And <u>Landed On My Rear End And My Head</u>. Every thing Was Confusing And I Heard In-mates Screaming At Me, "Stay Down Old Man, Stay Down !" I Was Confused, But Embarressed, I Was Trying To Find My Glasses And Get Up As Quick As I Could. I Was Shocked, But So Embarressed That I Was No Longer The Strong Man I Use To Be. God I Did Not Understand What Was Happening To Me, Why Was These Officers Being So Cruel And What Had I Done To These Men ? All Of These Questions, And Confussion Kept Me From Thinking Clearly. I Was Hurting, But Trying To Act Tough. I Finished Loading My Property, When The Big White Officer Along With The Nurse From (BRCRF) Came To

FILED USDC FLND TL
JAN 4 '23 AM 9:42



-1-

Checkout The Medical Status Of Inmate Allen, But The White Transport Officer Between Screaming At Me To Get Off The Bus And Laughing Along With The Nurse It Was Confussing To Me. I Could Hear The Officer Telling Me To Get Off Of The Bus But He Was Rushing Inmates To Get On The Bus, So I Had To Holler Back, "Stop Those Inmates From Getting On The Bus, So I Can Get Off". When I Got Off The Bus, I Thought The Officer And Nurse Was Laughing At Me, I Was Hurt But More Confused, And Embarrased. The Officer Was Laughing And Said, "Old Man You Fell Pretty Hard, Tell The Nurse What Happened". I Said : "I Just Want To Leave Please". They Said, Get Back On The Bus, I Got Back On The Bus, And About (30) Minutes Later I Was In Pain Badly.

When I Arrived At (A.C.I.) I Was Hurting And Finally The White Transport Officer Told The Director Of Nursing (DON) I Fell Off The Steps Of The Bus, Pretty Hard. The D.O.A. Asked Me Some Questions And Sent Me To Medical Building Where I Was Given A Handfull Of Ibuprofen And Tube Of Muscle Rub, I Was Suprised And Impressed With My Initail Medical Treatment. When I Seen (APRN Ms. Williams) I Thought She Was A Caring Nurse Practitioner, But During My Sick Call Visit About Two Weeks Later The Sick-Call Nurse Allowed Me To Read What Ms. Williams Typed About Me. She Believed I Was Faking My Injuries And Denied Refilling My Medication[s] Even For My Hemorrhoids, And She Would Not Renew My Medical Passes. My Passes Were Still Current Until April 20th. 2022, But Ms. Williams Left Me In Unnecessary Pain.

Then A Week Before I Was Transferred I Was Moved From P-2 Dorm To P-1 Side Faith Base Dorm. This Was Like A Well-Come Change For P-2 Was The Nastyest Dorm I Have Ever Lived In. Then Less Then A Week Later On Feb. 22nd. 2022 At Apprx. 2:30A:M I Was Woke Up And Told To Pack Up, I Was Trans-Ferring. In P-1 It Was Dark And I Requested To Please Turn The Lights On Because I Could Not See. The Officers Refused To Turn The Lights On And All (Most) Of My Legal Work Was Stored In The Proper-ty Room, Except For About (10) Big Envelopes Full And About (10) Law Books I Had. I Was Working On A Legal Deadline And About (5) Of My Big Folders Were In The Library In Case Of Law Clerk Leach, Who Also Lived In P-1 With Me, Who Said He Would Have The Library Ship These To Me. (This Never Happened). And I Had Two Access Boxe's Stored In Property Room With (4) Law Books In It . See (Appedix-G-2, 4 of 5). When Affiant Got Transfered He Was Denied Two Boxes Of Access Legal Boxes Which Were Shipped To WaKulla C.I. On Aug. 17, 2022 And Oct. 12th. 2022 See (Appendix G-2, 1 of 5).

When Allen Was Told To Pack Up On Feb. 22nd. 2022 He Was Taken To Medical Were Transportation Ofc. Jordan Began His Tirades Of Verbal Abuses. Ofc. Jordan Said : "Allen I Know Why Your In Here, And Allen Your A Piece Of Shit And If It Was Up To Me You Would Not Get None Of Your Legal Documents". Ofc. Jordon Called Me Many Obscene Names And Singled Me Out Of All Five Of Us Inmates So Bad, That The Sgt. Said : "That's Enough Jordan". I Will Never Understand The Treatment Of, "Cruel And Unusual Treatment Inflicted Upon Him" Nor Violations Of Direct, "Due Process Of The Law", Nor Denied "Equal Protection Of The Law" By Men And Women Whom Take A Oath To Protect, And Help Us Even As Inmates These Are Violations Under The Color Of State Law, And Our 5th., 8th., And 14th. Sec(1) Amendments Of The United States Of America And Violations Outlined In Florida Administration Code F.A.C. 33-103.017 (1) Reprisal And Id. F.A.C. 33-208.002, (3)(a),(8),(12) And (24) And God Forgive Those In The Medical Field Who Commit And Get A License To Care For People. I Joseph Wayne Allen, Swear Under Oath To This Affidavit Of Truth On Page -3-                    Respectfully Submitted :

Dec., 28th. , 2022
Date

Joseph Wayne Allen, F.D.O.C.# X35926
EIN#404130027, (A.O.T) 1-308 Without Prejudice

-2-

## NOTARY

### Statement Of Witnesses

"On The Date Written Below, The Principle Declared In My Presence That This Instrument "Affidavit Of Truth" Was Signed In My Presence And This Document Was Part Of U.S.C. 42, §1983 For All Purposes Stated Herein. Executed 28th Day December Month, 2022 Year.

1) _(Signature Of Witness)_
Carlos Johnson
_(Printed Name Of Witness)_
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida, 32327-4963

2) _(Signature Of Witness)_
Brian Benebaum
_(Printed Name Of Witness)_
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida, 32327-4963

State Of Florida
County Of Wakulla

United States District Court
Northern District Of Florida    Case No.: 422-CV-148-WS/MJF

The Foregoing "Affidavit Of Truth" Was Signed And Acknowledged Before Me By Means Of ☒ Physical Presence, Notarization, This 28th Day December Month, 2022 Year.

_(Notary Signature)_

_(Affiant's Signature) In Blue Ink_
Joseph Wayne Allen, EIN#404130027
_(Affiants Printed Name) L-308, Without Prejudice_
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida, 32327-4963

Personally Known ☐ Or Produced Identification ☒
Type Of Identification Produced : Dept of Corrections ID
State Of Florida Department Of Corrections ID # X35926    Joseph W Allen

**FAITH INGRAM**
**Notary Public**
**State of Florida**
**Comm# HH312933**
**Expires 9/15/2026**

_(Notary Stamp Or Seal)_

LEGAL MAIL
Provided To
Wakulla CI

DEC 28 2022

FOR MAILING    J.W.A.

-B-

**118-WAKULLA C.I.**
110 Melaleuca Dr., Crawfordville, FL, Wakulla 32327
(850) 410-1895  Fax: (850) 421-1679

03/17/2022  10:53 AM
Page 1 of 1
Test Form

# Test Form

| | |
|---|---|
| **Authorizing Provider:**  OBIS Migration | **Service Provider:**   FDC |
| **Signing Provider:**   OBIS Migration | |

| | |
|---|---|
| **Patient Name:**   JOSEPH W ALLEN | **DC#:**   X35926 |
| | **DOB:**   01/12/1964         **Age:**  58 Years |
| | **Sex:**   M |

**Code**
LABF

**Description**
Lab Test (Fasting)
Order Number:        OBIS  502285
Auth#:
Quantity:               1
Start Date:             09/16/2022            **End Date:**
Priority:                 Normal
Electronically Signed By:   OBIS Migration
Signed Provider NPI:
Signed on:              11/24/2021  12:52:57AM
Instructions:          PPD  -READ

**Code**
SP-BUNK

**Description**
Low Bunk Pass
Order Number:        707998-1
Auth#:
Quantity:               1
Start Date:             03/17/2022            **End Date:**  03/17/2023
Priority:                 Normal
Electronically Signed By:  Kelie A Serrato APRN
Signed Provider NPI:   1659948198
Signed on:              3/17/2022  10:53:04AM
Instructions:

**Code**
SP-RATV1

**Description**
Restricted Activity 1 - Specify
Order Number:        707998-2
Auth#:
Quantity:               1
Start Date:             03/17/2022            **End Date:**  03/17/2023
Priority:                 Normal
Electronically Signed By:  Kelie A Serrato APRN
Signed Provider NPI:   1659948198
Signed on:              3/17/2022  10:53:04AM
Instructions:          no lifting, pulling or pushing over 20 pounds, no prolonged standing over 20
                            minutes, no repeat bending

(Appendix A - 1 of 5)

FILED USDC FLND TL
JAN 4 '23 AM8:42

*Report run by Kelie A Serrato APRN*

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

The below-named inmate is authorized for:

☐ Bed rest lay-in      From _____ To _____
☑ Low/bottom bunk   From _4/20/21_ To _4/20/22_
☑ Restricted activity   From _4/20/21_ To _4/20/22_
Restrictions: _no lift / pull / push at_
_____

☐ Other:      From _____ To _____
_____

Inmate _Allen Joseph_
DC# _X35926_   R/S ____
Date of Birth _11/12/64_
Institution _BRCRF_      Date: _4/20/21_
(Initial & Name Stamp)

**Health Slip/Pass**          M. Nichols, ARNP
DC4-701D (Revised 6/26/19)   White/Medical Yellow/Security Pink/Inmate
_Time Of Incident_                      BRCRF

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

The below-named inmate is authorized for:

☐ Bed rest lay-in      From _____ To _____
☑ Low/bottom bunk   From _1/21/20_ To _1/21/21_
☐ Restricted activity   From _____ To _____
Restrictions: _____
_____

☑ Other: _Hi Hi_   From _1/21/20_ To _1/21/20_
_TINTED GLASSES_

Inmate _Allen, Joseph_
DC# _X35926_   R/S _UM_   by: _UM_
Date of Birth _1/12/64_      Date: _1/21/20_
Institution _WALTON_   (Initial & Name Stamp)

                    K. Forrester, APRN
**Health Slip/Pass**          WALTON CI
DC4-701D (Revised 6/26/19)   White/Medical Yellow/Security Pink:/Inmate

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

The below-named inmate is authorized for:

☐ Bed rest lay-in      From _____ To _____
☑ Low/bottom bunk   From _3/1/19_ To _3/28/20_
☑ No shave           From _____ To _____
☑ Restricted activity   From _3/1/19_ To _3/28/20_
☑ Restrictions: _NO LIFT/PUSH/PULL > 20 LBS_
_NO PROLONGED STANDING, NO_
_REPETATIVE BENDING_

☑ Other:      From _3/1/19_ To _3/2/20_
_TINTED GLASSES INDOORS_
_LOW TIER_

Inmate _Allen Joseph_
DC# _X35926_   R/S _M_   by: _UM_
Date of Birth _01/12/64_   (Initial & Name Stamp)
Institution _WALTON_      Date: _3/1/19_

                    K. Forrester, APRN
**Health Slip/Pass**          WALTON
DC4-701D (2/96)   White/Medical Yellow/Security Pink:/Inmate

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

The below-named inmate is authorized for:

☐ Bed rest lay-in      From _____ To _____
☐ Low/bottom bunk   From _1/20/20_ To _1/21/21_
☐ Restricted activity   From _____ To _____
Restrictions: _____
_____

☐ Other:      From _____ To _____

Inmate _Allen, Joseph_
DC# _X35926_   R/S _M_   by: _UM_
Date of Birth _1/12/64_   (Initial & Name Stamp)
Institution _WALTON_      Date: _1/20/20_

_(Appendix-A-2of 5)_        K. Forrester, DNP, APRN
**Health Slip/Pass**          WALTON CI
DC4-701D (Revised 6/26/19)   White/Medical Yellow/Security Pink:/Inmate

## FLORIDA DEPARTMENT OF CORRECTIONS
Exhibit -β- HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in       From _____ To _____
☐ Low/bottom bunk   From 2/6/18 To 2/6/19
☐ No shave              From _____ To _____
☒ Restricted activity   From 2/6/18 To 2/6/19
☒ Restrictions: No lift/push/pull 720#
No prolonged standing
No repetitive bending, Low tier

☒ Other:      From 2/6/18 To 2/6/19
TED Hose, Tinted glasses
Indoors, Cushion

Inmate Allen, Joseph        Authorized by: MV
DC# X 35926   R/S/VTM
Date of Birth 1-12-64        (Initial & Name Stamp)
Institution  110              Date: 2/6/18

M. Vandermark, MSN, ARNP
NWFRC

Health Slip/Pass
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in       From _____ To _____
☒ Low/bottom bunk   From _____ To _____
☐ No shave              From _____ To _____
☒ Restricted activity   From _____ To _____
☒ Restrictions: _____
_____
_____
_____

☐ Other:      From _____ To _____
_____
_____

Inmate Allen, Joseph        Authorized by:
DC# 35926   R/S
Date of Birth 1/12/64        (Initial & Name Stamp)
Institution  110              Date: _____

Dr. J. Bayolo, MD            FEB 28 2017
NWFRC

Health Slip/Pass
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in       From _____ To _____
☒ Low/bottom bunk   From 2/24/16 To 2/24/17
☐ No shave              From _____ To _____
☒ Restricted activity   From 2/24/16 To 2/24/17
☒ Restrictions: No lift/push/pull >20 lb,
no prolong standing > 20 min
No repetative bending

☒ Other:      From 2/24/16 To 2/24/17
Back support, TED Hose,
knee brace, tinted glasses indoors

Inmate Allen, J.           Authorized by: Sheila Szalai
DC# X 35926   R/S WM                    NP
Date of Birth 01/12/64      (Initial & Name Stamp)
Institution  135              Date: 2/24/16

S. SZALAI, ARNP-BC         (Appedix A-3 of 5)
SANTA ROSA CI ANNEX

Health Slip/Pass
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in       From _____ To _____
☐ Low/bottom bunk   From _____ To _____
☐ No shave              From _____ To _____
☐ Restricted activity   From _____ To _____
☐ Restrictions: _____

☐ Other:      From _____ To _____
lumbar brace
TED Hose

Inmate Allen, Joseph        Authorized by: MV
DC# X 35926   R/S
Date of Birth 1-12-64        (Initial & Name Stamp)
Institution  NWFRC           Date: 9/11/17

Maryann Vandermark, MSN, ARNP

Health Slip/Pass
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

## FLORIDA DEPARTMENT OF CORRECTIONS
## HEALTH SLIP/PASS

The below-named inmate is authorized for:

- [ ] Bed rest lay-in          From _____ To _____
- [x] Low/bottom bunk    From 2 22 19 To 2 22 19
- [ ] No shave                    From _____ To _____
- [ ] Restricted activity    From _____ To _____
- [ ] Restrictions: _____

_____

_____

- [ ] Other:                        From _____ To _____

_____

_____

Inmate Allen Joseph          Authorized
DC# X35926   R/S 3          by: _____ JUN
Date of Birth 1-12-1964      (Initial & Name Stamp)
Institution WALCCI             Date: 2 22 19

Rosemary Prokop, SLPN
Walton Correctional Institution

**Health Slip/Pass**
DC4-701D (2/96)        White/Medical  Yellow/Security  Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
## HEALTH SLIP/PASS

Copies Pass / Santa Rosa

The below-named inmate is authorized for:

- [ ] Bed rest lay-in          From _____ To _____
- [x] Low/bottom bunk    From 2/24/16 To 2/23/19
- [ ] No shave                    From _____ To _____
- [x] Restricted activity    From 2/24/16 To 2/23/19
- [x] Restrictions: No lifting, push, pull > 20 lbs

No prolong standing > 30 min

No repetitive bending

- [x] Other:                        From 2/24/16 To 2/23/19

Back Support, TED Hose, Knee brace

tinted glasses indoors, Cushion

Inmate Allen Joseph          Authorized
DC# X35926   R/S WM      by: Caudilla
Date of Birth 01/12/64      (Initial & Name Stamp)
Institution NWFRC           Date: 8/23/16

C Caudilla, ARNP
NWFRC

**Health Slip/Pass**
DC4-701D (2/96)        White/Medical  Yellow/Security  Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
## HEALTH SLIP/PASS

The below-named inmate is authorized for:

- [ ] Bed rest lay-in          From _____ To _____
- [x] Low/bottom bunk    From 11/4/14 To 11/4/15
- [ ] No shave                    From _____ To _____
- [x] Restricted activity    From 11/4/14 To 11/4/15
- [x] Restrictions: No lift / push / pull

> 20 pounds / No prolong

stand > 30 min. No repetative

bending

- [x] Other:                        From 11/4/14 To 11/4/15

Back support, knee brace

tinted glasses indoors

Inmate Allen Joe          Authorized
DC# X35926   R/S WM      by: Szalai MD
Date of Birth 1/13/60      (Initial & Name Stamp)
Institution 135               Date: 11/4/14

Sheila Szalai, ARNP
SARCI Annex

**Health Slip/Pass**
DC4-701D (2/96)        White/Medical  Yellow/Security  Pink/Inmate

---

(Appendix-A-4 of 5)

## FLORIDA DEPARTMENT OF CORRECTIONS
### HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in    From _____ To _____
☒ Low/bottom bunk   From 2/25/15 To 2/25/16
☐ No shave    From _____ To _____
☒ Restricted activity   From 2/25/15 To 2/25/16
☒ Restrictions: No lift/push/pull
>20lbs, No prolong standing
>30min, No repeditive
bending

☒ Other:    From 2/25/15 To 2/25/16
Back support, knee brace
Tinted glasses indoors

Inmate  Allen, Joe
DC# X35926  R/S W/M    Authorized
Date of Birth 1/12/64    by: Szalai NP
Institution  135    (Initial & Name Stamp)
   Date: 2/25/15

*Sheila Szalai ARNP*
*SARCI Annex*

Health Slip/Pass
DC4-701D (2/96)    White/Medical Yellow/Security Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in    From _____ To _____
☒ Low/bottom bunk   From 11/4/14 To 11/4/15
☐ No shave    From _____ To _____
☒ Restricted activity   From 11/4/14 To 11/4/15
☒ Restrictions: No lift/push/pull
>20 pounds / No prolong
stand >30min, No repetative
bending

☒ Other:    From 11/4/14 To 11/4/15
Back support, knee brace
tinted glasses indoors

Inmate  Allen, Joe
DC# X35926  R/S W/M    Authorized
Date of Birth 1/12/64    by: Szalai NP
Institution  135    (Initial & Name Stamp)
   Date: 11/4/14

*Sheila Szalai ARNP*
*SARCI Annex*

Health Slip/Pass
DC4-701D (2/96)    White/Medical Yellow/Security Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in    From _____ To _____
☒ Low/bottom bunk   From 11/26/13 To 11/26/14
☐ No shave    From _____ To _____
☐ Restricted activity   From _____ To _____
☒ Restrictions: No lifting/pushing > 20 lbs
No prolong standing > 30min
No repeative bending

☒ Other:    From 11/26/13 To 11/26/14
Knee brace, Tinted glasses
indoors

Inmate Name: Allen, Joseph
DC #: X35926    Race: W/M    Authorized
Date of Birth: 01-12-1964    Szalai NP
Institution: 135    (Initial & Name Stamp)
   ate: 11/26/13

*Sheila Szalai ARNP*
*SARCI Annex*    (Appendix A, 5 of 5)

Health Slip/Pass
DC4-701D (2/96)    White/Medical Yellow/Security Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### HEALTH SLIP/PASS

The below-named inmate is authorized for:

☒ Bed rest lay-in    From _____ To _____
☒ Low/bottom bunk   From _____ To _____
☒ No shave    From _____ To _____
☒ Restricted activity   From _____ To _____
☐ Restrictions:
Back Brace

☐ Other:    From 10/8/14 To 10/7/15

Inmate  Allen, Joseph
DC# X35926  R/S    Authorized
Date of Birth    by:
Institution 135    (Initial & Name Stamp)
   Date: 10/8/14

Health Slip/Pass
DC4-701D (2/96)    White/Medical Yellow/Security Pink/Inmate



FROM: (850) 593-9521
ACFEL Property Room
FDC Apalachee Corr Inst
35 Apalachee Drive
SNEADS FL 32460
US

TO: Wakulla
US

110 Melaleuca Dr

CRAWFORDVILLE FL 32327
(850) 410-1895

REF:

DEPT:

PO:
INV:
CAD:
SHIP DATE: 09AUG22
ACTWGT: 35.00 LB
CAD: 25/665807/NET4490

BILL SENDER

Received 8/17/22

(US)

581J2/F39D/FE4A

TRK# 7776 1441 9881

9632 0019 6 (000 000 0000) 0 00 7776 1441 9881

32327

J222022041201uv

FedEx
Ground

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** IMPORTANT: TRANSMIT YOUR SHIPPING DATA AND PRINT A MANIFEST:
At the end of each shipping day, you should perform the FedEx Ground End of Day Close procedure to transmit your shipping data to FedEx. To do so, click on the Ground End of Day Close Button. If required, print the pickup manifest that appears. A printed manifest is required to be tendered along with your packages if they are being picked up by FedEx Ground. If you are dropping your packages off at a FedEx drop off location, the manifest is not required.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide and applicable tariff, available upon request. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations, including limitations on our liability, can be found in the current FedEx Service Guide and applicable tariff apply. In no event shall FedEx Ground be liable for any special, incidental, or consequential damages, including, without limitation, loss of profit, loss to the intrinsic value of the package, loss of sale, interest income or attorney's fees. Recovery cannot exceed actual documented loss. Items of extraordinary value are subject to separate limitations of liability set forth in the Service Guide and tariff. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Appendix C-2 (Re)
Received On 8/17/22
C2 20f8

9/29/22, 4:01 PM       FedEx Ship Manager - Print Your Label(s)



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: IMPORTANT: TRANSMIT YOUR SHIPPING DATA AND PRINT A MANIFEST:
At the end of each shipping day, you should perform the FedEx Ground End of Day Close procedure to transmit your shipping data to FedEx. To do so, click on the Ground End of Day Close Button. If required, print the pickup manifest that appears. A printed manifest is required to be tendered along with your packages if they are being picked up by FedEx Ground. If you are dropping your packages off at a FedEx drop off location, the manifest is not required.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide and applicable tariff, available upon request. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations, including limitations on our liability, can be found in the current FedEx Service Guide and applicable tariff apply. In no event shall FedEx Ground be liable for any special, incidental, or consequential damages, including, without limitation, loss of profit, loss to the intrinsic value of the package, loss of sale, interest income or attorney's fees. Recovery cannot exceed actual documented loss. Items of extraordinary value are subject to separate limitations of liability set forth in the Service Guide and tariff. Written claims must be filed within strict time limits, see current FedEx Service Guide.

(Appendix C-2, 2 of 8 pgs.)
Received 10/12/2022

Box-1

## REQUEST FOR STORAGE OF EXCESS ACTIVE LEGAL MATERIALS

INMATE NAME Joseph W. Allen    DC# X35926

In accordance with Rule 33-602.201, F.A.C., I have organized and inventoried my legal materials and separated active from inactive materials. My active legal materials exceed the capacity of storage available in my inmate locker. I request to be allowed to store excess active materials in another area of the institution. I understand that these materials will be subject to a cursory review by department staff (only the case style, signature and letterhead will be read) to ensure compliance with department rules regarding utilization of excess storage, approved property and contraband.

INMATE SIGNATURE Joseph W. Allen    DATE 9/24/2020

RECEIVED BY _____    DATE 9/24/2020

RECEIVED
SEP 24 2020
WALTON C.I. LAW LIB

DC6-2006 (7/03)    Incorporated by Reference in Rule 33-602.201, F.A.C.

Box-1-

---

Box-1

## EXCESS ACTIVE LEGAL MATERIAL INVENTORY LIST

INMATE NAME Joseph W. Allen    DC# X35926

| CASE NAME AND CASE # | DOCUMENT DESCRIPTION | DOCUMENT DATE |
|---|---|---|

Original Discovery Apprx 5000 Pages 35-2003-3102

Case No.'s Many   12 Envelopes With Many Folders

And Envelopes Inside

RECEIVED
SEP 24 2020
WALTON C.I. LAW LIB

INMATE SIGNATURE Joseph W. Allen    DATE 9/24/2020

RECEIVED BY _____    DATE 9/24/2020

Page 1 of 1

Box-1-

DC6-2008 (Revised 7/03)    Incorporated by Reference in Rule 33-602.201, F.A.C.

(Appendix C-2, 3 of 5)

Box-2-

REQUEST FOR STORAGE OF EXCESS ACTIVE LEGAL MATERIALS

INMATE NAME _Joseph W. Allen_ DC# _X35926_

In accordance with Rule 33-602.201, F.A.C., I have organized and inventoried my legal materials and separated active from inactive materials. My active legal materials exceed the capacity of storage available in my inmate locker. I request to be allowed to store excess active materials in another area of the institution. I understand that these materials will be subject to a cursory review by department staff (only the case style, signature and letterhead will be read) to ensure compliance with department rules regarding utilization of excess storage, approved property and contraband.

INMATE SIGNATURE _Joseph W. Allen_ DATE _9/24/2020_

RECEIVED BY _____ DATE _9/24/2020_

RECEIVED
SEP 24 2020
WALTON C.I. LAW LIB

DC6-2006 (7/03)    Incorporated by Reference in Rule 33-602.201, F.A.C.

Box-2-

EXCESS ACTIVE LEGAL MATERIAL INVENTORY LIST

INMATE NAME _Joseph W. Allen_ DC# _X35926_

CASE NAME AND CASE #        DOCUMENT DESCRIPTION        DOCUMENT DATE

Mostly Kentucky Case No.: 04-CR-1360 Which Retrial Was 2014 Apprx. 5000 Pages 7 Folders/Envelopes With Many Smaller Envlb Inside And (4) Law Books

RECEIVED
SEP 24 2020
WALTON C.I. LAW LIB

INMATE SIGNATURE _Joseph W. Allen_ DATE _9/24/2020_

RECEIVED BY _____ DATE _9/24/2020_

Page 1 of 1

Box-2-

DC6-2008 (Revised 7/03)    Incorporated by Reference in Rule 33-602.201, F.A.C.

(Appendix C-2, 4 of 5)

Box-3-

REQUEST FOR STORAGE OF EXCESS ACTIVE LEGAL MATERIALS

INMATE NAME Joseph W Allen    DC# X35926

In accordance with Rule 33-602.201, F.A.C., I have organized and inventoried my legal materials and separated active from inactive materials. My active legal materials exceed the capacity of storage available in my inmate locker. I request to be allowed to store excess active materials in another area of the institution. I understand that these materials will be subject to a cursory review by department staff (only the case style, signature and letterhead will be read) to ensure compliance with department rules regarding utilization of excess storage, approved property and contraband.

INMATE SIGNATURE Joseph W. Allen    DATE 9/24/2020

RECEIVED BY _____    DATE 9/24/2020

RECEIVED
SEP 2 4 2020
WALTON C.I. LAW LIB

DC6-2006 (7/03)    Incorporated by Reference in Rule 33-602.201, F.A.C.

Box-3-

---

Box-3-

EXCESS ACTIVE LEGAL MATERIAL INVENTORY LIST

INMATE NAME Joseph W. Allen    DC# X35926

| CASE NAME AND CASE # | DOCUMENT DESCRIPTION | DOCUMENT DATE |
|---|---|---|

Lw. Case No.: 35-2003-003102  8 Ky. Case No.: 04-CR-1360
5th. D.C.A. 5D19-1589   - Appeal  2,236 Pgs. Pluss 1000 Add. Pages
1 through 5 White Envelopes.

5th. D.C.A. Case No.: 5D19-3222; Folders 6 Through 9 White No. Folder
5 Addt. Folders Pluss In These Folders Has Some (1-1613 Pgs.)
Ky. Case No.'s 04-CR-1360

RECEIVED
SEP 2 4 2020
WALTON C.I. LAW LIB

INMATE SIGNATURE Joseph W. Allen    DATE 9/24/2020

RECEIVED BY _____    DATE 9/24/2020

Page 1 of 1

Box-3-

DC6-2008 (Revised 7/03)    Incorporated by Reference in Rule 33-602.201, F.A.C.

---

This Box Was Thrown Away By (BRCRF) In 2021

(Appendix C-2, 5 of 5)

Joseph Wayne Allen, X35926
WAKULLA CI - MAIN UNIT
110 MELALEUCA DRIVE
CRAWFORDVILLE, FL 32327

MAILED FROM A
CORRECTIONAL
FACILITY

US POSTAGE ~PITNEY BOWES

ZIP 32327  $ 002.64⁰
02 4W
0000386097 DEC 28 2022

United States District Court
Northern District Florida, Tallahassee Division
111 N. Adams St., Ste. 232
Tallahassee, Florida, 32301

JAN 0 3 2023

LEGAL MAIL