### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

JOSEPH W. ALLEN,

      Plaintiff,

v.                                       Case No. 4:22-cv-148-WS/MJF

TWO UNKNOWN TRANSPORTATION
OFFICERS and WILLIAMS,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Joseph W. Allen alleges that Defendant Williams—a nurse at the Apalachee Correctional Institution—violated the Eighth Amendment when she refused to refill Allen's medications and renew his medical passes. Williams has moved to dismiss Allen's Eighth-Amendment claim of deliberate indifference to a serious medical need for failure to state a plausible claim for relief. Doc. 52. Allen responded in opposition. Doc. 54. Because Allen's fifth amended complaint fails to state a plausible Eighth-Amendment claim of deliberate indifference to a serious medical need against Williams in her individual capacity, the District Court should grant Williams's motion to dismiss.[1]

---

[1] On March 7, 2023, the District Court dismissed with prejudice Allen's claims against Defendants Ricky Dixon and Centurion, and severed and dismissed without prejudice Allen's claims against Defendant Jordan. Doc. 25

# I. BACKGROUND

On January 4, 2023, Allen, a prisoner proceeding *pro se*, file a fifth amended complaint. Doc. 22. Allen alleges that on November 16, 2021, two "unknown transportation officers" ("UTOs") transported Allen from the Blackwater River Correctional Facility to the Apalachee Correctional Institution ("ACI"). *Id.* at 6 ¶ 1. According to Allen, he showed the UTOs his then "current issued medical passes," which listed Allen's medical restrictions due to "past back surgery," "current back problems," and a "right[-]knee issue." *Id.* Allen's medical restrictions allegedly prohibit him from lifting, pushing, and pulling more than twenty pounds. *Id.* at 6–7 ¶¶ 1, 4.

Allen alleges that the UTOs refused to help him carry "over hundreds of pounds of legal documents" onto the transport bus and also prevented other inmates from assisting Allen. *Id.* ¶¶ 1–2, 4. As he was carrying a box of "legal documents" up the bus's "makeshift steps," Allen allegedly fell backwards off the bus. Doc. 22 at 6–7 ¶¶ 2, 4. Allen alleges that after he fell, he initially refused medical treatment because he was embarrassed. *Id.* at 7 ¶ 5. Thirty minutes after the fall, however, Allen allegedly realized that he injured his back, head, right arm and elbow, and right leg and knee. *Id.*

Following his fall on November 16, 2021, Allen was transported to ACI that same day. *Id.* at 7, 11 ¶¶ 5, 16. At ACI, Williams examined Allen's injuries. *Id.* at

23. Williams provided Allen with a "handful[] of Ibuprofen and [a] tube of muscle rub." Doc. 22 at 23. Two weeks later, Allen learned that Williams refused to refill Allen's medications and refused to renew Allen's medical passes. *Id.* Notably, Allen's medical passes did not expire until April 20, 2022. *Id.* According to Allen, while he was at ACI, he was in "severe pain" between Thanksgiving 2021 and early 2022. *Id.* at 11 ¶ 16. Allen alleges that on February 22, 2022, the Florida Department of Corrections transferred Allen from ACI to the Wakulla Correctional Institution. *Id.* at 8 ¶ 6.

Allen asserts that Williams violated the Eighth Amendment because she was deliberately indifferent to Allen's serious medical needs. Doc. 22 at 10–11, 22–23. Williams moves to dismiss Allen's Eighth-Amendment claim because Allen fails to state a plausible claim for relief.[2] Doc. 52. Specifically, Williams argues that Allen fails to plausibly allege that Williams acted with deliberate indifference. *Id.* at 3–7.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a claim to survive dismissal, the "complaint must contain

---

[2] Williams moves in the alternative for discovery to determine whether Allen exhausted his administrative remedies. Doc. 52. Because the undersigned is recommending dismissal based on Allen's failure to state a plausible claim for relief, the undersigned does not address Williams's alternative motion.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 556).

At the motion-to-dismiss stage, courts accept all well-pleaded factual allegations of the complaint as true and evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (citation omitted). Courts also hold the allegations of a *pro se* complaint to less stringent standards than pleadings drafted by lawyers. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

### III. DISCUSSION

The Eighth Amendment requires governments to provide minimally adequate medical care to those whom they are punishing by incarceration. *Hoffer v. Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020). A defendant violates the Eighth Amendment when she demonstrates deliberate indifference to a plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

An Eighth-Amendment claim of deliberate indifference to a serious medical need contains "both an objective and a subjective component." *Wade v. McDade*, 67 F.4th 1363, 1370 (11th Cir. 2023) (quoting *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020)). To survive a motion to dismiss, a complaint must plausibly allege both components. *See James v. Bartow Cnty.*, 798 F. App'x 581, 585 (11th Cir. 2020).

As to the objective component, a plaintiff ultimately must demonstrate that he suffers from an "objectively serious medical need." *Wade*, 67 F.4th at 1370. An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and, "if left unattended, poses a substantial risk of serious harm." *Keohane*, 952 F.3d 1257, 1266 (11th Cir. 2020) (quotation omitted).

As to the subjective component, a plaintiff ultimately must demonstrate that the defendant acted with "deliberate indifference." *Wade*, 67 F.4th at 1370. That is, the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than ***gross*** negligence." *Id.* at 1374. "Gross negligence" is "'the equivalent of recklessly disregarding' a substantial risk of serious harm to the inmate." *Id.* at 1375 (quoting *Cottrell v. Caldwell*, 85 F.3d 1480, 1490–91 (11th Cir. 1996)).

Allen's allegations against Williams arise from Williams's alleged refusal to refill Allen's medication and to renew Allen's medical passes because Williams "believed [Allen] was faking [his] injuries." Doc. 22 at 11 ¶ 16; *id.* at 23. But Allen also alleges that he was "surprised and impressed" with the treatment he received from Williams. *Id.* at 23. Additionally, Allen alleges that another nurse evaluated Allen two weeks after his appointment with Williams. *Id.* Allen does not allege that he was in pain during the two-week period between appointments. Allen also fails to allege that after the November 16, 2021 appointment, Williams continued to deny him treatment during his confinement at ACI. Indeed, Allen acknowledges that his November 16, 2021 appointment with Williams was the only time he ever "encounter[ed]" Williams. Doc. 54 at 1.

Furthermore, Allen acknowledges that when Williams refused to renew Allen's medical passes on November 16, 2021, Allen's passes were not scheduled to expire until April 20, 2022—*more than five months in the future*. Doc. 22 at 23. Additionally, on February 22, 2022—approximately two months before his passes expired—Allen was transferred from ACI to the Wakulla Correctional Institution. *Id.* at 8 ¶ 6. Allen's passes did not expire, therefore, during his confinement at ACI. Allen also provided evidence that on March 17, 2022, a nurse renewed his medical passes through March 17, 2023. *See* Doc. 54 at 16. Thus, Allen's medical passes never expired during the relevant period. Under these allegations, Allen fails to

plausibly allege that he suffered an injury from Williams's refusal to renew Allen's medical passes or that Williams recklessly disregarded a substantial risk of serious harm to Allen's health. *See Wade*, 67 F.4th at 1375.

Despite five opportunities to amend his complaint, Allen fails to allege that Williams violated the Eighth Amendment. Docs. 6, 16, 18, 20, 22. Thus, the District Court should grant Williams's motion and dismiss with prejudice Allen's individual-capacity Eighth-Amendment claim against Williams.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **GRANT** Defendant Williams's motion to dismiss. Doc. 52.

2.    **DISMISS** with prejudice Plaintiff Joseph W. Allen's individual-capacity Eighth-Amendment claim of deliberate indifference to a serious medical need against Williams.

3.    Refer this action back to the undersigned to address Allen's remaining individual-capacity Eighth-Amendment claim against the unidentified transportation officers.

At Pensacola, Florida, this 5th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**