United States District Court For The
Northern District Of Florida
Tallahassee Division

Joseph W. Allen,
Plaintiff/Petitioner,

Vs.

Case No: 4:22-CV-148-WS/MJF

Florida Department Of
Corrections, et al.,
Defendants/Respondant,

LEGAL MAIL
Provided to Wakulla CI
AUG 15 2023
for mailing

## Opposing Fla. Dept. Of Corr. Motion To Dismiss

Comes Now The Plaintiff Joseph W. Allen Pro Se Respectfully Oppose's Defendants Motion To Dismiss His Lawfull 42 U.S.C. §1983 Cival Right's Complaint Form For Reasons Stated Herein:

1) This 42 U.S.C. §1983 Was Originally Filed His Cival Rights Complaint Form For Pro Se Prisoner Litigants With This Being Filed Against Fla. D.O.C./Secretary Mr. Ricky Dixon, Sued In Individual Capacity, And, Sued In Official Capasity On Dec. 28th, 2022.

2) However This Honorable Court Required Plaintiff To File A Fifth Amendment, Cival Rights Complaint For For Pro Se Litigation In Actions Under 42 U.S.C. §1983, Filed On March 14, 2023 Per Mail Box Rule. See, (Appendix A - 21 Pgs.) Herein.

3) Plaintiff's Question Of Law/Objection Is Mr. Ricky Dixon Was Dismissed. Plaintiff Filed Pursuant To: Fed. R. Civ. Proc. Rule 4(3) Officer Or Employee Sued In Individual Capacity All Three Employees;

   (a) Roland Wilkerson, Filed: "Notice Of Appearance Of Councel" On: May 31st, 2023; By: Asst. Attorney General Mr. Brian R. Flynn-Fallon, My Objection Lies, In The Attorney General Can-not Represent A Officer Of Fla. D.O.C. Under Rule Fed. R. Civ. Proc. 4(3).

   (b) Tyrone Askew, Is Not Even A State Employee, And Has Never Filed A "Notice Of Appearance" With The Plaintiff Yet Asst. Attorney General Has Elected To Just Voluntarrally Represent Mr. Askew. Again Objection.

   (c) A.P.R.N. Ms. Williams, Filed Fomally, "Appearance Of Counsel" On: May,

1 of 9

, 3rd., 2023; By Attorney Peter Bartoszek With Law Firm Of, Wicker Smith O'Hara McCoy & Ford, P.A., Out Of Orlando, Florida.

4) Plaintiff Believes He Is Being Prejudiced By The State Using Their Unlimited Resourse To Protect The Abuse Of The Judicial System By Trying To Cover Up Violations Outlined In The U.S. 5th., 8th. And 14th. Amendments Listed In Plaintiff's Fifth Amended 42 U.S.C. §1983 Cival Rights Complaint.

5) The Asst. Attorney General Mr. Brian R. Fallon Has Layed Out Plaintiffs, Procedural History Very Concisely. Thank You, Sir. Please Allow Me To Comment On: The Prison Litigation Reform Act (P.L.R.A.) Became Law In/On April 24th., 1996. And Yes I Believe For The Most Part These Requirements Are Good And Mandatory. (But) Sir Where There Is Retaliation, Exhaustion Is Not Necessary, (Nor Possible) Emphasis Plaintiff's. Citing, Hollis Vs. Davis, 941 F.2d 1471 (11 Cir. 1991); O'Sullivan Vs. Boerckel, 119 S.Ct. 1728 (1999); Smith Vs. Jones, 256 F.3d 1135 (11 Cir. 2001); Lawrence Vs. Goord, 238 F.3d 182 (2nd. Cir. 2001).

6) Attorney Brian R. Fallon, Quite Often We File (Inmates) File Our Grievances As Informal DC6-236 But We Get No Response Sir. Then We File Formal Grievances DC1-303 In The Institution Level. Then We File Formal Grievance DC1-303 To The Secretary Of Florida D.O.C. But At The Very Beginning Informal Must Be Answered. But, Fla. D.O.C. Does Not Follow Rule[s] Outlined In F.A.C. 33-103, 001 Through 33-103.018 (19) Sub. Sections, At (Certain Institutions). Plaintiff Also States Theres Rules Are Governed By "Personal Rules Of Conduct" Outlined In F.A.C. 33-208, 001 Through F.A.C. 33-208.512.

7) Sir/Mam Fla. D.O.C. Is A Agency And Agency Must Follow It's Own Rules See, White Vs. Moore, 789 So. 2d 1118-19 (Fla. 1st. D.C.A. 2001); Payne Vs. Black, 714 F. 2d 1510-17 (11th. Cir. 1983). These Sections Outlined In Id. 6, 7,   All Pertain To Exhaustion Required By (P.L.R.A.), And The Eleventh Circuit 42 U.S.C. §1997e, "Mandates A Good Faith, Bona Fide Effort To Comply With [The Grievance] Procedures For Obtaining An Administrative Remedy". See, Harris Vs. Garner, 216 F. 3d 970, 973-80 (11th. Cir. 2000). Please Allow Me To State That, Inmate Was Transfered To A.C.I. On Nov. 16th. 2021, Then Transfered To Wakulla C.I. On Feb. 22nd. 2022 A Little Over Three Months And Transfered While He Was Trying To Exercise His Exhaustion Process See, Adams Vs. Wainwright, 875 F. 2d 1537 (11th. Cir. 1989); Also Exhaustion Requirement MAY Be Waived See, Hollis Vs. Davis, 941 F. 2d 1471 (11th. Cir. 1991). Pursuant To Due Process Clause Of The U.S. Constitution Guarantees Freedom Of Bodily Movement, See, Youngberg Vs. Romeo, 457 U.S. 307, 102 S.Ct. 2452 (1982).

8) Plaintiff Would Like To Commit On The Eleventh Circuit Court Of Appeal Has Noted That The Policy Reasons Underlying The Requirement Of Exhaustion Are:
(1) "To Avoid Premature Interruption Of Administrative Process"; (Plaintiff Believes The Administrative Process Is Like The Constitution, However Florida D.O.C. Is Limited On Their Employee And Even More Limited On Qualified Employees Who Understands The Administrative Process). Respectfully Stating, It Very Rarely Works.

(2) "To Let The Agency Devolop The Necessary Factual Background Upon Which Decisions Should Be Based"; Please Sir, When Us Inmates Are Shackled To Transport Us For Hours Upon Hours, Then Placed Upon Us, This (Black Box) This Is Cruel And Unusual Punishment Inflicted Upon Us, With Inches To Move, On Top Of This We Are Made To Carry Our Property Or Desert It, With Medical Issues And Passe's, How Can F.D.O.C., As A Agency Devolop Any Necessary Decisions Within The Scope Of Lawfully. See F.A.C., 33-208.002 Rules Of Conduct : Id. Sub. Sec.(8). Quote :

"No Employee" Shall Willfully Or Negligently Treat An Inmate In A Cruel Or Human Manner, "Nor Shall Profane Or Abusive Language Be Used In Dealing With An Inmate Or Person Under The Employees Supervision".

9) Yes Eleventh Circuit Cites Great Cases A Procedurals Along With P.L.R.A. But Florida Dept. Of Corr. And Some Other Agencies Must Apply Checks And Balances, While Trying To Follow Procedures. We Must Hire Outside Of A Corrupt Agency If We Don't Hold Our Leaders Accountable. Here At Wakulla C.I. The Administration Does, For The Most Part Answear And Return Most Grievances Timely. Mrs. Comerford Handles Most Of This. (Very Proffesional) Most Of The Time. Respectfully. Also Please Allow Plaintiff To Further Elaberate : Fla. Statute[s] ;

§ 838.022, Official Misconduct ; (1) "It Is Unlawfull For A Public Servant, With Intent ... To Cause Harm To Another, To (a) Falsify ... Any Official Record Or Document ; (b) Conceal, Cover Up, Destroy, Mutilate, Or Alter Any Official Record". And,

§ 839.13 (2), (a) ; Falsifying Records : "Any Person Who Knowingly Falsifies, Alters, Destroys, Defaces, Overwrites, Removes Or, Discards An Official Record Relating To An Individual In The Care And Custody Of A State Agency ... Commits A Felony Of The Third Degree. Asst. Attorney General Mr. Brian R. Flynn-Fallon & Attorney, Mr. Peter Bartoszek Esq. . . See, Hollis Vs. Davis, Smith Vs. Jones, Lawrence, Supra.

10) Plaintiff Ask To Allow Him To Backtrack To Sub. Sec.(3) To Eleventh Circuit Court ; Id.(3) "To Pemit The Agency To Exercise ___ Its Discretion To Apply Its Expertise"; Wow. Websters Version Of, Discretion : 2. "Ability To Make A Responsible Decision". When Fla. Dept. Of Corr. Using Their Discretion, Place A Black Box On Their Shackles, They Are Not Acting In A Responsible Manner With Medical Care Inmates. Please Allow Inmate Allen To Resubmit His Medical Restriction Passe's (Appendix A-1 of 5 Pages) See, Appendix A-2 Top Left Pass That Was Current Until April 20th, 2022 According To This Honorable Court. At Least It Was Valid Until Dec. 22nd, 2021. No Disrespect Intended. Id.(4) "To Improve The Efficiency Of The Administrative Process"; (Yes, I Pray We Can Help). Id.(5) "To Conserve Scarce Judicial Resources, Since The Complaining Party May Be Successful In Vindicating Rights In The Administrative Process And The Courts May Never Have To Intervene; (Yes Fla. D.O.C. Has Limited Resource's But The State Keep On Violating Their Prosecutorial Power By Wrongful Prosecutions). Loose, Loose Process. Please Help Us Change This. Id.(6) "To Give The Agency A Chance To Discover And Correct Its Own Errors" (How Many More Are We Going To Hurt/Kill). Id.(7) "To Avoid The Possibility That "Frequent And

Flouting Of The Administrative Process Could Weaken The Effectiveness Of An Agency By Encouraging People To Ignore Its Procedures." (Yes With These Outlined (7) Reasons For Complete Exhaustion Requirements, This Makes Sence And I Believe Is Fair, However This Is Exactly What Has Happened).

11) Plaintiff Love's This United States And The Constitution And Even The Principles That Govern It, But The Eleventh Circuit Court So Eloquently Stated In Id.(7) That The___ "Frequent And Flouting Of The Administrative Process,"___ Has Weakened Our Effectiveness Of This Agency, But Any Secretary Of Dept. Of Corr. Can And Should Mandate Their Administrative Employees To Hold Each Individual Institution And Their Employees Accountable For Following These F.A.C. Rules, Most Of Them Are Good If And When Applied, Such As Our Constitution. Citing, <u>Marbury Vs. Madison</u>, 5 U.S. 137 (1803), Herein And Through-Out, Chief Justice John Marshall Declared:

"<u>That In Any Conflict Between The Constitution And Law Passed By Congress, The Constitution Must Always Take Precedence</u>." Amen! A Prisoner Is Only Stripped Of His Clothes And Pride At The Prison Gate, But Never Stripped Of His United States Constitutional Rights As Guaranteed, See, <u>Bell Vs. Wolfish</u>, 441 U.S. 520, 99 S.Ct. 1800; <u>Procunier Vs. Martinez</u>, 416 U.S. 396, 94 S.Ct. 1800 (1974).

12) The Eleventh Circuit Has Also Stated [According To Asst. State Attorney] That The Purpose Of Exhaustion "Is To Put The [Administrative Authority] On Notice Of ALL ISSUES, In Contention And To Allow The [Authority] An Opportunity To Investigate Those Issues." <u>Chandler Vs. Crosby</u>, 379 F.3d 1278, 1287 (11th. Cir. 2004) (Citations Omitted).

<u>F.A.C. 33-103.001 Inmate Grievances - General Policy</u>: (If This Is/Was Applicable).
(1) "The Purpose Of The Grievance Procedure Is To Provide An Inmate With A Channel For Administrative Settlement Of A Grievance.___. The Inmate Grievance Procedure Was Fully Certified By The United States Department Of Justice In March, 1992, Pursuant To The Requirements Of Sections 944.09 And 944.331, Fla. Stat." Sir This Is Also What Our Honorable Courts Oversee, Only The Federal Courts Are Showing Of Following OUR U.S. Constitution, And Federal Right's. What Has Happened To Our Great State Of Florida Justice System?

13) Plaintiff Would Like To State That He Repeatedly Filed A Informal Grivance The First Time To Warden Maddox At A.C.I. With No Response Concerning The Unknown Named Transportation Ofc.'s, And The Second Time To Asst. Warden Mr. Brown, But Again No Response, Then I Personally Sent Mr. Maddox A Letter Then He Had Me Transferred Sir. Exhaustion At That Point Became Futile To Repeat This Process See, <u>McCarthy Vs. Madigan</u>, 503 U.S. 140 117 L.Ed. 2d. 291, 112 S.Ct. 1081 (1992).

Citing, Bryant Vs. Rich, 530 F.3d 1368, 1374, at 1376 (11th. Cir. 2008), The Court Held That Deciding A Motion To Dismiss For Failure To Exhaust Administrative Remedies Is A Two-Step Process:

<u>First</u>, "The Court Looks To The Factual Allegations In The Defendant's Motion To Dismiss <u>And</u>, Those In The Plaintiff's, Response, <u>And If They Conflict</u>, Takes The Plaintiff's Version Of The Facts As True". Now When The Plaintiff Began To Argue This Case, He Had To Leave Out So Many Initial Facts To Keep This With The Number Of Pages To Be Accepted As Within The U.S.C. 42 §1983 Cival Rights Complaint Form For Pro Se Inmates. Respectfully.

14) This Doc. 61 P.10 of 20 A.A.G. Mr. Fallon Helps Quite Often With His, Motion To Dismiss Fifth Amended Complaint, By Stating Facts That Plaintiff Mr. Allen Had Elaberated On Earlier Entries Of This Issue Of Lack Of Ability To Be Afforded My Legal Process. Plaintiff Has Cited So Many Times: F.A.C. 33-210.102(1) Legal Documents And Legal Mail;
  (1) "All Inmates* Shall Have A Right Of Unhindered Access To The Court." - - - - ,
Since Plaintiff Was Transfered In Violations Outlined In F.A.C. 33-103.017(1) Rerisal;
  (1) "Inmates* Shall Be Allowed Access To The Grievance Process Without Hindrance. Staff Found To Be Obstructing An Inmates Access To The Grievance Process* Shall Be Subject To Disciplinary Action Ranging From Oral Reprimand Up To Dismissal In Accordance With Rule 33-208.001-003, F.A.C. Including But Not Limited To F.A.C. 33-208.002 (3)(a)(6),(8),(12),(19),(24).
Petitioner Allen Is Sorry I Can-not Get This Typed.

15) Plaintiff Has Not Missed A Deadline On His Exhaustions Here At Wakulla C.I., But He Feel's This Institution Is About To Exercise A Transfer Again Due To The Legal Litigations And Violation That Florida D.O.C. Is Continually Exercising Some Have Been Known To Call This As "Diesel Therapy Or BlueBird You" This Is Tactics To Shut Us Up And To Break Our Will To Continue Legal Litigation, Even To Have Other Inmates Hurt Or Kill Some Inmates For Rebellion. Not Just Scare Tactics. Plaintiff State His Legal Documents Has Been Searched Again Today Is 8/3/2023 And In Disarray. God Help Me From This Injustice Please. Made It To The Library, Where The A/C Is Working And Peace Prevails.

16) Plaintiff Claims F.D.O.C. Has Stoped Giving Us Inmates With Carbon Copies Of Medical Sick Call Request, And Informal And Formal Grievances, Plaintiff Has Continually Sought Help By Officers Roland Wilkerson And Tyrone Askew Who Was The Transportation Officers On Nov. 16th., 2021 Who Delivered Him To Appalachee C.I. (A.C.I.) However Mr. Allen Showed His Passe's See (Appendix    ) Which States Current Medical Passe's To Not Lift No More Than 20 Lbs, Quote: "No Push, Pull, Or Lift Over 20 Lbs." This Clearly Means Plaintiff Has A Serious Medical Disability.

17) On Page 12 Of Defendant's Mot. To Dismiss Fifth Amended Complaint (Doc. 61) They State That Plaintiff Fails To State A Claim Of Equal Protection Under The Fifth And Fourteen Amendment These Analysis Are Identical See, Fraternal Order Of Police Vs. United States, 152 F.3d 998 (D.C. Cir. 1998) And Also Allen Claims The Equal Protection Clause Extends To Prison Inmates (Mr. Allen Included), Rouse Vs. Benton, 193 F.3d 936 (8th. Cir. 1999). Yes This Analysis That Applies In, City Of Cleburne Vs. Cleburne Living Ctr., 473 U.S. 432, 439 (1985), Which States: To Establish An Equal Protection Claim, "A Prisoner Must Demonstrate That, (1) They Are, Similarly Situated To Other Prisoners Who Received More Favorable Treatment; And [That] (2) The State Engaged In Invidious Discrimination Against [The Prisoner] Based On Race, Religion, National Origin, Or Some Other Constitutionally Protected Basis." (Medical Disability) Citing, Sweet Vs. Secretary Dep't Of Corr., 467 F.3d 1311, 1318-19 (11 Cir. 2006); Schwarz Vs. City Of Treasure Island, 544 F.3d 1201, 1212 n.6 (11th. Cir. 2008). Florida D.O.C. Is A Agency And Must Follow It's Own Rules See, White Vs. Moore, 789 So. 2d 1118-19 (Fla. 1st. D.C. A. 2001); Payne Vs. Black, 714 F.2d 1510-17 (11 Cir. 1983). "The Equal Protection Clause Prohibits Only Intentional Discrimination". A.D.A. Applies To Prisoners In In-

stitutions, See, <u>Raines Vs. State</u>, 983 F. Supp. 1362 (N.D. Fla. 1997). Herein Inmate Allen Claims He Was Discriminated Against Him For Medical Disability (Passes/Restrictions) And Plaintiff Claims He Was Also Called A Cho-Mo Referring To Child Molester, And Due To His Medical Issues And/Or His Charges He Is Not Sure Why The Transportation Officers Conducted Their Analysis Of People But Plaintiff's Treatment Has Escalated Through-Out His F.D.O.C. Stay.

18) Discriminator Intent Requires More Than Awareness Of The Consequences Of Different Treatment. Personnel Administrator Of Mass. Vs. Feeney, 422 U.S. 256, 279 (1979), It Can Only Be Assest By Actions And Few Words That Are Said By Some Employees. Therefore, Plaintiff Has Failed To State A Claim For Equal Protection Violation. And Asst. Attorney General Claims Plaintiff Failed To Satisfy The Outline That He Claims. Mr. Allen Knows That He Was The Only Inmate On The Full Bus Load Of Over 40 Pluss Inmates That Had These Medical Passes And He Was Transporting Hundreds Of Pounds Of Legal Documents And Mr. Allen Had Two (2) Seperate Inmates Offer To Help Mr. Allen But For Both Officers Denying Anyone To Help Him.

19) IV. Plaintiff's Request For Punitive Damages Must Be Dismissed, On Page 14. Yes Again Asst. Attorney General Mr. Fallon Has Chosen A Slippery Path By Stating The Federal Right Of Any Particular Plantiff Under <u>18 U.S.C. §3626(a)(1)(A)</u> Has Construed This To Mean, "The Court Must Find That Such Relief Is Narrowly Drawn, And Extends No Further Than Necessary To Correct The Violation Of The Federal Right, And Is The Least Intrusive Means Necessary To Correct The Violation Of The Federal Right." Mr. Fallon Sir I Believe When The Federal Court States The Least Intrusive, It Means (I Believe) It Means It Will Only Be Included In This Process To Correct The Constitutional Violation To Prevent This Violation To Continue Sir. And Again If This Injury Is Not Corrected By Way Of Wrong-Doing. <u>Punitive Damages</u>: "Damages Awarded In Cases Of Serious Or <u>Malicious Wrongdoing</u> To Punish Or Deter The Wrong-Doer Or Deter Others From Behaving Similarly." (These Actions Must Stop).

20) Inmates, Prisoners, And Convicts, In The State Of Florida By Most Florida D.O.C. Employees Treat Us Men Like Trash. "A Prisoner Is Not Stripped Of His/Her Constitutional Rights" Citing, <u>Bell Vs. Wolfish</u>, 441 U.S. 520, 99 S.Ct. 1800; <u>Procunier Vs. Martinez</u>, 416 U.S. 396, 94 S.Ct. 1800 (1974). Plaintiff Will State For The Record To Reflect Most Of The Written Policies Are Fair If Florida D.O.C. Would Enforce Them. Ie. <u>33-208.002(8)</u> <u>Rules Of Conduct</u>: "(8) No Employee Shall Willfully Or Negligently Treat An Inmate In A Cruel Or Inhuman Mannor, No Shall Profane Or Abusive Language Be Used In Dealing With An Inmate Or Person Under The Employees Supervision." (Your Honor, From The Major On Down Us Inmates Get Cussed Out And Spoken To Like Crap, And More Often Than Not, Physically Abused). If The Federal Court Does Not Award Punitive Damages, Who Will Learn.

21) Also Defendant Tyrone Askew Has Still Not Responded By Counsel And He Is No-Longer A Fla. D.O.C. Employee So How Can The Attorney General Handle

This Case. Asst. Attorney General, (I Believe) Can-not Be Counsel For A State Employee Specifically Fla. Dept. Of Corr. Officer In A Cival Matter As Being Charge In His Individual Capacity. And If The Plaintiff Is Correct This Motion That Mr. Fallon Has Filed Should Be Treated As Moot. And If The Plaintiff Is Not Correct, Then Florida Dept. Of Correction Should Be Held Accountable For All Actions That Their Officers Violates, Civally. In State And Federal Court. (Respectfully). But To No Longer Work For The State Is Not Right Nor Lawfull To Even Respond By Mr. Tyrone Askew.

22) Plaintiff Is Still Being Schooled In The Art Of Perfecting The Language Of The Legal Cival As Well As Criminal Proceedings, So I Thank You Mr. Attorney General Mr. Fallon Pg. 15 Is Very Informative To My Mental Retension. With That Being Said : Yes, "Punitive Damages Are Prospective Relief"
"Herein Plaintiff Seek's Compensatory Monetary Damages For My Pain And Suffering And Punitive Damages For Prospective Relief For Medical Testing And Treatment To Not Only Compensate For Pain And Suffering But For Proper Diagnosis." (Treatment).

23) Attorney General Mr. Fallon Cites Wrongfully Hoever Vs. Marks, 993 F. 3d 1353, 1364 (11th. Cir. 2021) And 42 U.S.C. §1997e(e) For Punitive Damages Without A Physical Injury. This Is Not The Case In The Instant. Mr. Allen Suffers From A Head Injury, Lower Back Reinjury, Right Knee And Right Elbow And Wrist. With-out A E.E.G. Nor M.R.I. Testing This Will Not Be Cured For Apprx. Five More Years In Florida D.O.C. Treatment And Care And Pain And Suffering. Herein The A.G. Mr. Fallon States A Hypothetical Question/Statement That Has Been Misappropriated In Mr. Allens Case Thus Leaving These Last Couple Of Pages Not Applicable To The Issues At Hand.

24) The Bottom Line, The Plaintiff Tried To Exhaust His Administrative Remidies As Required By (P.L.R.A.) And Florida D.O.C. Rules, But Warden D. Maddox And Asst. Warden Brown From (A.C.I.) Prison Knew Mr. Allen Would Not Miss A Deadline So They Not Only Did Not Follow Chapter 33 Administrative Rules But They Transfered Plaintiff To Remove The Head Ache. (They Believed) Would Haunt Them, Therefore Mr. Allen Was Transfered Adams Vs. Wainwright, 875 F. 2d 1537 (11th. Cir. 1989). And State Officials May Be Held To Personal Liability Citing, Hafer Vs. Melo, 502 U.S. 21, 112 S.Ct. 358 (1991).

## Conclusion

Asst. Attorney General Mr. Fallon Fails To Accept Fla. D.O.C. Has Denied Mr. Allen Due Process As Guaranteed In The 5th. And 14th. Amendments And Prior To This Transportation Officers Assigned At (A.C.I.) Ofc. Tyrone Askew And Ofc. Roland Wilkerson Acted Knowingly And Deliberately With Malice Intent To Cruel And Unusual Punishment Inflicted Upon Mr. Allen As Outlined In The U.S. 8th. Amendment And With Deliberate Indifference See, Estelle Vs. Gamble, 429 U.S.

97, 97 S.Ct. 285 (1976) And Mandell Vs. Doe, 888, F.2d 783 (11th.Cir.1989), After Mr. Allen Showed Current Medical Passes/Restrictions Thus Violating Id. 33-208, 002(8) Rules Of Conduct And Violations Outlined In Edwards Vs. Balisok, 117 S.Ct. 1584-88 (1997); Osterback Vs. Singletary, 697 So.2d 43 (Fla.1996). And Any Inmate Who Has These Passes Is A American With Disabilities See, Pennsylvania D.O.C. Vs. Yeskey, 118 S.Ct. 1952 (1988). And Retaliation/Reprisal Is Not Allowed See, Bridges Vs. Russell, 757 F.2d. 1155 (11th.Cir. 1983) And. F.A.C. 33-103.017(a) Which Also States Agency Must Follow It's Own Rules See, White Vs. Moore And Payne Vs. Black Supra.

Wherefore Mr. Attorney General (Asst.) Brian R. Flynn-Fallon's Motion To Dismiss Fifth Amended Complaint Filed Should Be Dismissed As Not Meeting The Reasons Set-Forth In His Motion And Stating "Inappropriately". (Id. Pg.4) " While Pro Se Litigants Are Entitled To The Benifit Of Having Their Pleadings Liberally Construed, A Court Cannot Act As De Facto Counsel For A Party" "Or Rewrite An Otherwise Deficient Pleading In Order To Sustain An Action". Sir You Must Exercise Caution When Claiming Allegations Against A Honorable And Highly Respected United States Magistrate Judge Whom Has Dismissed More Than Half Of My Claims, But He Can Also See The U.S. Constitutional Violations That Mr. Allen Has Claimed And He Also Knows Of These Tricks With-In The System.

Mr. Allen Respectfully Apoligizes For This Delay And Prays That He Has Rebutted This Claim To Dismiss His Fifth Amended Claim For Relief And Would Like The Opportunity For Pre-Trial Motions For Discovery From The Defendant's And Interogatory's As Outlined In The Rules.✱

Respectfully Submitted:

Executed 15th Day Of Aug. Month Of, 2023 Year.

/S/ Joseph Wayne Allen

Mr. Joseph W. Allen, D.C.No: X35926
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida, 32327-4963

✱ Mr. Allen Apoligize's To All Parties For The Delayment He Is Currently Not Physically Nor Mentally In The State Of Ability To Act In His Normal State Of Being And Florida D.O.C.'s Computers Block Legal Research Cites That Help Us Inmates, And I Unfortunately Keep Waking Up, So I Must Continue To Keep On Going. To Be Absent Of The Body Is Present With The Lord. (Amen).

✱ Today Is Aug.15th., 2023 And I Have Not Received No Mail From The U.S. District Court.

## Unnotarized Oath

I Hereby Declare Under Penalty Of Perjury, Pursuant To Fla.Stat.§92.525, That I Have Read, Written The Foregoing Facts And They Are True And Correct.

Executed 15th Day Of, Aug. Month Of, 2023 Year.

Respectfully Submitted:

/S/ _____
Mr. Joseph W. Allen, D.C. No: X35926, Pro Se
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida, 32327-4963

## Certificate Of Service

I Hereby Certify That A True And Exact Copy Of The Foregoing Motion Has Been Given To Wakulla C.I. Mail Handlers Pursuant To Rule 9.420(a)(2) Fla.R.App.Proc. And Sent By First Class U.S. Postage To: 1) U.S. District Court, Tallahassee Division, 110 N. Adams Street, Ste., 232, Tallahassee, FL 32301; 2) Asst. Attorney General Mr. Brian Fallon, PL-01 The Capitol, Tallahassee, FL 32399-1050; 3) Attorney Mr. Peter Bartoszek, 390 N. Orange Ave., Ste., 1000, Orlando, FL 32801, On This 15th Day Of, Aug. Month Of, 2023 Year Of Our Lord.

Respectfully Submitted:

/S/ _____
Mr. Joseph Wayne Allen D.C.#X35926
Pro Se

Joseph Wayne Miller D.C.# X35424
WAKULLA C.I. - MAIN UNIT
110 MELALEUCA DRIVE
CRAWFORDVILLE, FL 32327

LEGAL MAIL

U.S. District Court Tallahassee Division
110 N. Adams St., Ste. 232
Tallahassee, Fl 32301

MAILED FROM A
CORRECTIONAL
FACILITY



US POSTAGE
ZIP 32327 $
02 4W
0000386097