## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JOSEPH W. ALLEN,

      Plaintiff,

v.                              Case No. 4:22-cv-148-WS/MJF

ROLAND WILKERSON and
TYRONE ASKEW,

      Defendants.

_____/

## <u>SECOND REPORT AND RECOMMENDATION</u>

Defendants Roland Wilkerson and Tyrone Askew move to dismiss Plaintiff Joseph W. Allen's fifth amended complaint for failure to state a claim upon which relief can be granted. Doc. 61. Allen alleged that Wilkerson and Askew acted with deliberate indifference to a serious medical need and violated the Equal Protection Clause. Doc. 22 at 22–23. For the reasons set forth below, the District Court should grant Defendants' motion with respect to Allen's equal-protection claim, but deny the motion with respect to Allen's claim of deliberate indifference claim and with respect to Allen's request for punitive damages.

# I. BACKGROUND

In 2021, Allen was a prisoner in the custody of the Florida Department of Corrections ("FDC"). FDC officials ordered Allen to be transported from the Blackwater River Correctional Institution ("Blackwater River CI") to Apalachee Correctional Institution ("Apalachee CI"). Doc. 22 at 6, 22. On November 16, 2021, prior to boarding the bus to Apalachee CI, Allen purportedly presented his "medical pass" to Defendants. The medical pass contained the limitation that Allen not push, pull, or lift anything over 20 pounds. *Id.* at 6–7, 22.

Allen alleges that his property was extremely heavy. *Id.* at 6. Defendants, however, refused to carry Allen's property and would not allow other inmates to assist Allen. *Id.* at 6, 22.

As Allen climbed the bus's steps with some of his property, he lost his balance and fell backwards. *Id.* at 7, 22. According to Allen, this injured his back. After this fall, Allen finished loading his property on the bus. Doc. 22 at 23. After the FDC transported Allen to the Apalachee CI, Allen was taken to "medical" where medical staff provided him with ibuprofen and "muscle rub." *Id.*

Against both Defendants, Allen asserts a claim under the Eighth Amendment for deliberate indifference to a serious medical need. *Id.* at 6–7. Also against both Defendants, Allen asserts an equal-protection claim. *Id.* at 9–10. Specifically, Allen contends that Defendants treated him differently than similarly situated inmates. Allen seeks compensatory and punitive damages.

Defendants move to dismiss the entirety of Allen's fifth amended complaint for failure to exhaust his administrative remedies and to "dismiss" Allen's request for punitive damages. Doc. 61 at 4, 12, 14.

## II. DISCUSSION

### A. <u>Exhaustion of Administrative Remedies</u>

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a section 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015). Exhaustion of such remedies is a mandatory precondition to suit. *Ross v. Blake*, 578 U.S. 632, 638 (2016); *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Varner v. Shepard*,

11 F.4th 1252, 1260 (11th Cir. 2021). "Proper exhaustion 'means using all steps that the agency holds out, and doing so properly . . . .'" *Varner*, 11 F.4th at 1260 (quoting *Woodford*, 548 U.S. at 90) (emphasis removed). The agency, not the PLRA, determines the proper method of exhaustion. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90.

The FDC's grievance procedure is a three-step process: an inmate must (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). Fla. Admin. Code r. 33-103.005 to -103.007; *see Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010). Inmates use Form DC6-236 ("Inmate Request form") to file an informal grievance. *Jenkins v. Sloan*, 826 F. App'x 833, 836 (11th Cir. 2020) (per curiam) (citing Fla. Admin. Code r. 33-103.005(2)).

"Informal grievances must be received by the institution within 20 days of when the incident or action being grieved occurred." *Id.* (citing Fla. Admin. Code r. 33-103.011(1)(a)). If the informal grievance is denied,

the institution must receive an inmate's formal grievance no later than 15 days from the date of the response to the informal grievance. *Id.* (citing Fla. Admin. Code r. 33-103.011(1)(b)). Finally, an institution must receive an appeal from the denial of a formal grievance within 15 days "from the date the response to the formal grievance is returned to the inmate." Fla. Admin. Code r. 33-103.011(1)(c).

Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones*, 549 U.S. at 216; *Varner*, 11 F.4th at 1257. Exhaustion is analyzed in two steps. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, a district court must determine whether the complaint should be dismissed for lack of exhaustion while taking the plaintiff's version of the facts as true. *Varner*, 11 F.4th at 1258. Second, if the complaint is not subject to dismissal at the first step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082. The court then decides whether the plaintiff exhausted his administrative remedies. *Varner*, 11 F.4th at 1258. Of course, the court "may not find a lack of exhaustion by enforcing procedural bars that the

prison declined to enforce." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1213–14 (11th Cir. 2015).

Defendants contend that "Plaintiff has not filed any grievances regarding the allegations" against them. Doc. 61 at 9. Defendants also contend that Allen "did not assert deliberate indifference or equal-protection violations by FDC Defendants" or "place FDC on notice of [the] claims" because the grievances spoke only about "medical issues or [were claims] against other parties." Doc. 61 at 9–12. Allen counters that he exhausted his administrative remedies by "repeatedly fil[ing] a[n] informal grievance . . . to Warden Maddox" when he arrived at Apalachee CI. Doc. 68 at 4 ¶ 13. Allen alleges he received no response. *Id.*

At step one of *Turner*, Defendants have not demonstrated that dismissal is appropriate because the District Court must accept as true Allen's contention that he exhausted his administrative remedies. *See Varner*, 11 F.4th at 1258. The District Court, therefore, must proceed to step two of the *Turner* analysis and determine whether the evidence shows that Allen exhausted his administrative remedies. *See Turner*, 541 F.3d at 1082.

1.    ***Allen's Eighth-Amendment Claim***

(a).    **Allen's Formal Medical Grievance**

On December 1, 2021, Allen filed a formal grievance to the Warden of Apalachee CI under the "medical grievance" exception. Doc. 61-3 at 1; *see* Fla. Admin. Code r. 33-103.005(1); Fla. Admin. Code r. 33-103.008. This grievance bore the log number "2112-102-013," and in it, Allen stated:

> I fell off of the second step of the bus when I was shackled leaving Blackwater River Corr. & Rehabilitation Facility. I was made to carry six (6) bags of legal work with shackles on and being told by the officers to hurry up. I fell backwards and medical came to see me, but they were laughing at me and I was imbarrassed. I hurt my back and right leg and I hit my head badly and now I get headaches.
>
> When I arrived here at Apapalachee C.I. I told the DOA, and they seen me in medical[.] [B]ut it has been over (15) days today and I have accessed a sick call[.] [B]ut I have not been seen yet. I am not mad at Medical Department, but I am hurt and must log this incident. Please give me something for pain. I am hurting. Thank you, God Bless.

Doc. 61-3 at 1 (errors in original).[1]

---

[1] Some quotations from Allen's grievances and filings are altered as to their form to enhance clarity.

### (b). The FDC's Denial of Allen's Grievance

On December 8, 2021, the FDC denied Allen's grievance and responded: "Medical staff were contacted and they stated that you were seen on sick call 12.2.21 and the nurse has made a referral to the provider. You will be placed on a callout." *Id.* at 2.

### (c). Allen's Appeal of the Denial of His Grievance

On December 10, 2021, Allen appealed the denial of grievance 2112-102-013 to the FDC Secretary. *Id.* at 3; *see* Fla. Admin. Code r 33-103.011(1)(c). This appeal bore the log number "21-6-36248." Doc. 61-3 at 3. In his appeal, Allen stated:

> [O]utside of Blackwater River Correctional Rehabilitation Facility, where the bus was located on 11/16/2021. While us inmate where being loaded on the bus for transportation to: (A.C.I.). Apprx 11:30 A:M, through 12:30 P:M. . Deliberate indifference was committed to inmates health and safety, per, 8th Amendment which requires official's to provide protections. . . . This inmate has medical passes, not to lift more than (20 pounds) no repete bending/stooping and I was made to carry six (6) bags of legal work with shackles on and each bag weight was over fifty (50 lbs) While going up steps not secure, or, to leave behind his legal work to be disposed of. And when I (inmate) fell backwards off the bus the nurse and Ofc. laughed at me. See Estelle vs. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976); Mandel vs. Doe, 888 F.2d 783 (11CA 1989) Violation of inmates medical needs. To transfer inmate under medical pass restrictions and then expect inmate to give up

his legal proceedings is unnecessary and unrestricted infliction of pain not allowed . . . .

*Id.* (errors in original). Two of the cases cited by Allen—*Estelle v. Gamble* and *Mandel v. Doe*—involve prison inmates' Eighth-Amendment claims of deliberate indifference to a serious medical need.

### (d).  <u>The FDC's Denial of Allen's Appeal</u>

On January 21, 2022, the FDC denied Allen's appeal. *Id.* at 4. In doing so, the FDC stated:

> It is determined that the response made to you on 12/8/21 appropriately addresses the issue you presented.

> Records reviewed indicate that you were seen by the provider on 12/9/21.

> It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing.

> Should you experience medical problems, sick call is available so that you may present your concerns to your health care staff.

*Id.* (errors in original).

Allen later appealed 21-6-36248 with an appeal bearing grievance log no. "22-6-03309" that was stamped "received" by FDC on January 31, 2022. Doc. 1 at 22. In it, Allen requested "video and statements" that he

asked for in his appeal 21-6-36248. *Id.* The FDC returned this appeal for non-compliance. *Id.* at 21.

### (e).    Exhaustion of Allen's Administrative Remedies

For purposes of the exhaustion requirement, a grievance is sufficient when it alerts prison officials to the nature of the wrong for which the inmate seeks redress. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); *see also Brown v. Sikes,* 212 F.3d 1205, 1209–10 (11th Cir. 2000) (a plaintiff should "provide during the grievance process all of the information concerning his claims that he has or reasonably could obtain"). The "grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650. Absent FDC regulations that require more, a level of specificity that would satisfy the notice-pleading standard suffices. *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004); *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019).

Allen's grievance log 2112-102-013 of December 1, 2021, and his appeal log 21-6-36248 collectively articulate that Defendants were

deliberately indifferent to Allen's allegedly serious medical need. Indeed, although Allen was not required to use "magic words" like "deliberate indifference," or even cite the relevant Amendment or applicable cases, Allen did all of these things. Allen stated in his appeal "Deliberate indifference was committed to inmates health and safety, per, 8th Amendment . . . .," and Allen cited two federal cases that concern claims of deliberate indifference to a serious medical need. Doc. 61-3 at 3 (errors in original). Accordingly, Allen sufficiently exhausted his administrative remedies regarding his claim of deliberate indifference to a serious medical need.

### (f).  **Defendant's Arguments**

Defendants argue that Allen failed to exhaust his administrative remedies with respect to his Eighth-Amendment claim because he failed to mention the Defendants in his grievance. Doc. 61 at 9–11. In fact, however, Allen mentioned Defendants in his grievance: "I was made to carry six (6) bags of legal work with shackles on and being told by *the officers* to hurry up. I fell backwards . . . ." Doc. 61-3 at 1. Allen's mention of "the officers" suffices.

Regardless, Defendants do not identify any FDC regulation that requires an inmate to include in grievances the full names of correctional officers who purportedly violated the inmate's rights. Because the FDC does not require inmates to identify a particular defendant by his name in any grievance, a federal court is not authorized to impose such a requirement. *See Jones*, 549 U.S. at 218 (holding that when the agency's exhaustion procedure makes "no mention of naming particular officials, [the court's] rule imposing such a prerequisite to proper exhaustion is unwarranted*"); Parzyck*, 627 F.3d at 1218 ("A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim.").

Defendants also argue that the District Court should disregard Allen's grievance—and his appeal of the FDC's denial of his grievance—because Allen violated the Florida Administrative Code's requirement that an inmate assert "only one issue or complaint" in a single grievance. *See* Fla. Admin. Code r. 33-103.007(4)(f).

The FDC, however, did not raise this issue when Allen submitted his grievance and his appeal. Had the FDC timely raised this issue, Allen

could have corrected this error. Because the FDC did not reject Allen's grievance on this basis, the District Court now is precluded from doing so. A district court "may not find a lack of exhaustion by enforcing procedural bars that the prison declined to enforce." *Whatley*, 802 F.3d at 1213–14; *see also Q.F. v. Daniel*, 768 F. App'x 935, 942–43 (11th Cir. 2019) (per curiam).

### 2. *Allen's Equal-Protection Claim*

Defendants next argue that Allen failed to exhaust his administrative remedies regarding his claim that Defendants violated the Equal Protection Clause. Doc. 61 at 12.

In addition to the grievance and appeal discussed above, Allen filed the following grievances that discuss directly or indirectly the events of November 16, 2021:

- Grievance log no. 102-2202-0065. Doc. 61-5 at 1 (informal grievance in which Allen's grieves his injuries from the fall on November 16, 2021);

- Grievance log no. 2202-102-116. Doc. 61-5 at 2 (formal grievance appealing 102-2202-0065 in which Allen continues to grieve his injuries);

- Grievance log no. 22-6-08672. Doc. 61-5 at 4 (appeal of 2202-102-116 in which Allen mentions the events of November 16, 2021, and

grieves the alleged "Deliberate Indifference" of Defendants and his injuries);

- Grievance log no. 118-2202-0226. Doc. 61-7 at 1 (informal grievance in which Allen requests renewal of lower bunk passes);

- Grievance log no. 2203-118-128. Doc. 61-7 at 2 (formal grievance appealing 118-2202-0226, in which Allen requests FDC to consider his appeal a "notice" that the events of November 16, 2021, were the result of "Deliberate Indifference" and the cause of Allen's need for medical treatment);

- Grievance log no. 102-2112-0248. Doc. 61-4 at 1 (informal grievance in which Allen mentions the events of November 16, 2021, and grieves his injuries therefrom); and

- Grievance log no. 118-2208-0116. Doc. 16 at 65 (informal grievance in which Allen mentions his fall and requests treatment).

To exhaust administrative remedies regarding an equal-protection claim such as Allen's, a plaintiff would need to complain that the FDC or its employees intentionally treated him less favorably than another similarly-situated inmate. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1233 (11th Cir. 2022). Allen's grievances, however, are bereft of any mention of "equal protection" or an allegation that Defendants treated Allen less favorably than another inmate. Allen's grievances provided no notice to the FDC that Allen was claiming that Defendants denied Allen equal protection. *See* Doc. 1 at 17–41, 47–

52; Doc. 61-3 through 6-18. Accordingly, Allen did not exhaust his administrative remedies as to his equal-protection claim.

## B. <u>Punitive Damages</u>

Finally, Defendants seek "dismissal" of Allen's request for punitive damages. Defendants contend that "punitive damages cannot satisfy the strict requirements" of the PLRA. Doc. 61 at 15. Defendants' argument rests on the language of § 3626(a)(1)(A), which provides, in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A). The statute defines "prospective relief" as "'all relief other than compensatory money damages.'" 18 U.S.C. § 3626(g)(7).

Punitive damages are subject to § 3626(a)(1)(A)'s restrictions. *Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). The Eleventh Circuit, however, has not stated whether punitive damages are categorically barred under § 3626. Under *Johnson*, before a district court

may enter an order granting punitive damages, it must determine "whether it [i]s reasonably necessary that [the defendants] be ordered to pay" punitive damages "in order to deter future Eighth Amendment excessive force violations by them or others at this institution." *Id.* at 1325; *see also Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1380 (M.D. Fla. 2013).

At this juncture, the District Court need not decide whether Allen may recover punitive damages. Resolution of that issue is not dispositive of this case, nor will it change the course of proceedings on Allen's claims against the remaining Defendants. Defendants may raise the issue again at the trial stage. *See, e.g., Concepcion-Padilla v. Godwin*, No. 5:23-cv-59-TKW-MJF, Doc. 42 (N.D. Fla. Jan. 12, 2024) (declining to decide—at the motion-to-dismiss stage—whether 18 U.S.C. § 3626(a)(1)(A) bars prisoners from recovering punitive damages).

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss, Doc. 61, as follows:

    a.    **GRANT** the motion and **DISMISS** with prejudice Allen's equal-protection claim against Defendants Roland Wilkerson and Tyrone Askew; and

    b.    **DENY** the motion in all other respects.

2.    Return this case to the undersigned for further proceedings.

At Pensacola, Florida, this <u>6th</u> day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**