UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH W. ALLEN,
    Plaintiff,

v.                                        Case No.: **4:22-cv-148-WS/MJF**

ROLAND WILKERSON and
TYRONE ASKEW,
    Defendants.
_____/

**DEFENDANTS' ANSWER**

Defendants Roland Wilkerson and Tyrone Askew ("Defendants") through undersigned counsel, submit this Answer, defenses (with affirmative defenses), and demand for jury trial in response to Plaintiff's Fifth Amended Complaint (Doc 22). For any allegations not specifically admitted or denied, Defendants respond that they are without knowledge.

**I.   PARTIES TO THIS COMPLAINT** (Doc 22 at 2):

    A. Plaintiff. Admit that Plaintiff was housed at Wakulla CI at the time he filed the pleading. (*Id.* at 2).

    B. Defendant(s). 1-5. Admit. (*Id.* at 2-4).

*The two unknown transportation officers have been identified as Defendant Wilkerson and Askew.*

1

II. **BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346.** (*Id.* at 3-4).

Admit Plaintiff is suing State/Local Officials.

Standard of Review. Denied as it contains legal conclusions.

III. **PRISONER STATUS.** (*Id.* at 4).

Admit Plaintiff is a convicted state prisoner.

IV. **STATEMENT OF FACTS.** (*Id.* at 4-6a).

Preliminary statement. Admit to the identification of the parties. Denied as to the remainder.

Count One. Deny.

1. Admit date of incident, admit that Plaintiff was transported, deny without knowledge whether Plaintiff had a medical pass, deny as to the remainder.

2. Deny without knowledge: whether Plaintiff suffered from serve pain, the weight of the bins. Denied as to the remainder.

3. Admit date of incident. Deny case law cited they contain legal conclusions. Deny as without knowledge as to the remainder.

4. Deny case law cited they contain legal conclusions. Deny as without knowledge as to the remainder.

5. Deny as without knowledge.

Wherefore in Count One. Denied.

Count Two. Deny as without knowledge. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23. All claims against Officer Jordan have been severed and dismissed without prejudice. Id.*

6. Deny as without knowledge. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23. All claims against Officer Jordan have been severed and dismissed without prejudice. Id.*

7. Deny as without knowledge. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23. All claims against Officer Jordan have been severed and dismissed without prejudice. Id.*

8. Deny as without knowledge. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23. All claims against Officer Jordan have been severed and dismissed without prejudice. Id.*

Claim Three. Deny. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23. Plaintiff's equal protection claim against the two unknown transportation officers, which have been identified as Roland Wilkerson and Tyrone Askew, have been dismissed with prejudice. See Doc. 85.*

9. Denied as it contains legal conclusions.

10. Deny as without knowledge. Also denied as it contains legal conclusions.

11. Deny. *Plaintiff's equal protection claim against Defendant Wilkerson and Askew have been dismissed with prejudice. See Doc. 85.*

12. Deny. *Plaintiff's equal protection claim against Defendant Wilkerson and Askew have been dismissed with prejudice. See Doc. 85.*

Count Four. Deny as without knowledge. *These claims concern other Defendants, Centurion and Williams, which have also been dismissed. See Doc. 23 and 65.*

13. Deny as without knowledge.

14. Deny as without knowledge.

15. Deny as without knowledge.

16. Admit to the date of the incident. Deny as without knowledge the remainder.

V.  **STATEMENT OF CLAIMS.** (*Id.* at 7a).

1. Deny. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23.*

2. Deny. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23. All claims against Officer Jordan have been severed and dismissed without prejudice. Id.*

3. Deny. *All claims against Dicky D. Dixon have been dismissed with prejudice. See Doc. 23. All claims against Officer Jordan have been severed and dismissed without prejudice. Id. Plaintiff's equal protection claim against the two unknown transportation officers, which have been*

4

*identified as Roland Wilkerson and Tyrone Askew, have been dismissed with prejudice. See Doc. 85.*

4. Deny as without knowledge. *These claims concern other Defendants, Centurion and Williams, which have also been dismissed. See Doc. 23 and 65.*

VI. **RELIEF REQUESTED** (*Id.* at 7a – 7d).

Admit that Plaintiff seeks $100,000 from each Defendant, denies that Plaintiff is entitled to them.

Admit that Plaintiff seeks specific medical treatment, denies that Plaintiff is entitled to them.

Admit that Plaintiff seeks an injunction against retaliation, denies that Plaintiff is entitled to it.

Admit that Plaintiff seeks the appointment of a "special master" to supervise settlement, denies that Plaintiff is entitled to it.

VII. **EXHAUSTION OF ADMINISTRATIVE REMEDIES.** (*Id.* at 8).

*This section is instructive, and no response is required.*

VIII. **PRIOR LITIGATION.** (*Id.* at 8-12).

Deny as without knowledge.

IX. **CERTIFICATION.** (*Id.* at 12-13).

Deny as without knowledge.

## X. DEFENSES:

1. Defendants have not deprived Plaintiff of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

2. Defendants' actions with regard to the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions as to warrant recovery under 42 U.S.C. §1983.

3. This Complaint is not actionable pursuant to Title 42 U.S. C.§ 1983 in that any and all actions taken by these Defendants reflect, at worst, merely negligent activity and as such are not constitutionally actionable and for which each Defendant is immune from liability.

4. Defendants have not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and therefore are entitled to qualified immunity.

5. Plaintiff's damages are not attributable to Defendants' conduct.

6. Plaintiff's injuries resulted from his own culpable or negligent conduct.

7. Compensatory damages are barred pursuant to 42 U.S.C. 1997e(e) because Plaintiff did not suffer a physical injury that was more than de minimis.

8. Punitive damages are barred pursuant to 18 U.S.C. §3626(a)(1)(A) and 18 U.S.C. §3626(g)(7).

## XI. DEMAND FOR JURY TRIAL:

Defendants demand jury trial for all issues so triable.

                Respectfully submitted,

                **ASHLEY MOODY**
                ATTORNEY GENERAL

                */s/ Brian R. Flynn-Fallon*
                Brian R. Flynn-Fallon
                Assistant Attorney General
                Florida Bar No.: 1044316
                Office of the Attorney General
                The Capitol, Suite PL-01
                Tallahassee, Florida 32399
                Telephone: (850) 414-3300
                Facsimile: (850) 488-4872
                Brian.Fallon@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Answer* has been furnished by U.S. mail to: Joseph W. Allen, DC# X35926, Wakulla Correctional Institution, 110 Melaleuca Drive, Crawfordville, Florida 32327-4963, on April 29, 2024.

                */s/ Brian R. Flynn-Fallon*
                Brian R. Fallon
                Assistant Attorney General