In The United States District Court For The Northern District Of Florida, Tallahassee Division

Joseph W. Allen,
Plaintiff,

Vs.

Case No.: 4:22-cv-00148-RH-MJF

Roland Wilkerson And Tyrone Askew et al.,
Defendants.

Provided to Graceville Correctional Facility on 6/25/25 for mailing, by JR.

Plaintiff's Witness List; Exhibit's & Exhibit's Submitted To Be Used In Trial

The Honorable Magistrate Judge Michael J. Frank Of The United States District Court, Northern District, Tallahassee Division, Entered A "Report And Recommendation" On May 12th., 2025 The Exact Day I Arrived At Graceville Corr. Facility. No Objections To This Report And Recommendation. (I Did Not Receive This Until 06-11-2025). However On 06-09-2025 I Did Receive The Honorable United States District Judge Robert L. Hinkle, Doc. 123 Order Denying Summary Judgment And Setting The Pretrial Schedule And Trial, Entered On, 06-02-2025 And This Follows, Respectfully States:

(A)   1. Joseph W. Allen, Plaintiff Is Currently Housed At: Graceville Corr., Facility, 5168 Ezell Road, Graceville, FL 32440 Since 5/12/2025..

2. Plaintiff Hereinafter Will Be Reffered To As (Allen). Allen States He Is Requesting As Witnesse's As: Sgt. Vice & Lt. Messer At: Wakulla Corr. Institution, 110 Melaleuca Dr., Crawfordville, FL 32327; And Optometrist, Ms. Amy Ruziaka At, Office Of Health Services; And Dr. Parks (Optometrist At Jefferson C.I.) On 3-20-2025; Last, Dr. Emily D. Ashmore, At, Southern Vitreo-retinal Associates, P.L., 2439 Care Drive, Tallahassee, FL 32308.

(B)   Preliminary Statement

3. Pro Se Litigants Pleadings Are To Be Liberally Construed, And Held To A Less Stringent Standards Than Those Of An Attorney Citing, Haines Vs. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972); Aron Vs. United States, 291 F.3d 708 (11th. Cir. 2002).

4. Allen Sought To Not Be Transfered Until After This Trial Per, Adams Vs. Wainwright, 875 F.2d 1537 (11th. Cir. 1989) However The F.D.O.C. Had Many Employees Continually Trying To Hurt Allen Even In The Transportation Officers Making Me Again Carry (5) Boxes Of Legal Documents On 5-8 & 5-12-2025.

(1 of 12)

5. Allen's Request For Compensatory Damages Meets The 42 U.S.C. §1997e(e) States: "No Federal Action May Be Brought By A Prisoner Confined In A Jail, Prison, Or Other Correctional Facility, For Mental Or Emotional Injury Suffered While In Custody Without A Prior Showing Of Physical Injury OR The Commission Of A Sexual Act." Herein Allen Can And Will Show Physical Injury From Past Documented Refusal Of ALL Medications Since 2017 For Pain Until Nov. 16th. 2021.

6. Allen Submit's Multiple Exhibits Requesting Testing And Pain Medication Continually See, Thompson Vs. Smith, 805 F. App'x 893, 904 (11th. Cir. 2020) And, Shamaeizadeh Vs. Cunigan, 338 F.3d 535 (6th. Cir. 2003) As Well As Compensated For Psychological Injury Citing, Ferrill Vs. Parker Group, 168 F.3d 468 (11th. Cir. 1999), Allen Request The State To Show Allen Seeking Any Mental Health Treatment Since 2017 Or Pain Medication. Allen Suffered Pain, Suffering, Embarrassment And Humiliation.

C.     Background Of Original Complaint

7. On April 11th., 2022 Allen Prematurely Filed His First, 42 U.S.C. §1983 Cival Rights Complaint Packet After Suffering From Extreme Pain From A Fall That Allen Suffered From Wayword Employees From A Deliberate Indifference 8th. Amendment Claim From Blackwater And Apalachee Corr. Institution Emply., Including Centurion Medical Provider Of Florida Inc. And Ricky Dixon Sec. Of Florida D.O.C. For Unconstitutional Violations Of Mr. Allens U.S. Amendments, When Honorable U.S. Magistrate Judge Michael J. Frank Dismissed These Claims For Improper Consolidation Of Defendants, Over Allen's Objections. (Fast Forward).

8. On January 3rd., 2023, Allen Filed His Fifth Amended Complaint Pursuant To 42 U.S.C. §1983. Doc. 22. Allen Alleged That Defendants - Who Were Fla. Dept. Of Corr. Transportation Officers, Who Violated The Eighth Amendment By Showing A Deliberate Indifference To Allen's Current Medical Restriction Of Serious Medical Need. (Doc. 22 at Pg. 6 Sec. (1)). Allen Also Claimed That Same Conduct Violated His Equal Protection. On March 10th., 2024, This District Court Dismissed Allen's Equal-Protection Claims. Doc. 85. Allen's Only Remaining Claim Is Deliberate Indifference To Serious Medical Need.

D.     Material Facts

9. On Nov. 16th., 2021, Allen Was Awaiting Transfer From Blackwater River Corr. Facility To Apalachee Correctional Institution. Doc. 22 at 22. Allen's Personal Possessions Including Boxes Of Legal Documents Were Dump Into The Floor And Allen Had To Put His Legal Documents Into Six Laundry Bags

(2 oF 12)

Of Legal Material, Estimated To Weigh 50 Pounds Each, Which Needed To Be Loaded Onto A Bus For Transfer. Doc. 22-1; Doc. 106-1, Allen Dep. 12: 2-4, 13: 5-6 & 21: 2 ½; Allen's Exh. J.A. 66-69 Sworn Amended Affidavit Of Truth.

10. When It Came Time To Load The Property Onto The Bus, Allen Informed Defendants Of His Restrictions From "Florida Dept. Of Corr. Health Slip/Pass" Currently Issued From Blackwater River Corr. & Rehabilitation Facility, Issued On 04-20-21 & Expired On 4-20-22 And This Was 11-16-2021 And The Pass Listed, Defendants. Doc. 106-1, MR-066; Allen Dep. 11: 12-19, 17: 17-18: 7; Doc. 22 at 6-7 ¶¶ 1,3. The Health Pass Restricted Allen From: "Pushing, Pulling, Or Lifting Over 20 Pounds." Doc. 106-1, Allen Dep. 11-15-16; Doc. 22 at 26 (Copy Of Pass). Defendants Told Allen They "Didn't Care" About The Health Pass And Ordered Allen To Load His Property Onto The Bus Or To Abandon It. Doc. 106-1, Allen Dep. 11: 19-23, 12: 20-24, 17: 17-18: 7; Doc. 22 at 6-7 ¶¶ 1,3, J.A. Exh. 66-69. An Inmate Who Worked In Property Room Volunteered To Help Allen Load His Property, Doc. 22 Supra; Doc. 106-1, Allen Dep. 12: 15-16, J.A. Exh. 66-69. Defendant Refused. Doc. 106-1, Allen Dep. 12: 17; Doc. 22 at 6 ¶ 1.

11. Allen Then Asked If He Could Load His Property Prior To Having The Shackles And Black Box Placed On Him. Doc. 106-1, Allen Dep. 11: 24-12: 9, J.A. Exh. 66-69. Defendants Refused Allen's Request And Encouraged Him To Hurry Up Or Abandon His Bags. Doc. 22 at 7 ¶ 3,4; Doc. 106-1, J.A. Exh. 66-69. Allen Responded: "I'm Not Leaving My Law Work, Sir... I Need My Law Work... I Don't Have A Problem Carrying It, But I Cannot Pick It Up Like That With The Shackles." Doc. 106-1, Allen Dep. 12: 10-13, J.A. Exh. 66-69. Defendant's Told Allen They Would Allow Other Inmates To Place The Property Bags On Allen's Shoulders. Doc. 106-1, Allen Dep. 12: 13-14.

12. Inmates Loaded Four Of The Property Bags On Allen's Shoulders. Doc. 106-1, Allen Dep. 13: 1-11. While Allen Was Carrying The Bags Up The Bus Steps In Leg Shackle, Allen Fell Backwards And Hit The Ground Hard. Doc. 106-1, Allen Dep. 13: 12-22; Doc. 22 at ¶ 4. Another Officer Radioed For Medical Assistance. Doc. 22 at 7 ¶ 5. Before The Nurse Arrived, Allen Got Up And, Although In Pain, Asked Inmates To Load The Remaining Bags Onto His Shoulders. Doc. 106-1, Allen Dep. 14: 5-25. Allen Then Loaded The Remaining Bags Onto The Bus. Doc. 106-1, Allen Dep. 14: 23-25. When The Nurse Arrived, Allen Exited The Bus, Met The Nurse, But Refused Medical Treatment Purportedly Because Wilkerson And The Nurse Laughed At Allen, And Allen Felt Embarrassed And Humiliated. Doc. 106-1, Allen Dep. 15: 1-16: 6; Doc. 22 at 7 ¶ 5.

13. About 30 Minutes Into Transportation, Allen Developed Severe Head & Back Pain And He Realized He Had, "Reinjured His Back, Head, Right Arm/Elbow And Right Leg/Knee." Doc. 22 at 7 ¶ 5; Doc. 106-1, Allen Dep. 16: 8. Upon Arrival At The

Next Institution, Allen Informed Wilkerson That He Was In Pain, And Wilkerson Told The Director Of Nursing About Allen's Fall. Doc. 106-1, Allen Dep. 16:22-17:1 And 17:10-15, 19:4-17. The Medical Department Provided Pain Medication. Doc. 106-1, Allen Dep. 17:4-7; Doc. 106-2, MR-032.

E.            Allen's Exhibits To Be Used In Trial
              With Brief Argument

14. Yes, This Case Boils Down To A United States 8th. Amendment Violation & Violations A Serious Medical Need From Deliberate Indifference As Outlined In Farmer Vs. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994); Estelle Vs. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976); Brown Vs. Hughes, 894 F. 2d 1533 (11th. Cir. 1990); Powell Vs. Lennon, 914 F. 2d 1459 (11th. Cir. 1990); Mandel Vs. Doe, 888 F. 2d 783 (11th. Cir. 1989); Here, Evidence That Defendant[s] Knew Allen Had A Serious Medical Need That Precluded Him From Lifting More Than 20 Pounds On 11-16-2021; 5-8-2025 & 5-12-2025 By Showing Allen's Medical Passes; Includes The Following:

(A) Allen Informed Defendants Of His Florida Dept. Of Corr.; Health Pass And Showed Them The Pass. Doc. 22 at 6-7 ¶¶ 1,3; Doc. 106-1, Allen Dep. 11:12-19, 17:17-18:7 And,

(B) Herein Exhibit's, Def. Doc. 106-2 MR-066, Doc. 106-2 Pg. 2 of 47 ¶ 9; Allen J.A. 230, 226, 316. There Is [Knowledge & Consent]. Allen's Health Passe's States: "Restrictions: No Push/Pull/Lift Over 20 Pounds." This Is (2) More Times After Allen Was Hurt.

(C) A Property Orderly Who Sold Allen The Laundry Bags To Load Up His Legal Documents Who Overheard Allen Tell Defendants About The Health Pass, Requested To Help Load Allen's Property. Doc. 22 at 6 ¶ 1; Doc. 106-1, Allen Dep. 12:15-16.

(D) Defendants Acknowledged The Contents Of Allen's Health Pass Insofar As They Allowed Inmates To Load Allen's Property Onto Allen's Shoulders, But Still Required Allen To Haul His Property Up The Bus Steps. Doc. 106-1, Allen Dep. 12:13-14, 13:1-11.

(E) While Allen Was Loading His Bags - In The Presence Of Defendants - Allen "Struggled" Getting His Property "Up To The Bus", And Was "Rushing, Sweating And Straining And Breathing Hard" To The Point Where Other Inmates Offered To Help, But Defendants Refused. Doc. 106-1, Allen Dep. 13:2-4; Doc. 22 at 7 ¶ 4.

15. From This And Lack Of Evidence Dating Back For Many Prior Years Of Nov. 16th. 2021 Allen Did Not Take **NO MEDICATIONS** Viz:

Doc. 106-2 MR-063 And Every Document Prior To Allen's Fall He States Refuses All MEDS. See Herein. And A Reasonable Inference Drawn From This Evidence, A Jury Could Find That Defendant[s] Acted With Deliberate Indifference. Specifically, A Jury Could Find That The Defendants Actually And Subjectively (Personally) Were Aware Of Allen's Serious Medical Need On Nov. 16th., 2021 And May 8th., 2025 & May 12th., 2025 And That On 11-16-2021 Their Acts OR Omissions Caused A Substantial Risk Of A Serious Medical Need, And Harmed Mr. Allen Badly, See Exhibit Herein As: MR-012, 013, 030, 045, 052, 057 All MR-.

(A) On 11-16-2021 Fla. Dept. Of Corr. Office Of Health Services "Head Trauma Protocol, DC4-683K". Which States, Chief Complaint: "Fell Off Bus At Blackwater And Hit Head". Fall→Distance Of Fall: From Bus Steps. Current Symtoms: Head-ache; Back/Neck Ache, Arm/Wrist Pain. Time: 18:10. Doc. 106-2 MR-032.

(B) Since This Incident From Defendant's Submitted Documents There Are (86) Documents, Such As Sick Call's Request Forms, Informal Grievances, Formal Grievances, Complaining About Severe Pain From: This Fall On 11-16-2021 About Head Trauma, Back Pain, Arm Pain, Knee Pain And Requesting A, MRI, Cat Scan, Testing/Begging For Help But Only Minumum Testing And (30) Pills For (90) Days, And Again These Are Your, Exhibit's Listed All As Doc. 106-2:

16. MR-079, MR-080, MR-082, MR-114, MR-132, MR-158, MR-162, MR-163, MR-165, MR-167, MR-168, MR-179, MR-180, MR-183, MR-184, MR-185, MR-186, MR-195, MR-196, MR-221, MR-229, MR-230, MR-231, MR-232, MR-246, MR-247, MR-248, MR-264, MR-272, MR-273, MR-283, MR-285, MR-286, MR-295, MR-302, MR-316, MR-327, MR-348, MR-349, MR-351, MR-352, MR-353, MR-354, MR-355, MR-358, MR-359, MR-360, MR-361, MR-362, MR-363, MR-364, MR-366, MR-367, MR-368, MR-369, MR-370, MR-371, MR-376, MR-377, MR-382, MR-383, MR-385, MR-386, MR-387, MR-388, MR-389, MR-390, MR-397, MR-398, MR-404, MR-405, MR-406, MR-407, MR-408, MR-411, MR-412, MR-413, MR-414, MR-416, MR-417, MR-420, MR-422, MR-423, MR-425, MR-426, MR-429, MR-431, These Are Only The Defendants Listed Exhibits, But Ms. Kellie Caswell, RN, With Her BSN, Degree From (O.H.S.) Office Of Health Services In Tallahassee, Florida, The Same (O.H.S.) Spoken As The (A.D.A.) Gate Keepers In, Disability Rights Florida, Inc., Vs. Florida Dept. Of Corr., An Agency Of The State Of Florida, Case No.: 2019-CA-2825, Herein Listed As Allen's Exhibit, (Settlement Agreement) Pgs. 1-39. See (Pages 1-5, Sub. Sec. 24), 1e. 24. "Office Of Health Services. Abbreviated Herein As "OHS", This Means The Division Responsible For Overseeing The Delivery Of FDC's Health Care Services, AND, At The Institution Level, This Means FDC's Contracted Health Services Provider(s). Also See, Code Of Ethics, [Sec. 112-313(6) Fla. Stat.] [Art. II, Sec. 8(h) Fla. Constitution] [Sec. 112.313(16), Fla. Stat.].

### F. There Is Evidence That Defendants' Deliberate Indifference Caused Pysical Injuries...

17. Defendants Next Argue That Their Acts Or Omissions Did Not Cause The Injuries Allen Allegedly Suffers Daily To His Head, Back, And Whole Body Arm, And Knee And Allen's Partial Blindness In His Left, Doc.106 at 13-15, See J.A.Exh.284-290. And Now Defendant Relies On A Declaration From Nurse Consultant Kellie Caswell, Of (O.H.S.) Who Reviewed Allen's Medical Records And Reached The Following Conclusions:

> 33. "There Is No Evidence That The Alleged Incident Caused Any Reaggravated Injury To Mr. Allen's Previous Back Injury Or Caused Any NEW Back Injury. It Has Been Established That He Has Degenerative Changes And Arthritis In His Back Which Can Cause Chronic Pain". (But For Years Prior, Allen Took No Medications).

> 34. "There Is No Evidence That The Alleged Incident Of A Fall On Nov. 16th., 2021, Contributed To Mr. Allen's Detached Retina On Oct. 4th., 2023". (Which Left Allen With No Vision In His Left Eye). And (O.H.S.) Kellie Caswell, Was The One Who Suppose To Help Me As A, A.D.A. Inmate. God Will Vindicate Allen, With U.S. District Court's Trial.

18. Doc.106-2 Caswell Decl. ¶¶ 33-34. Based On Caswell's Conclusions, Defendant[s] Argue That, "Plaintiff Cannot Demonstrate A Causal Connection Between Defendants' Deliberate Indifference To His Medical Need And His Injuries". Doc. 106 at 14-15. (Exh. Doc.106-Pg. 1-7 of 479). (This Is Missing Page 2).

19. Allen However, Presented Evidence Even In The Hostile Envirement Of Violent Inmates And Employees Stealing And Taking Many Documents, Placing Allen In Solatary Confinement On (5) Occassions For (15 to 30) Days Each Time, Without No Legal Papers Confiscating Legal Documents And Refusing To Copy And/Or Type Documents And Not Mailing Out Document's And Trying To Kill Allen, And In Sept. Of 2022 Allen Tried To Kill Himself In Confinement. Where (Sgt. Vice & Sgt. Messor) Asked, What Are You Doing Allen? And Including Evidence Is Allen's Deposition, His Verified Fifth Amended Complaint And Timely Requested Security Camera's And Herein Medical Records That Was Not Stolen Or Lost Records, Some Of This Evidence Indicates The Following:

> (A). Allen "Pulled" His Back While Loading His Bags Onto The Bus, Which Aggravated A Preexisting Herniated Disc. Doc. 106-1, Allen Dep. 28:2-16; And with Allen Believe With The Amount Of Pain He Has That He Might Have Even Ruptured Another Disc., Whithout A MRI Or Cat Scan We Will Never Know.

(B) Allen Has Developed New Problems; Viz. Dizziness, Severe Headaches, And Pain In His Back, Knee And Arm/Elbow About 15-30 Minutes After The Fall. Doc.22 at 7 ¶5; Doc.106-1, Allen Dep.16:7-9, 16:20-22, 19:16-17 And 23:18-23.

(C) After He Fell From The Bus, Allen Visited The Medical Clinic And Reported - And Was Assesed For - Blunt Force Trauma To The Back Of The Head And Pain In His Back/Neck Left/Wrist. Doc.106-2 at 39-40. Medical Personal Treated Allen's Reported Pain With Ibuprofen And Muscle Rub. Doc.106-1, Allen Depo. 17:2-7, And According To Declaration Of Ashley Stokes Who Is Employed As An Operations & MGMT Consultant II By The Fla. Dept. Of Corr., Bureau Of Policy Management And Appeals In Tallahassee (*Inmate) Florida, She Is In Charge Of These Documents Listed: I.A. Exh. 206-225 On 07-19-2023.

(D) Wow, On Dec. 2, 2021, Jan. 26, 2022, March 17, 2022 And Other Dates, Allen Sought Medical Treatment For Pain He Attributes To Injuries Sustained When He Fell From The Bus. Doc.106-2 at 432-35, (MR-425-28); Id. at 412-13, (MR-405-06); Id. at 346, (MR-339).
To Alleviate Allen's Reported Pain, Medical Personal Prescribed, Ibuprofen, Acetaminophen, Naproxin, And Muscle Rub. Doc.106-2 at 432-35 (MR-425-28); Id. 412-13 (MR-405-06); Id. at 346 (MR-339).

20. This Evidence Creates A Genuine Issue For Trial As To Whether Defendants' Acts Or Omissions Caused At Least Some Of Allen's Alleged Injuries. And Whether Or Not These Shackles With The (Black Waist Box) Is Unconstitutional, And When This Was Inacted By Legislation In Florida. Citing, Washington Vs. Harper, 494 U.S. 210, 226-227, 110 S.Ct. 1028 (1990); Stewart Vs. Rhodes, 473 F.Supp. 1185, 1192 (S.D. Ohio 1979); Hewitt Vs. Jarrard, 786 F.2d 1080 (11th. Cir. 1986) Authorized Compensatory And Punitive Damages For Nonviolent Juv., Detainee Who Was Shackled To A Bed In Isolation Cell For Several Hours. In The Instant Case Allen States That This Black Box Which Connects Allen's Wrist To His Waist Is Unconstitutional And Is Cruel And Unusual Punishment Inflicted Upon Him Being A Non-Violent Affender.

21. Allen, Request Defense Counsel To Bring "Shackle For Legs And Wrist, And Chain For Waist And The Black Box," To Trial, To Use On Allen, Please. So Allen Can Show How Unconstitutional This Is. This Qualifies For Punitive Damages, Allen, Not Only Did Not Take No Drugs For Mental Health Since 2014, But Did Not See No Mental Health Personal Until In Sept. Of 2022, Allen Sought To See Mental Health, Prior To Trying To Hang Himself In Confinement. I Filed Numerous Request Forms, Sick Call Request (4) Of Them But They Were Destroyed And, Classification Dept. And Ms. Jacobs From

Medical Dept. Destroyed These Records And Even Altered Records To Indicate That I Refused To See, Mental Health But I Requested A Copy Of These Sick-Calls But Denied. Herein See Exhibit's Listed As: These Records Are In The Order Of Dates:

All Are <u>Doc. 106-2</u>;  MR-227, MR-228, MR-224, MR-223, MR-217, MR-218, MR-219; And These Next Documents Are All Concerning Remove The (DNR) Do Not Resuscitate Order, I Now Want To Live, MR-198, MR-201, MR-197, MR-199, MR-200, (MR-130 This Began My Grieving Mental Health For Not Seeing Me) MR-118, MR-083, MR-085, MR-086.

These Were All Documents Generated That F.D.O.C. Gave To Me In Their Discovery, With Many Documents Destroyed.

## G.  Actual Damages / Compensatory Damages; Emotional-Distress Damages & Punitive- ---Damages...

22. Allen's Original Request For Damages, See <u>Doc. 22 Sec. VI, Relief Requested</u>: Quote;

"Petitioner Seeks To Sue Named AND Unknown Parties In The <u>Individual Capacities</u> For $100,000 (One Hundred Thousand U.S. Dollars) <u>EACH</u>, With The <u>Stipulation</u>, That There Be No Counter-Suit By ANY Of The Parties. Further, Petitioner Seeks Medical Treatment To <u>Include Diagnostic Examinations Such As MRI For Muscular-Skeletal Injuries</u>, <u>EEG For Head Injuries</u> (CAT Scan), <u>And EKG For Cardiac Issues</u>." CAT Scan Added. And The Rest Of Relief Sought. Now There Is (2) Two Defendants Left.

23. Has Already Proven Severe Life Altering Damages, Including Allen As Being For The Rest Of His Life A (A.D.A.) Inmate Now Qualify's Pursuant To Pennsylvania Dep't Of Corrections Vs. YesKey, 524 U.S. 206, 118 S.Ct. 1952 (1998) & Raines Vs. State, 983 F.Supp. 1362 (N.D. Fla. 1997) And Suppose To Fall Within, Disability Rights Florida, Inc., Vs. Florida Dep't Of Corrections, Case No: 2019-CA-2825 (Settlement Agreement) But Allen Claims Breach Of Contract. See <u>Exhibits Pg.'s 1-5 Herein</u>.

24. Defendants Argues In Doc. 106 at 19-22 That Allen Is Barred Under <u>42 U.S.C. §1997e(e)</u> However They Have Unlimited Interpretation Of This Citing, <u>Hoever Vs. Marks</u>, 993 F.3d 1353, 1358 (11th.Cir. 2021) (Quoting 42 U.S.C. §1997e(e)). "That Is, The Text Of §1997e(e) <u>Bars Only For Compensatory Damages Stemming From Purely Mental Or Emotional Harms</u>" Id. Although The Statute Does Not Define "Physical Injury" The Eleventh Circuit Requires That Plaintiff Allege A Physical Injury That Is More Than De Minimis. See Harris Vs. Garner, 190 F.3d 1279, 1286-88 (11th. Cir. 1999) (Holding That The Constitution Does Not "Mandate A Tort Damages Remedy For Every Claimed Constitutional Violation" And That The Alleged Injury

(8 OF 12)

"Must Be More Than De Minimis, But Need Not Be Significant" Vacated, 197 F.3d 1059 (11th. Cir. 1999) But F.D.O.C. Has Not Done A MRI On Allens Back Nor A EEG, Or CAT Scan On Allen, But Allen Has Had Two (2) Surgeries On His Left Eye Alone And Still Has No Vision In This Eye And Wears A Eye Patch On His Left Eye For God Knows How Long. I Would Not Call None Of This De Minimis. Reinstated In Relevant Part, 216 F.3d 970, 972, 985 (11th. Cir. 2000). Unfortunately The Courts Have Not Reached A Consensus Regarding The Way "To Determine When A Physical Injury Is Greater Than De Minimis". Citing Thompson Vs. Smith, 805 F. App'x 893, 904 (11th. Cir. 2020).

25. Here, Allen's Verified Fifth Amended Complaint, Deposition Testimony, And Medical Records Are Sufficient To Create A Genuine Issue Of Material Fact As To Whether Allen Suffered More Than A De Minimis Physical Injury As A Result Of Defendants' Conduct Allen Includes: Current Prolems

(A) Medications, And Passes, Exhibit's: Doc. 106-2, MR-105, MR-153, MR-159, MR-268, Allen Exhibit's, J.A. Exh. 290, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 228, 229, 231, 232, 233, 234, Grievance's Exhibits, 10, 11, 25, 26, 33-34, 243, 244, 245, 246, 247, 254, 259, 260, 261, 263, 264, 268, 269, & Florida Dept. Of Health Complaint, J.A. Exh., 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, On 4/22/2022 From Health Service, Doc. 106-2, MR-311.; Test & Order Forms Doc. 106-2, MR-290, 294, 297, 309, 310, 314, 338, 401, 402; APRN. Tiffany William Lies, Doc. 106-2, MR-393, 403, 409, 410; All Three Optometrist From O.H.S. Doc. 106-2 MR-269, 279, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 465, 466, 467, 468, 469, 470, 471, 472;

(B) Allen's Assertion That He Now Has Suffered Back Pain While Carrying The Property, Including Aggravating Or Reinjuring A Herniated Disc. Doc. 106-1, Allen Dep. 28:2-16. Also Allen Assertion That He Suffered Headaches, Dizziness, And Pain In His Back, Knee, And Elbow After He Tumbled Backwards From The Second-From-The-Top Step Of The Bus To The Pavement While Carrying His Property On His Shoulders And While Shackled With The Unconstitutional Box With His Wrist Connected To His Waist. Id.; See Also Doc. 106-1, Allen Dep. 23:18-23; Doc. 22 at 6-7 ¶¶ 2, 4, 5.

(C) The Reactions Of Witnesses - Including Wilkerson - Which Essentially Acknowledged The Severity Of Allen's Fall. Doc. 106-1, Allen Depo. 13:23-14:2; 19:4-17, 24:18-25:10 And 25:21-26:2. And The Next Exhibits Listing Over 100 Pgs. Listed As, J.A. Exh.'s: 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421 And

This Includes Taking Of Documents, Trying To Even Kill Allen On Several Times, Allen Allege's These Assertions In Grievances Sworn Affidavits Of Truth And Formal Complaint/& Notice To Pursue Criminal Charges On 4/02/2025 To No Avail. This Doctor Tried To Overdose Me On Drugs That I Had Allergic Reactions To.

(D) Allen Has Listed Grievances Sick-Call Request, Medical Records- Which Document Allen's Specific Complaints Of Back Pain, Knee Pain, And Severe Headaches That Allen Claimed Started On Nov. 16th., 2021 Not Before This Did Allen Take No Pill's For Pain For Many Prior Years, Not To Mention Prescriptions For Pain Medications For These Injuries. Doc. 105-2 at 210-19; Doc. 106-2 at 121-22 (MR-114-15), 165-66 (MR-158-59), 174-76 And 187 (MR-167-69 And 180), 216-18 (MR-209-11), 254-256 (MR-247-49), 290 (MR-283), 334 And 344-47 (MR-327 And 337-40), 355-356 (MR-348-49), 396 (MR-389), 411-17, 420, 424 (MR-404-10, 413, 417), 428 (MR-421), 429-35 (MR-422-28).

(E) Allen's Medical Records, Which Indicate That He Suffered A Left-Eye Retinal Detachment On Oct. 4th., 2023, Which Allen Attributes To Vision Problems Dating Back To His November 16th., 2021 Fall. Doc. 105-2 at 287; Doc. 106-2 at 460-75 (MR-453-68); I.A. Exh. 284-290) And Allen Claims After Surgery, For Eight(8) Days Of A Bleeding Eye After Surgery He Never Received (No Medication) Until A Captain Cannon Demanded Medical Attention.

Thus Even Though F.D.O.C. Has Repeatedly Lied And Destroyed Documents And Fabricated Many Document's The Defendant's Have Failed To Demonstrate The Lack Of A Genuine Issue Of Material Fact Regarding Allen's Alleged Physical Injuries.

<u>H</u>                     Allen's Request For
                            Punitive Damages

26. Allen Is Seeking "<u>Punitive Damages</u>", Black Law Dictionary 11th. Ed. Say's This Means: "Damages Awarded In Addition To Actual Damages When The Defendant's Acted With Recklessness, Malice, Or Deceit"; Well, Has Said This Was Exactly What The Defendant's Has Done, And Fla. Dept. Of Corr.'s Saying Is "<u>We Never Walk Alone</u>". This Is Correct Because Mr. Roland Wilkerson, And Mr. Tyrone Askew Do Not Even Work For (F.D.O.C.) Anymore And These Actions Was Not Only Taught, But Condonable Through-Out F.D.O.C. But These Men Appeared To Be Enjoying Themselves The Whole Time. ($20,000⁰⁰).

27. Defendant's Also Argue That Allen's Request For Punitive Damages Is Statutorily Barred Under 18 U.S.C. §3626(a)(1)(A). Doc. 106 at 23. The Eleventh Circuit Has Not Held That §3626 Categorically Bars Recovery Of Punitive Damages.

See Hoever, 993 F.3d at 1364 n.5 States (Pemitting Punitive Damages Under 42 U.S.C. §1997e(e) And Declining "The Government's Invitation To Address The Availability Of Punitive Damages In Prison Condition Cases Under 18 U.S.C. §3626"); Johnson Vs. Breeden, 280 F.3d 1308, 1325 (11th. Cir. 2002) (Clarifying The Framework For Awarding Punitive Damages Under 18 U.S.C. §3626 In Prisoner Civil Rights Action), Abrogated On Other Grounds By Kingsley Vs. Hendrickson, 576 U.S. 389, 395 (2015).

28. Several District Courts Have Rejected The Contention That §3626 Categorically Bars Punitive Damages. See, e.g., Harris Vs. Singletary, No. 3:22-cv-449-MMH-LLL, 2024 WL 3252797, at *14 (M.D. Fla. July 1st., 2024); Blake Vs. Ortega, No. 3:23-cv-8554-LC-HTC, 2024 WL 2000107, at *4 (N.D. Fla. Mar. 18, 2024), Adopted By 2024 WL 1996014 (N.D. Fla. May 6, 2024). Defendants, Therefore, Have Not Demonstrated That They Are Entitled To Judgment As A Matter Of Law Regarding Allen's Request For Punitive Damages.

I: Conclusion

Allen Want's To Apoligize For Submitting Exhibit's That Are Not Issues Allen Originally Argued In His 42 U.S.C. §1983 Civil Rights, Claim, However The Florida Dept. Of Correction And Centurion Medical Provider Of Florida Inc. Was Originally Named Defendants And Are Subjects Who Is Footing The Bill In This Fight And Has Been Instigating These Attacke's Of Reprisal And Attempt's To Hurt And Even Attemp To Kill. Allen Is At A Private Facility So He Prays These Reprisal Have Stoped. Allen Is Grateful To The Honorable United States Magistrate Judge Michael J. Frank For Is Wisdom And Knowledge Of How And Who Allen Can Sue, In The United States District Court Under A 42 U.S.C. §1983, And God Will Bless You All For Following Some Of Our Constitutional Rights. Thank You For This Aug. 11th., 2025 Trial. Amen.

J. Relief Sought:

Allen Has Sought Help From Attorney James V. Cook, Out Of, Tallahassee, Florida For Our July 17, 2025 Telephonic Hearing, But I Am Not Sure He Can Make It, Or That I Can Satisfy His Request. We'll See. Allen Is Requesting, One Hundred Thousand Dollars (Per) Defendant. With Stipulations: For No Counter Suit From No-One For Housing And/Or Medical Exspense's That Has Been Paid Or Will Be Paid For Past And Future Medical Treatment, Including MRI., Or Cat Scan On Allens Head And Any Medical Treatment For Allen Cancer And Or Diabetic Issues That Are Pre-Existing, Or Future Medications. Everything Outlined In Doc. 22. Pluss, Twenty Thousand Dollars For Punitive Damages, For A Total Of;

($220,000°°) Two Hundred And Twenty Thousand Dollars Paid To:

Joseph Wayne Allen, C/O Clifton R. Dukes, 2135 Lower Heiskell Court, Seymour, Indiana, 47274, Home Ph.# (812) 523-1118 Which Phone Has Been Blocked By Fla. Dept. Of Corr., Cell Ph.# (863) 221-1172.

Allen Has A Florida Dept. OF Correction Lein Of : $1,986.17, One Thousand, Nine Hundred And Eighty Six Dollars And Seventeen Cents, This Is To Be Deducted From This Awarded Amount And Then Place The Rest Of This Money To My (P.O.A.) Clifton R. Dukes For A Total Of;

$218,013.83 cents, Two Hundred And Eighteen Thousand, And Thirteen Dollars, And Eighty Three Cents. Payable By Certifide Check Or Direct Deposit. Thank You, And God Bless Us All.   Respectfully Submitted:

Executed 25 Day Of, June Month Of, 2025 Year Of Our Lord. /S/ Joseph Wayne Allen
                                                             Joseph Wayne Allen, DC#X35926, Pro Se

Unnotorized Oath/Declaration

Having Read, The Foregoing Statements Of This Motion, I Swear Under Penalties Of Perjury All Stated Is True And Correct, Pursuant To : Fla. Stat. 92.525(2);
                                                   Respectfully Submitted :

Executed 25 Day Of, June Month Of, 2025 Year.   /S/ Joseph Wayne Allen
                                                Joseph Wayne Allen, DC#X35926, Pro Se
                                                Graceville Correctional Facility
                                                5168 Ezell Road
                                                Graceville, FL 32440

Certificate Of Service

I Hereby Certify That This Instrument Has Been Given To Graceville C.F. Mail Handlers, Pursuant To : Fla. R. App. Proc. 9.420(a)(2) And Forwarded To : 1) United States District Court, Northern District, Tallahassee Division, 111 North Adams St., Suite 322, Tallahassee, FL 32301-7717; 2) Asst. Attorney General, The State Capitol, PL-01, Tallahassee, Florida, 32399-1050; 3) Mr. David D. Fuller, Attorney At Law, 1015 South Fourth Street, Louisville, Kentucky, 40203, On This: 25th. Day Of, June Month Of, 2025 Year Of Our Lord By U.S. Prepaid Postage.
                                                   Respectfully Submitted :

                                                Joseph Wayne Allen
                                                Mr. Joseph Wayne Allen, DC#X35926, Pro Se
                                                Graceville Correctional Facility
                                                5168 Ezell Road
                                                Graceville, FL 32440

COPYING SERVICES REQUEST AND WITHDRAWAL

TRACKING #: _____ - _____ - _____

INMATE NAME: Joseph W. Allen    DC#: X35926

INSTITUTION/UNIT: _____    HOUSING LOCATION: D1-111-s

COPIES ARE NEEDED FOR: ☐ CRIMINAL PROCEEDING    ☑ NOT A CRIMINAL PROCEEDING

COURT/AGENCY AND OTHER PARTIES TO BE PROVIDED COPIES: 1) U.S. Distr. Court Northern District; 2) Attorney General; 3) Attorney David D. Fuller

COURT DEADLINE: ☐ YES ☐ NO    DATE OF COURT DEADLINE: _____

| TITLE OF DOCUMENT(S) TO BE COPIED | NO. OF PAGES | COPIES EACH REQUESTED | COPIES EACH APPROVED | TTL # COPIES MADE |
|---|---|---|---|---|
| 1. Plaintiff's Witness List; Exhibit List | 12 | 3 | | 36 |
| 2. Various Exhibits Marked On The Top Right Corner When I Can | 341 | 3 | | 1,023 |
| 3. 42 U.S.C. §1983 Complaint 28 Pages (Doc. 22) | ↑ | — | | — |
| 4. Disability Rights Fla. Vs. Fla. D.O.C. (Settlement Agreement) First 5 Pages | ↑ | — | | — |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| | | | TOTAL NUMBER OF COPIES MADE | 1,059 |

BY MY SIGNATURE, I AM REQUESTING THAT THE ABOVE-REFERENCED COPIES BE MADE FOR ME, AND, IF SAID DOCUMENTS ARE PROVIDED FOR FILING IN A NON-CRIMINAL PROCEEDING, I DO HEREBY AUTHORIZE THE DEPARTMENT TO CHARGE OR LIEN MY TRUST ACCOUNT FOR $ 0.15 FOR EACH PHOTOCOPY.

INMATE SIGNATURE: /s/ Jasyn Waymiller    DATE: June 24th, 2025

INMATES, DO NOT WRITE IN THIS BOX

REQUEST IS: ☐ APPROVED    ☐ DISAPPROVED

LAW LIBRARY SUPERVISOR: _____    DATE: _____

REASON FOR DISAPPROVAL:

☐ CRIMINAL PROCEEDING. NO COST TO INMATE. (DC5-154 not sent to Inmate Trust)

☐ NON-CRIMINAL PROCEEDING. TOTAL COST (TOTAL COPIES X $0.15 EA): $ _____

DATE COMPLETED: _____    DATE ISSUED/MAILED TO INMATE: _____

DC5-154 (Revised 8/07)    Incorporated by Reference in Rule 33-501.302, F.A.C.

Mr. Joseph W. Allen,
Graceville Corr. Facility
5168 Ezell Road
Graceville, FL 32440

quadient
FIRST-CLASS MAIL
IMI
$001.25
06/25/2025 ZIP 32440
043M31265125
US POSTAGE

JUN 3 0 2025

MAILED FROM A
CORRECTIONAL
FACILITY

United States District Court
Northern District, Tallahassee Division
111 North Adams Street, Suite 322
Tallahassee, FL 32301-7717

Legal Mail

Provided to Graceville Correctional Facility on
6/25/25 for mailing, by W

