IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH W. ALLEN,

      Plaintiff,

v.                                    CASE NO. 4:22cv148-RH-MJF

ROLAND WILKERSON and
TYRONE ASKEW,

      Defendants.

_____/

## **PRETRIAL ORDER**

This order confirms and adds to the rulings entered at the pretrial conference on July 17, 2025.

At the conference, the plaintiff proffered testimony of his designated optometrist or ophthalmologist witnesses that the plaintiff's November 16, 2021 fall "could have caused" the detached retina that was diagnosed on October 4, 2023 and surgically addressed on November 29, 2023. The plaintiff acknowledged that none of the witnesses will testify it is more likely than not that the fall caused the detached retina. The defendant objected to evidence of alleged damage to the plaintiff's eyes. The objection will be addressed in a separate order.

The plaintiff said he will offer evidence of his attempted suicide, which he contends was caused at least in part by the fall. The defendant objected. This order overrules the objection subject to a proper foundation at trial—that is, subject to the plaintiff's testimony of causation.

The plaintiff said he will offer into evidence a black box and shackles. The defendant strongly objected. If there is evidence the plaintiff was wearing a black box and shackles at the time of the fall—his own testimony will be sufficient—then a sufficiently similar exemplar will be relevant, *see* Fed. R. Evid. 401, and will be admitted into evidence or at least may be used as an illustrative aid, *see* Fed. R. Evid. 107. An order or subpoena will be issued and served by the United States Marshals Service on a proper Department of Corrections official if necessary, but the defendants should attempt to arrange voluntary production. The Department's security interest in not making the black box and shackles unnecessarily available for public inspection will be protected by limiting access to the devices.

IT IS ORDERED:

1. The trial remains set for Monday, August 11, 2025, and is first on the docket. A conference will begin at 8:15 a.m., followed immediately by jury selection and the remainder of the trial. Jury selection may be combined with one or more other cases.

2. Unless otherwise ordered before the striking of the jury begins, each side will have three peremptory challenges.

3. By August 4, a party may file a proposal for voir dire questions by the court. At the trial, a party may orally request voir dire questions by the court. Questioning will be conducted entirely by the court unless otherwise ordered on a request outside the jury's hearing.

4. Joint exhibit 1 has been admitted into evidence with both sides' consent. The exhibit consists of medical records already in the record, ECF No. 106-2 at 8–479. Parts of the exhibit may be referred to at trial by the "MR" Bates numbers, MR-1 through MR-472. A clean copy, without the cm/ecf headers, will constitute the exhibit, should be displayed to the jury in that form, and will be go to the jury in that form when it retires to deliberate.

5. The plaintiff must file a list of his other exhibits with a different number for each exhibit. The numbers may use the prefix "JA" or any other appropriate designation. The list should not include medical records that are part of joint exhibit 1.

6. The defendants may designate any of their prefiled exhibits for filing under seal without a further motion or order. Until otherwise ordered, the clerk must maintain under seal any exhibits so designated.

7. An exhibit offered at the trial must be numbered in accordance with the exhibit lists filed in advance.

8. The defendants' objection to evidence of injury to the plaintiff's eyes will be addressed by a separate order.

9. The defendants' objection to evidence of the plaintiff's attempted suicide is overruled subject to a proper foundation at trial.

10. The defendants' objection to production of a black box and shackles and to their introduction into evidence or use as an illustrative aid is overruled. The defendants must file a notice by July 25, 2025 indicating whether they will voluntarily produce a black box and shackles at the trial without service of an order or subpoena on the Department of Corrections. Doing so will not waive their objection. If the notice does not indicate they will do so, a subpoena or order will be issued requiring production by the Department of Corrections, and costs may be taxed in due course.

11. A further hearing to address evidentiary issues or other pretrial matters will be conducted, if feasible, at the request of either side. Any such hearing will be conducted by telephone.

12. The attorneys and members of their staffs may bring laptops and electronic tablets into the courtroom. They may bring cellular telephones or other hand-held electronic devices into the courtroom but must have them off or in silent

mode, must never use them while court is in session, and must never let the jury see them or become aware that they are in the courtroom.

SO ORDERED on July 20, 2025.

s/Robert L. Hinkle
United States District Judge
