IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH W. ALLEN,

      Plaintiff,

v.                               CASE NO. 4:22cv148-RH-MJF

ROLAND WILKERSON and
TYRONE ASKEW,

      Defendants.

_____/

**ORDER ON EVIDENCE OF
<u>RETINAL DETACHMENT</u>**

      The plaintiff Joseph W. Allen fell while an inmate in the Florida Department of Corrections. He blames the fall on the defendant correctional officials' insistence that he board a bus while shackled with his hands restrained in a device known as a black box and while carrying a heavy load of legal materials. He seeks an award of damages under 42 U.S.C. § 1983. Summary judgment has been denied—the evidence creates a genuine factual dispute over whether the defendants were deliberately indifferent to a risk of serious harm to Mr. Allen—and trial is imminent.

In addition to other injuries, Mr. Allen says the fall caused a detached retina and substantial loss of vision. The fall occurred on November 16, 2021. Mr. Allen says he suffered impaired vision soon after, but there might have been no indication of a detached retina until mid-2023, and the condition was not diagnosed until October 4, 2023. Mr. Allen underwent surgery to address the condition on November 29, 2023.

An obvious issue is whether there will be sufficient evidence of causation for Mr. Allen to ask the jury to consider the detached retina in calculating damages. Mr. Allen has listed two optometrists and an ophthalmologist as witnesses. At the pretrial conference, Mr. Allen proffered their testimony as this: the fall *could have* caused the detached retina. Mr. Allen acknowledged they will not testify it is *more likely than not* the fall caused the detached retina. To close the loop, Mr. Allen has proffered his own testimony that he began suffering vision problems promptly after the fall.

At first blush, it might seem unlikely that a fall could be a cause of a retinal detachment nearly two years later. But at least one person has prevailed on just such a claim. *See Fla. Dep't of Agric. v. Hinote*, 442 So. 2d 297 (Fla. 1st DCA 1983) (affirming a workers' compensation award for a livestock specialist who suffered a detached retina two years after being trampled by cattle). Especially with Mr. Allen's testimony that he suffered impaired vision soon after the fall, the

possibility that the fall caused the later detached retina cannot be rejected out of hand.

It is clear that at least some expert testimony will be essential to the detached-retina claim. It is less clear, though, precisely what an expert will have to say. The defendants have not moved to exclude expert testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–593 (1993). Nor have they moved in limine to exclude evidence of the retinal injury. This order does not exclude evidence on this subject. Even so, Mr. Allen may wish to consider carefully whether to go forward with this part of the claim. It will do him no good to raise the issue in opening or in his testimony only to have the jury instructed later that the proof is insufficient and the detached retina cannot be considered on the issue of damages.

An unpublished—and thus nonbinding—Eleventh Circuit opinion fairly summarizes the law of the circuit: "When the causal link between the alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to causation is typically required." *Rivera v. Royal Caribbean Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017). Another Eleventh Circuit decision expresses this principle as applicable to "non-readily observable injuries" and leaves out "typically," *see Willis v. Royal Caribbean Cruises, Ltd.*, 77 F.4th 1332, 1338 (11th Cir. 2023), but the circumstances there were different, and it was not

essential to the holding that other evidence can never establish causation of an injury, even if it cannot be seen. A soccer player who cuts sharply and goes down with an injury later diagnosed as a torn anterior cruciate ligament does not need an orthopedist to determine what caused the injury—the athlete knows better than the orthopedist, who will be able to testify to causation based only on what the athlete says happened.

The detached retina is not like the torn ACL. It didn't happen suddenly, and among the causes of detached retinas is aging, especially in patients with poorly controlled diabetes—a condition the medical records show Mr. Allen had. But Mr. Allen's burden on this issue is to show the fall was *a* cause of the detached retina, not that the fall was the *only* cause. This order makes no ruling on whether the detached-retina part of Mr. Allen's claim will go to the jury. That will depend on the actual proof presented at the trial.

An additional point should be noted. Mr. Allen is proceeding *in forma pauperis*. Even so, it is his responsibility to arrange for his witnesses' voluntary appearance at trial or to subpoena them. The United States Marshals Service can serve subpoenas if necessary, but public funds are not available for payment of the required attendance fees and mileage, let alone for expert-witness fees. *See Wells v. Cramer*, No. 8:04-cv-315, 2009 WL 678102 at *4 n. 4 (M.D. Fla. Mar. 12, 2009) ("No statute authorizes or requires the government to undertake the expenses of

witness fees and costs for indigent plaintiffs."). If Mr. Allen eventually seeks to have the Marshals Service serve a subpoena, he will be required to provide the required payment to the Marshals Service for delivery with the subpoena. *See Gregg v. Clerk of U.S. Dist. Court*, 160 F.R.D. 653, 654 (N.D. Fla. 1995); *see also Thompson v. Windsor*, No. 5:09-cv-73, 2010 WL 1028396, at *2 (N.D. Fla. Mar. 18, 2010). A court can itself call witnesses, but as a matter of discretion, I do not expect to do that here. If no expert testifies in Mr. Allen's case in chief, the detached-retina issue will not go to the jury.

     SO ORDERED on July 25, 2025.

                                      s/Robert L. Hinkle
                                      United States District Judge