IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH W. ALLEN,

    Plaintiff,

v.                                    Case No. 4:22-cv-148-RH/MJF

ROLAND WILKERSON and
TYRONE ASKEW,

    Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE

Pursuant to N.D. Fla. Loc. R. 7.1 and Fed. R. Evid. 103(d), 104(a), 104(c)(3), 401, 402, 403, 611(a), 701, and 802, Defendants Roland Wilkerson and Tyrone Askew move *in limine* to exclude Plaintiff from presenting during trial the following evidence:

   I. testimony that the alleged incident and/or the Defendants caused Plaintiff's alleged physical injuries;

   II. testimony or other evidence of unrelated wrongs or bad acts by non-party Florida Department of Corrections ("FDC") personnel;

   III. testimony or other evidence of a settlement agreement between Disability Rights Florida and FDC;

IV.     testimony that the "black box" is unconstitutional; and

V.     any out-of-court statements by declarants that are offered to prove the truth of the matter asserted in the statement.

## **SUPPORTING MEMORANDUM**

### Background

Plaintiff is litigating a claim of deliberate indifference to a serious medical need. He alleges that, on November 16, 2021, the two Defendants required him to carry heavy bags onto a prisoner transport bus while shackled, after he told them that he had a medical pass indicating that he may not lift objects heavier than 20 pounds. Plaintiff alleges that he fell backwards from the stairs while boarding the bus and that the fall caused dizziness and a headache; injuries and pain to his back, right knee, and right elbow; and a detached retina and partial blindness.

### Argument

I.     **Plaintiff must be precluded from testifying about causation.**

Plaintiff asserts that the alleged fall was the cause of a myriad of physical, mental, and emotional injuries. However, a lay witness may not provide testimony that requires scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701(c).

"[O]pinions regarding medical causation require scientific and specialized knowledge, and thus are not admissible when offered by lay witnesses." *Sowers v. R.J. Reynolds Tobacco Co.*, No. 3:09 C 11829, 2015 WL 12839775, at *5 (M.D. Fla. Jan. 23, 2015), *aff'd*, 975 F.3d 1112 (11th Cir. 2020) (citations omitted); *see also Gov't Employees Ins. Co. v. Seco*, 644 F. Supp. 3d 1309, 1313 (S.D. Fla. 2022) ("Medical diagnoses and medical causation opinions ordinarily present technical and scientific issues that require the specialized knowledge of an expert witness.") (citations omitted); *Wingster v. Head*, 318 Fed.Appx. 809, 815 (11th Cir.2009) ("[M]edical causation ... presents a technical and scientific issue that requires the specialized knowledge of an expert medical witness."); *E.C. ex rel. Crocker v. Child Dev. Sch., Inc.*, 3:10–CV759–WKW, 2011 WL 4501560 at *9 (M.D.Ala. Sept. 29, 2011) ("[A] lay witness [cannot establish medical causation] ... or provide evidence that could be used as the basis for an inference of medical causation.").

Furthermore, it is undisputed that Plaintiff had back and knee injuries that pre-existed the alleged fall on November 16, 2021. *See* ECF No. 22, p. 6; 140-5, p. 8-9, 27-29. Only an expert witness is competent to

distinguish between the ailments Plaintiff suffered before and after the alleged fall.

> Without medical expert testimony, it is not possible to distinguish between the ailments Rivera experienced before the fall and those she experienced after—and due to—the fall. Further, due to the nature of the injuries that she alleges—including, for example, back pain, depression, anxiety, and vision issues—expert testimony is simply required in order to even understand the nature and extent of the injuries.

*Rivera v. Royal Caribbean Cruises Ltd.*, 711 Fed. Appx. 952, 955 (11th Cir. 2017) (affirming summary judgment in favor of defendant because plaintiff failed to present medical expert testimony to distinguish between ailments she experienced before and after incident at issue).

Because Plaintiff lacks the requisite knowledge to provide expert medical diagnosis or causation testimony, any testimony by Plaintiff that the alleged fall or the Defendants caused any of his multiple ailments or that it caused an exacerbation of any of his pre-existing ailments is inadmissible. *See Abbott v. Elwood Staffing Services, Inc.*, 44 F. Supp. 3d 1125, 1138–39 (N.D. Ala. 2014) (ruling that plaintiff's conclusion that she began spotting because she was straining to install doors on vehicles at automobile plant was inadmissible expert testimony from a lay witness); *Payne v. May*, No. 6 C 254, 2009 WL 6365402, at *1 (N.D. Ga. Mar. 13,

2009) (excluding lay witnesses from testifying at trial regarding medical causation); *Rivera*, 711 Fed. Appx. at 955.

II. Plaintiff must be precluded from presenting evidence of unrelated wrongs or bad acts by non-party FDC personnel.

Throughout this lawsuit, Plaintiff has raised numerous allegations of wrongs or bad acts by non-party FDC personnel that are not related to the claim being litigated in this case. These include allegations that:

- FDC personnel seized, lost, destroyed, or denied access to Plaintiff's legal work;[1]

- FDC personnel refused to retrieve legal documents for Plaintiff or threatened him for requesting to retrieve them;[2]

- FDC personnel denied Plaintiff access to legal mail and/or medical appointments;[3]

---

[1] *See* ECF No. 1-1, p. 1; ECF No. 1, p.7; ECF No. 6, p. 7-8; ECF No. 16, p. 6, 16-17, 24-27; ECF No. 18, p. 10; ECF No. 20, p. 9, 11; ECF No. 22, p. 8, 23; ECF No. 105, p. 8-9; ECF No. 130, p. 6; ECF No. 140-5, p. 19, 54-55.
[2] *See* ECF No. 1, p. 7; ECF No. 6, p. 7; ECF No. 16, p. 6-7, 27-29; ECF No. 18, p. 9-10; ECF No. 20, p. 9, 11-12; ECF No. 22, p. 10, 23; ECF No. 130, p. 6.
[3] *See* ECF No. 16, p. 7, 25, 34-37; ECF No. 18, p. 15.

- FDC personnel transferred or otherwise mistreated Plaintiff as reprisal for submitting grievances and/or filing other lawsuits;[4]

- FDC personnel impaired Plaintiff's ability to file grievances;[5]

- FDC personnel assaulted, harassed, or tried to hurt or kill Plaintiff;[6]

- FDC personnel continue to require Plaintiff to carry his legal documents;[7] and

- it is a widely known FDC practice to make prisoners carry excessive legal documents or abandon them.[8]

Evidence of wrongs or bad acts by non-party FDC personnel unrelated to Plaintiff's November 16, 2021, transfer is not of consequence in determining this action and would not tend to make it more or less probable that Defendants ignored Plaintiff's medical pass, that Defendants forced Plaintiff to carry heavy bags onto the bus, that

---

[4] *See* ECF No. 1, p. 6-7; ECF No. 6, p. 6-7; ECF No. 16, p. 6, 24-25, 29-30; ECF No. 18, p. 16-17; ECF No. 20, p. 11; ECF No. 22, p. 8, 10; ECF No. 105, p. 8-9; ECF No. 112, p. 8-9; ECF No. 130, p. 11; ECF No. 140-5, p. 12.
[5] *See* ECF No. 16, p. 25.
[6] *See* ECF No. 16, p. 24; ECF No. 130, p. 1, 6, 11; ECF No. 140-5, p. 10-11, 22-23.
[7] *See* ECF No. 130, p. 1.
[8] *See* ECF No. 20, p. 6-7; ECF No. 22, p. 6.

Plaintiff fell, or that the alleged fall caused injury to Plaintiff. Therefore, such evidence is irrelevant and inadmissible. *See* Fed. R. Evid. 401; 402. Moreover, even if the evidence had any probative value, it is inadmissible because the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issue, misleading the jury, undue delay, and wasting time. *See* Fed. R. Evid. 403.

III. Plaintiff must be precluded from presenting evidence of a settlement agreement between Disability Rights Florida and FDC.

Plaintiff has indicated in his filings that he intends to introduce a settlement agreement between Disability Rights Florida and FDC. *See* ECF No. 130, p. 5 ¶16, p. 13. Plaintiff has not brough an ADA claim. Moreover, the referenced settlement agreement is not of consequence in determining this action and would not tend to make it more or less probable that Defendants ignored Plaintiff's medical pass, that Defendants forced Plaintiff to carry heavy bags onto the bus, that Plaintiff fell, or that the alleged fall caused injury to Plaintiff. Therefore, such evidence is irrelevant and inadmissible. *See* Fed. R. Evid. 401; 402. Moreover, even if the evidence had any probative value, it is inadmissible because the probative value is substantially outweighed by the danger of

unfair prejudice, confusing the issue, misleading the jury, undue delay, and wasting time. *See* Fed. R. Evid. 403.

IV.  Plaintiff must be precluded from testifying that the "black box" is unconstitutional.

Plaintiff has asserted that he was restrained using a "black box" during his transfer. Plaintiff has further asserted that the "black box" is unconstitutional. *See* ECF No. 18, p. 7-8; ECF No. 105, p. 7; ECF No. 130, p. 7. The assertion of unconstitutionality is a legal conclusion. A lay witness may not testify as to a legal conclusion. *See Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Ojeda v. Louisville Ladder Inc.*, 410 Fed. Appx. 213, 215 (11th Cir. 2010); *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001), *as amended* (Feb. 14, 2001); *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n. 3 (9th Cir. 1985). Therefore, any testimony that the "black box" is unconstitutional is inadmissible lay opinion testimony.

Moreover, any assertion that the "black box" is unconstitutional is also inadmissible because the probative value, if any, of such testimony would be substantially outweighed by the danger of unfair prejudice, confusing the issue, and misleading the jury. *See* Fed. R. Evid. 403.

V.    **Plaintiff must be precluded from presenting any out-of-court statements by declarants that are offered to prove the truth of the matter asserted in the statement.**

During his deposition, Plaintiff testified that other prisoners have told him that they were on the bus with him, that they witnessed his fall, and that they would verify his allegations. *See* ECF No. 140-5, p. 23-24. Plaintiff also provided testimony about verbal statements made by treating medical personnel. *See* ECF No. 140-5, p. 34-36, 42-48, 51-52. Plaintiff also testified about the content of his grievances. See ECF No. 140-5, p. 37-40. These statements, along with any other out-of-court statements by Plaintiff or witnesses that are offered to prove the truth of the matter asserted in the statement, constitute hearsay and are inadmissible. *See* Fed. R. Evid. 801(c); 802.

## Conclusion

Wherefore, Defendants request that this Court enter an order excluding Plaintiff from presenting during trial the following evidence:

I.   testimony that the alleged incident and/or the Defendants caused Plaintiff's alleged physical injuries;

II.   testimony or other evidence of unrelated wrongs or bad acts by non-party Florida Department of Corrections ("FDC") personnel;

III. testimony or other evidence of a settlement agreement between Disability Rights Florida and FDC;

IV. testimony that the "black box" is unconstitutional; and

V. any out-of-court statements by declarants that are offered to prove the truth of the matter asserted in the statement.

JAMES UTHMEIER
ATTORNEY GENERAL

Brian R. Flynn-Fallon (FBN 1044316)
ASSISTANT ATTORNEY GENERAL

/s/ Bilal Ahmed Faruqui
Bilal Ahmed Faruqui (FBN 15212)
SPECIAL COUNSEL
Office of the Attorney General
Civil Litigation Division
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Bilal.Faruqui@myfloridalegal.com
(850) 414-3300
*Counsel for Defendants*

Certificate Regarding Conferral

Pursuant to N.D. Fla. Loc. R. 7.1(C), I certify that the adverse party is *pro se* and, therefore, the attorney-conference requirement of N.D. Fla. Loc. R. 7.1(B) is not applicable.

/s/ Bilal Ahmed Faruqui
Bilal Ahmed Faruqui

Certificate of Word Count
=========================

Pursuant to N.D. Fla. Loc. R. 7.1(F), I certify that the foregoing Memorandum contains 1,854 words.

*/s/ Bilal Ahmed Faruqui*
Bilal Ahmed Faruqui

Certificate of Service
======================

I certify that a copy of the foregoing *Motion in Limine* and *Supporting Memorandum* is being furnished by U.S. Mail on August 4, 2025, to Joseph W. Allen, DC# X35926, Graceville Correctional Facility, 5168 Ezell Rd, Graceville, FL 32440.

*/s/ Bilal Ahmed Faruqui*
Bilal Ahmed Faruqui