IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOSEPH W. ALLEN,

      Plaintiff,

v.                                                            CASE NO. 4:22cv148-RH-MJF

ROLAND WILKERSON and
TYRONE ASKEW

      Defendants.

_____/


**<u>ORDER GRANTING JUDGMENT FOR THE DEFENDANTS</u>**


The plaintiff Joseph W. Allen is a prisoner in the Florida Department of Corrections. To accommodate a previous back injury, Mr. Allen had a medical pass that restricted the amount he could lift. Mr. Allen was being transported between facilities and wished to bring his legal materials. Two transport officers—the remaining defendants in this action—told Mr. Allen he had to carry his legal materials onto the bus while shackled, despite his medical pass. While loading the bus with his legal materials, Mr. Allen fell and was injured.

Mr. Allen sued numerous defendants for a variety of claims based on the fall. Earlier orders dismissed all the claims except the claim that the two transport

officers were deliberately indifferent to Mr. Allen's serious medical need when they made him load the bus, carrying his legal materials, while restrained. That claim proceeded to trial. After Mr. Allen rested his case, the defendants moved for a directed verdict. This order confirms and further explains the ruling on the record that the defendants are entitled to judgment as a matter of law.

I

A defendant is entitled to judgment as a matter of law when there is insufficient evidence to prove an element of the claim, which means that no reasonable jury could reach a verdict for the plaintiff on that claim. *Collado v. United Parcel Serv., Co.*, 419 F.3d 1143, 1149 (11th Cir. 2005); *see also* Fed. R. Civ. P. 50(a). All reasonable inferences must be drawn in favor of the nonmoving party. *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1310 (11th Cir. 2025). The facts are set out that way in this order.

Defendants who were not successful with their qualified immunity defense before trial can reassert it at the end of the plaintiff's case in a Rule 50 motion. *See Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015). That type of motion will sometimes be denied because the same evidence that led to the denial of summary judgment will usually be included in the evidence presented during the plaintiff's case. *Id.* at 1317–18. But sometimes the evidence at trial is different, and

a district court remains free to reconsider its prior ruling. *Id.* at 1318.

The defendants are entitled to judgment as a matter of law for at least two reasons. First, Mr. Allen failed to offer sufficient evidence that the defendants acted "with subjective recklessness as used in the criminal law." *See Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). That is, he failed to show the defendants knew that requiring him to board the bus in the manner he was required to board posed a substantial risk of serious harm to him. *See id.* at 1258. Second, based on the evidence offered at trial, the defendant officers are entitled to qualified immunity.

## II

On November 16, 2021, Mr. Allen and approximately 41 other prisoners were being transported from Blackwater Correctional Facility to Apalachee Correctional Institution. The defendants Roland Wilkerson and Tyrone Askew were the officers assigned to transport that day. Mr. Allen had an active medical pass that said he was restricted from lifting more than 20 pounds. However, Mr. Allen testified that prior to the fall he worked in food service in the Blackwater facility, carrying large, heavy bags and that he felt good.

Mr. Allen says he was in black box restraints. That issue was disputed at trial, but this order takes as true that Mr. Allen was in black box restraints that substantially limited his movement. Mr. Allen had legal materials that he wished to

take with him. He informed Mr. Wilkerson and Mr. Askew that he could not carry all his legal materials with his medical-pass restriction and in a black box. He asked for the shackles to be removed or to make multiple trips. One of the defendants told Mr. Allen he had to either carry the materials or leave them. Other prisoners offered to help Mr. Allen carry his materials, but the defendants would not allow that. The defendants insisted Mr. Allen carry his own materials. But the defendants did allow prisoners working in the property room to assist Mr. Allen by loading the bags onto his shoulders.

After his materials were loaded onto his shoulders, Mr. Allen began to load the bus, which had steps. He made it up one step, but on the second he fell backwards. He hit his head, hurt his back, leg, right arm, and hand. He was able to get up and load the rest of his materials onto the bus with assistance from other prisoners. Mr. Allen says he was offered medical care at Blackwater but refused it because he was embarrassed. When he arrived at Apalachee Correctional, he received medical care.

Mr. Allen repeatedly testified that Mr. Wilkerson did not act on purpose or cause the accident. Mr. Allen said he was grateful for Mr. Askew, who was sympathetic after he fell and sought medical care for him. At a later point in his testimony, Mr. Allen said more generally that he knows the injuries he suffered were not done intentionally. Finally, near the end of his testimony, he said the

officers did not do it on purpose. On rebuttal, Mr. Allen said when he fell, he was not upset at the officers because it was an accident, and he knew that they did not deliberately make him fall. But he said the officers were negligent and because of their negligence he fell.

III

To prevail on an Eighth Amendment, deliberate-indifference claim, a plaintiff must show: (1) an objectively serious deprivation; and (2) that the defendant acted with subjective recklessness as used in the criminal law. *Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024). To establish a defendant acted with subjective recklessness, "the plaintiff must demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of substantial harm." *Id.* The en banc Eleventh Circuit in *Wade* set out the standard for establishing liability on a deliberate-indifference claim. The court repudiated its prior case law that defined deliberate indifference as "more than mere negligence" or "more than gross negligence." *Id.* at 1255. But undoubtedly, simple negligence is and has always been insufficient to prevail on a deliberate-indifference claim. *See Farmer v. Brennan*, 511 U.S. 825, 834–36 (1994).

In this case, Mr. Allen testified the defendants were negligent. In argument on the defendants' motion for judgment as a matter of law, Mr. Allen conceded

that his real claim is that the defendants were negligent. This is insufficient to establish a deliberate-indifference claim.

Even without Mr. Allen's concession, there was not sufficient evidence the defendants knew that because of Mr. Allen's serious medical need, the manner in which he was required to board the bus posed a substantial risk of serious harm to him in general. *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020). And more specifically, there was not sufficient evidence that the defendants knew that requiring Mr. Allen to board the bus in the manner he was required to board it—the defendants' actions in the case—posed a substantial risk of serious harm to Mr. Allen. *See Wade*, 106 F.4th at 1257–58, 1262 (11th Cir. 2024).

For these reasons, the defendants are entitled to judgment as a matter of law.

IV

Qualified immunity applies to damages claims against public officers and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 574 U.S. 13 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public officer may be held individually liable only if the officer's conduct violates clearly established law. *See Heid v. Rutkoski*, 143 F.4th 1255, 1261–62 (11th Cir. 2025) (explaining a plaintiff must show the defendants

violated a constitutional right and the right was clearly established at the time of the violation).

As set out above, the defendants in this case did not violate Mr. Allen's constitutional rights. That alone is a basis for qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009) (explaining federal courts need not address both prongs of the qualified immunity framework). But even assuming the defendants did violate Mr. Allen's constitutional rights, requiring Mr. Allen to board the bus in the manner he was required did not violate clearly established law.

There are three ways to show clearly established law. *Stalley v. Cumbie*, 124 F.4th 1273, 1284 (11th Cir. 2024). First, a materially similar case decided at the time of the relevant conduct by the Supreme Court, Eleventh Circuit, or relevant state supreme court. *Id.* Second, a broader, clearly established principle that should govern the novel facts of the situation. *Id.* Third, a plaintiff can show the conduct at issue so obviously violated the Constitution that prior case law is unnecessary. *Id.*

Mr. Allen has not shown clearly established law under any of these methods. Mr. Allen has not pointed to a sufficiently similar case that would make it "obvious" to officers that requiring Mr. Allen to board the bus in the way he was required to board the bus violated federal law. Mr. Allen cites *Estelle v. Gamble*, 429 U.S. 97 (1976), but there are material dissimilarities between *Gamble* and this

case. *See Stalley*, 124 F.4th at 1286. *Gamble* had nothing to do with the risk boarding a bus poses for a restrained prisoner with a lifting restriction.

In *Gamble*, the plaintiff was a prisoner who injured his back while performing prison work. He saw a physician who prescribed medication and ordered he be moved from an upper to lower bunk. The prison officials did not comply with the directive for a lower bunk. *Id.* at 99. The plaintiff sued prison officials including the medical providers for a violation of the Eighth Amendment. *Id.* at 101–02. The Supreme Court held that prisons are obligated to provide medical care for those they are incarcerating. *Id.* at 103. Thus, deliberate indifference to serious medical needs violates the Eighth Amendment. Deliberate indifference can occur by a prison doctor's response to a prisoner's medical needs, prison guards intentionally denying or delaying access to care, or intentionally interfering with the treatment once prescribed. *Id.* at 104–05. But an accident alone or negligence are not wanton infliction of unnecessary pain. *Id.* at 105. Applying that standard in *Gamble*, the Court held the plaintiff's claims against the physician failed because the plaintiff was provided treatment. The Court did not address the claims against the other prison officials.

*Gamble* is not sufficiently similar. The ultimate holding was not in favor of the plaintiff. And more importantly, it did not address the prison officials' actions at all. On remand, the prison officials prevailed. *Gamble v. Estelle*, 554 F.2d 653

(5th Cir. 1977). Mr. Allen has not cited any other case he says is materially similar.

But Mr. Allen does rely on the broad statements of law from *Gamble* that officers are deliberately indifferent by "intentionally interfering with treatment" prescribed by a physician. But viewing the facts from trial in the light most favorable to Mr. Allen, that is not what happened here. *See Stalley*, 124 F.4th at 1286. From his testimony, it was not clear Mr. Allen told the defendants what his medical pass said—just that he had medical passes. To be sure, the medical passes were admitted into evidence. But the defendants could not knowingly or intentionally interfere with medical treatment if they did know what the restriction was. And Mr. Allen admitted that he was able to work in food service lifting heavy items. There was no testimony about how heavy the legal materials were. The defendants did not intentionally interfere with treatment. Indeed, Mr. Allen said multiple times the defendants' actions were *not* intentional.

The defendants are entitled to qualified immunity.

V

Mr. Allen failed to introduce sufficient evidence for a jury to find Mr. Wilkerson and Mr. Askew were deliberately indifferent to Mr. Allen's serious medical needs. They are entitled to judgment as a matter of law. All claims against all other defendants were dismissed by prior orders or abandoned when omitted from amended complaints, but Federal Rule of Civil Procedure 54(b) judgments

were not entered. This order now directs the entry of a Federal Rule of Civil Procedure 58 judgment on all claims among all parties.

IT IS ORDERED:

1. The clerk must enter judgment stating, "This case came on for trial against the defendants Roland Wilkerson and Tyrone Askew, whose motion for judgment as a matter of law was granted at the close of the plaintiff's case. The claims against all other defendants were dismissed on prior motions or abandoned when not included in a later amended complaint. Judgment is entered dismissing with prejudice the plaintiff's claims against the defendants Wilkerson, Askew, Williams, and the Secretary of the Department of Corrections. The Eighth Amendment claims against Centurion Medical Provider is dismissed with prejudice, but the other claims against that defendant are dismissed without prejudice. The claims against all other defendants are dismissed without prejudice.

2. The clerk must close the file.

SO ORDERED on August 25, 2025.

s/Robert L. Hinkle
United States District Judge